IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| M.A., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 2:19-cv-849 |
| v. | : | |
| | : | Judge Algenon L. Marbley |
| WYNDHAM HOTELS AND RESORTS, INC., et al., | : | |
| | : | Chief Magistrate Judge |
| | : | Elizabeth Preston Deavers |
| Defendants. | : | |
| | : | |

**DEFENDANT WYNDHAM HOTELS & RESORTS, INC.'S
MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Wyndham Hotels & Resorts, Inc., incorrectly named as Wyndham Hotels and Resorts, Inc., moves the Court for an Order dismissing the claim asserted against it in this action because Plaintiff has failed to state a claim upon which relief can be granted.  A Memorandum in support is attached.

Dated:  May 20, 2019

Respectfully submitted,

*/s/  Michael R. Reed*
Michael R. Reed (0063995)
Trial Attorney
Elisé K Yarnell (0093996)
Hahn Loeser & Parks, LLP
65 East State Street, Suite 1400
Columbus, Ohio 43215
Telephone: (614) 233-5165
Facsimile: (614) 221-5909
mreed@hahnlaw.com
eyarnell@hahnlaw.com

1

David S. Sager (*pro hac vice*)
DLA Piper LLP (US)
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
T:  973.520.2550
F:  973.520.2551
david.sager@dlapiper.com

*Attorneys for Defendant*
*Wyndham Hotels & Resorts, Inc.*

10980712.1

**MEMORANDUM IN SUPPORT**

I.     **INTRODUCTION**

Citing the United States Court of Appeals for the Sixth Circuit, a district court recently confirmed that liability under the Trafficking Victims Protection Reauthorization Act ("TVPRA") requires more than an association with an entity alleged to have been involved in trafficking.

> Because guilt, or in this case liability, cannot be established by association alone, Plaintiff must allege specific conduct that furthered the sex trafficking venture. Such conduct must have been undertaken with the knowledge, or in reckless disregard of the fact, that it was furthering the alleged sex trafficking venture. In other words, some participation in the sex trafficking act itself must be shown.

*Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018) (citing *United States v. Afyare*, 632 F. App'x 272, 285 (6th Cir. 2016)).  As the Sixth Circuit made clear in *Afyare*, a lawful relationship unrelated to sex trafficking (*e.g.*, a franchisor-franchisee relationship) cannot give rise to "venture" liability against a party that has not actually participated in the sex trafficking itself.  *See Afyare*, 632 Fed. App'x at 286.

Plaintiff has not met and cannot meet this pleading standard as to Defendant Wyndham Hotels & Resorts, Inc. ("WHRI"), the ultimate parent company to the franchisor of three Days Inn® guest lodging facilities located in Columbus, Ohio and the surrounding area.  Neither WHRI nor the franchisor owns, operates, manages, or is present at the facilities in question.  Rather, those facilities are independently owned and operated by Defendants S&S Airport Motel, LLC ("S&S"), First Hotel Management, LLC ("FHM"), and KRRISH Lodging, LLC ("KRRISH").  S&S independently owns and operates the facility located at 750 Stelzer Road, Columbus, Ohio 43219, FHM independently owns and operates the facility located at 2100 Brice Road, Reynoldsburg, Ohio 43069, and KRRISH independently owns and operates the facility located at 1849 Stringtown Road, Grove City, Ohio 43123.  Plaintiff does not allege any "venture" between these Days Inns®

1

guest lodging facilities beyond a common franchisor, let alone a "venture" with the other brands or facilities at issue.

While WHRI condemns all forms of human trafficking and sexual exploitation, Plaintiff does not allege WHRI's participation in the alleged trafficking described in her Complaint, or any conduct towards, interaction with, or even knowledge of Plaintiff or her alleged trafficker. Plaintiff does not (and cannot in good faith) allege that WHRI knowingly benefited from or participated in Plaintiff's sex trafficking, and Plaintiff's sole claim under the TVPRA must fail.

## II. STATEMENT OF THE ALLEGATIONS AGAINST WHRI

Plaintiff's Complaint focuses on human trafficking and the hospitality industry, generally, and includes just a few, conclusory allegations relating to the S&S, FHM, and KRRSH guest lodging facilities. For example, Plaintiff alleges that, between 2014 and 2015, her trafficker would rent rooms with cash at those and other Columbus-area hotels, that unidentified staff "would have or should have" observed indicia of trafficking, and that franchisors are generally aware that human trafficking occurs at hotels. *See* Dkt. 1, ¶¶ 2-3, 52, 54, 61-62. The Complaint then attempts to characterize WHRI and S&S, FHM, and KRRSH as "alter egos," "single and joint employers," and agents (Dkt. 1, ¶¶ 66-71) based solely on allegations that revert back to the franchise relationship between WHRI's affiliate and S&S, FHM, and KRRSH. The Complaint, however, does not include any allegations relating to Plaintiff or her trafficking specifically directed to WHRI. Indeed, while the Complaint describes disturbing conduct, it does not allege WHRI's knowing participation in Plaintiff's alleged trafficking.

## III. STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), courts require a plaintiff to allege facts that "state a claim for relief that is plausible on its face" and, if accepted as true, are sufficient

to "raise a right to relief above the speculative level." *Crawford v. Columbus State Cmty. Coll.*, 196 F. Supp. 3d 766, 772 (S.D. Ohio 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A complaint cannot survive a motion to dismiss unless it contains "direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). Mere legal conclusions, unsupported by factual allegations, are insufficient. *Hogan v. Cleveland Ave Rest. Inc.*, No. 2:15-CV-2883, 2018 WL 1475398, at *2 (S.D. Ohio Mar. 26, 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Rather, "[l]egal conclusions 'must be supported by well-pleaded factual allegations . . . [that] plausibly give rise to an entitlement of relief.'" *Thomas v. Progressive Cas. Ins. Co.*, No. 3:15-CV-456, 2016 WL 3766406, at *2 (S.D. Ohio July 11, 2016) (quoting *Ashcroft*, 556 U.S. at 679). Allegations made against groups of defendants are insufficient to withstand a challenge under Rule 12(b)(6) because such allegations deprive each individual defendant of fair notice of what it is alleged to have done. *See, e.g.*, *Gamrat v. Allard*, 320 F. Supp. 3d 927, 942 (W.D. Mich. 2018); *Mhoon v. Metro. Gov't of Nashville & Davidson County, Tennessee*, No. 3:16-CV-01751, 2016 WL 6250379, at *3 (M.D. Tenn. Oct. 26, 2016).

## IV.    ARGUMENT

The Complaint fails to state a claim under the TVPRA. Plaintiff alleges that WHRI violated 18 U.S.C. § 1591(a)(2) of the TVPRA, thereby giving rise to civil liability under 18 U.S.C. § 1595, based on Plaintiff's conclusory allegation that it "knowingly benefited from participating in a venture which [Defendants] knew was engaged in illegal sex trafficking in violation of the TVPRA, 18 U.S.C. § 1591(a)(2)." Dkt. 1, ¶ 107. Plaintiff's allegation is insufficient. To state a claim under Section 1591(a)(2), a plaintiff "must plead facts suggesting that [the defendant] (i)

knowingly [benefited], (ii) from participation in a commercial sex trafficking venture, (iii) while knowing (or in reckless disregard of the fact) that means of force, fraud or coercion would be used to cause the trafficked person to engage in a commercial sex act." *Noble*, 335 F. Supp. 3d at 523-24 (internal quotations and citations omitted).

The Complaint does not include any specific allegations that tie WHRI to Plaintiff's alleged trafficking and instead it relies on generalized allegations against all of the Defendants. Nor does the Complaint allege facts sufficient to plausibly satisfy any of the elements to Plaintiff's TVPRA claim against WHRI.

### A. The Complaint Is Impermissibly Based On Group Pleading.

A complaint that fails to attribute specific factual allegations to a specific defendant fails to state a claim under Rule 12(b)(6). *See, e.g.*, *Gamrat*, 320 F. Supp. 3d at 942; *Mhoon*, 2016 WL 6250379, at *3; *Zola H. v. Snyder*, No. 12-14073, 2013 WL 4718343, at *7 (E.D. Mich. Sept. 3, 2013) (stating that "when [the complaint] fails to impute concrete acts to specific litigants, [it] fails to state a plausible claim."); *United States ex rel. Takemoto v. Nationwide Mut. Ins. Co.*, 674 Fed. App'x 92, 94 (2d Cir. 2017); *Safari Childcare Inc. v. Penny*, No. 17 C 8547, 2018 WL 4144637, at *3 (N.D. Ill. Aug. 30, 2018); *Harrison v. Wexford Health Sources Inc.*, No. 1:17-CV-01383-JBM, 2018 WL 659862, at *2 (C.D. Ill. Feb. 1, 2018); *Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-CV-3435, 2015 WL 3833447, at *6 (S.D. Tex. June 22, 2015) (noting that the complaint's failure to distinguish between defendants was fatal); *Ingris v. Borough of Caldwell*, CIV.A. 14-855 ES, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015).

Plaintiff's Complaint includes many generalities, but few if any pertinent and specific allegations against WHRI. The omission is unsurprising. WHRI, the ultimate corporate parent to the franchisor of the Days Inn® brand, does not and is not alleged to own, operate, manage, or

4

maintain any presence at the S&S, FHM, or KRRSH guest lodging facilities, or any other Days Inn® guest lodging facility.  Though the Complaint includes general allegations as to the "Defendants" collectively—*e.g.*, "Defendant Hotels failed to recognize or report Plaintiff M.A.'s trafficking . . . . Defendants failed to prevent . . . . " (Dkt. 1, ¶ 53); "The Defendants knowingly benefited . . . . Defendants knew that their repeated failures . . . ." Dkt. 1, ¶ 107)—such "group pleadings" are improper.  The Complaint does not include specific factual allegations sufficient to plausibly suggest that WHRI actually violated the TVPRA.

> **B.      The Complaint Does Not Allege That WHRI "Knowingly Benefited" From Participation In A "Venture" Or Knew Of The Trafficker's Use Of Force or Threats.**

The Complaint fails to meet any of the requirements of a claim under TVPRA Section 1591(a)(2) as to WHRI.  First, a TVPRA claim must allege that WHRI "knowingly benefited" from Plaintiff's trafficking. *See Noble*, 335 F. Supp. 3d at 523-24; 18 U.S.C. § 1591(a)(2); 18 U.S.C. § 1595(a).  Such "benefits" are discussed in only a few paragraphs in the Complaint (*see* Dkt. 1, ¶¶ 6, 10-18, 53, 107-108), and each only contains allegations that are conclusory, boilerplate recitations of the TVPRA.  Paragraph 108 of the Complaint is representative.  It states that "Defendants knowingly benefited financially from the presence of traffickers at their hotel properties by consistently renting rooms where a trafficker repeatedly sold the Plaintiff for sex . . . ."  In addition to improperly relying on "group pleading," a franchisee's renting of rooms under a preexisting franchise agreement does not support a reasonable inference that WHRI knowingly benefited from the Plaintiff's trafficking. *See, e.g.*, *Canosa v. Ziff*, 18 CIV. 4115 (PAE), 2019 WL 498865, at *24 (S.D.N.Y. Jan. 28, 2019) (noting that a defendant cannot be held liable under the TVPRA where the defendant is "ignorant" of the alleged trafficking at issue).  Plaintiff has not plausibly alleged that WHRI "knowingly benefited" for purposes of the TVPRA.

5

10980712.1

Second, the Complaint altogether fails to allege that WHRI participated in a "venture." Accepting Plaintiff's premise that prostitution and sex trafficking occur at hotels, it simply does not follow that any entity affiliated with a hotel—let alone the corporate affiliate of a franchisor—must be liable for resulting harm. The Sixth Circuit addressed this issue in *Afyare* and foreclosed Plaintiff's theory that a mere franchise relationship is a "venture" under the TVPRA. In *Afyare*, the prosecution argued that "a 'venture' is *any* two or more people associating *for any reason*, even legal or innocuous reasons and, importantly, for reasons wholly unrelated to sex trafficking." 632 Fed. App'x at 279 (emphasis in original). The Sixth Circuit rejected that reading of the statute, finding instead that the term "venture," as used in the TVPRA, means a "sex-trafficking venture" and exists only where "[t]wo or more people [] engage in sex trafficking together." *Id.* at 286. People who associate for purposes other than trafficking, even if some subset of those people may separately commit sex trafficking crimes, cannot constitute a "venture" under the statute. *Id.* at 286; *cf. United States v. Coppin*, 1 Fed. App'x 283, 288 (6th Cir. 2001) (explaining that "mere association with conspirators is not enough to establish participation in a conspiracy"). The reasoning in *Afyare* applies with equal force to civil claims brought under the TVPRA for sex trafficking. *See, e.g.*, *Noble*, 335 F. Supp. 3d at 523 (applying *Afyare*'s holding to civil claims brought under the TVPRA); *Geiss v. Weinstein Co. Holdings LLC*, No. 17 CIV. 9554 (AKH), 2019 WL 1746009, at *7 (S.D.N.Y. Apr. 18, 2019) ("The participation giving rise to the benefit must be participation *in a sex-trafficking venture*, not participation in other activities . . . ." (emphasis in original)).

Moreover, "participation" in a "venture" requires the commission of some affirmative, overt act in furtherance of the venture; nonfeasance or the failure to act is simply insufficient. *See, e.g.*, *Afyare*, 632 Fed. App'x at 286 (agreeing with district court that "participating in a venture"

6

10980712.1

requires "some overt act," and that "mere negative acquiescence" is not enough); *Ratha v. Phatthana Seafood Co., Ltd.*, No. CV 16-4271-JFW (ASX), 2017 WL 8293174, at *4 (C.D. Cal. Dec. 21, 2017); *cf. United States v. Longoria*, 569 F.2d 422, 425 (5th Cir. 1978) ("To prove participation, there must be evidence to establish that the defendant engaged in some affirmative conduct; that is, there must be evidence that the defendant committed an overt act designed to aid in the success of the venture. Proof of mere negative acquiescence will not suffice."). Construing the TVPRA otherwise "would create a vehicle to ensnare conduct that the statute never contemplated." *Afyare*, 632 Fed. App'x at 286.

The Complaint does not allege that WHRI participated in a "sex-trafficking venture," and the perceived shortcomings of the hospitality industry generally cannot amount to "participation" in a "sex-trafficking venture." *See, e.g.*, *Afyare*, 632 Fed. App'x at 286. Similarly, nothing in the Complaint suggests that the franchise relationships between WHRI's corporate affiliate and S&S, FHM, and KRRSH were entered into for unlawful purposes. *Compare Ricchio v. McLean*, 843 F.3d 553, 555-56 (1st Cir. 2017) (Souter, J.) (finding that plaintiff adequately alleged the existence of a venture between a trafficker and a hotel owner—*i.e.*, not a franchisor—because, as alleged, the owner not only witnessed the trafficker assault the plaintiff when she tried to escape from him, but also exchanged "high-fives" with the trafficker in the hotel parking lot, giving rise to a reasonable inference that the hotel owner actually assented to the trafficking at the hotel).

Third, a claim under Section 1591(a)(2) of the TVPRA requires the allegation of facts sufficient to plausibly suggest that a defendant knew or recklessly disregarded the trafficker's use of force, threats of force, fraud, or coercion to cause the plaintiff to engage in commercial sex acts. *See Noble*, 335 F. Supp. 3d at 523-24; 18 U.S.C. § 1591(a)(2). In this context, reckless disregard means "to be aware of but consciously ignore facts and circumstances" indicating that the plaintiff

7

was engaging in commercial sex acts against her will.  *See, e.g.*, *United States v. Davis*, No. 2:14-CR-20310, 2016 WL 10679065, at *8 (W.D. Tenn. Dec. 5, 2016), *aff'd*, 711 Fed. App'x 254 (6th Cir. 2017); *accord United States v. Wilson*, No. 10-60102-CR-ZLOCH, 2010 WL 2991561, at *6 (S.D. Fla. July 27, 2010), *report and recommendation adopted*, No. 10-60102-CR, 2010 WL 3239211 (S.D. Fla. Aug. 16, 2010).  Absent plausible factual allegations that the defendant was actually aware of, and in fact ignored, facts indicating that the plaintiff was engaging in commercial sex acts against her will, a TVPRA claim cannot survive.  *See, e.g.*, *Florida Abolitionist v. Backpage.com LLC*, No. 617CV218ORL28TBS, 2018 WL 1587477, at *5 (M.D. Fla. Mar. 31, 2018) (dismissing TVPRA claim where complaint did "not include a plausible allegation that Defendants saw the ad concerning Plaintiff Doe and knew it related to illegal sex trafficking").

The Complaint, however, does not allege that WHRI interacted with Plaintiff or her trafficker, that WHRI knew of or about either the Plaintiff or her trafficker, or that WHRI knew, should have known, or even realistically could have known that Plaintiff was being trafficked against her will for commercial sex acts.[1]

## V.  CONCLUSION

The Complaint fails to state a claim under the TVPRA, and it does not offer any reasoned basis to suggest that Plaintiff can plead any set of facts that would give rise to liability under the

---

[1] The Complaint alleges that the staffs at the S&S, FHM, and KRRSH guest lodging facilities "would have or should have" witnessed possible indicia of human trafficking and attempts to impute any such knowledge to WHRI. *See* Dkt. 1, ¶¶ 54, 66-71.  These allegations are legal conclusions couched as facts and should be disregarded. *See, e.g.*, *Iqbal*, 556 U.S. at 678.  More importantly, nothing in the TVPRA permits such imputation.  As the Sixth Circuit made clear in *Afyare*, a lawful relationship unrelated to sex trafficking (*e.g.*, a franchisor-franchisee relationship) cannot give rise to "venture" liability against a party that has not actually participated in the sex trafficking itself. *See Afyare*, 632 Fed. App'x at 286 (stating that "we would require the prosecution to prove that the defendant actually participated in a sex trafficking venture.").

10980712.1

TVPRA against WHRI.  Accordingly, the Complaint should be dismissed.


Dated:  May 20, 2019                                  Respectfully submitted,


                                                              */s/  Michael R. Reed*
                                                             Michael R. Reed (0063995)
Trial Attorney
Elisé K Yarnell (0093996)
Hahn Loeser & Parks LLP
65 East State Street, Suite 1400
Columbus, Ohio 43215
(614) 233-5165
mreed@hahnlaw.com
eyarnell@hahnlaw.com

David S. Sager (*pro hac vice*)
DLA Piper LLP (US)
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
973.520.2550
david.sager@dlapiper.com

*Attorneys for Defendant*
*Wyndham Hotels & Resorts, Inc.*

9

10980712.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2019, a copy of the foregoing document was served on all counsel of record via the Court's electronic filing system.

/s/  Michael R. Reed
*Counsel for Defendant*
*Wyndham Hotels & Resorts, Inc.*

10980712.1