**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **M.A, an individual,** | : | **CASE NO.:  2:19-cv-00849** |
| | : | |
| **Plaintiff,** | : | **JUDGE MARBLEY** |
| | : | |
| v. | : | |
| | : | |
| **WYNDHAM HOTELS AND** | : | |
| **RESORTS, INC., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY'S**
**MOTION FOR LEAVE TO INTERVENE**

Now comes proposed Plaintiff-Intervenor American Family Mutual Insurance Company and moves this Court for an Order, under Fed. R. Civ. P. 24(a) and (b), granting it leave to intervene in this case.

A Brief in support of this motion and Movant's proposed pleading are attached hereto in accordance with Fed. R. Civ. P. 24(c).

Respectfully submitted,

**CURRY, ROBY & MULVEY CO., LLC**

*/s/ Bruce A. Curry*
Bruce A. Curry (0052401)
Trent M. Thacker (0092058)
30 Northwoods Blvd., Ste. 300
Columbus, Ohio 43235
(614) 430-8885 x103
(614) 430-8890 (fax)
bcurry@crmlaws.com
tthacker@crmlaws.com

*Trial Attorneys for Intervening Plaintiff*
*American Family Mutual Insurance Company*

1

## **BRIEF IN SUPPORT**

This case involves the alleged human trafficking of Plaintiff M.A. over the course of spring 2014 to August 2015 at the named Defendants' properties. Plaintiff M.A. alleges that the Defendants benefited financially from renting hotel rooms to her sex trafficker, while ignoring obvious signs of trafficking and Plaintiff's cries for help. American Family Mutual Insurance Company ("American Family") is the purported liability insurer of Defendants Krrish Lodging, LLC and Wyndham Hotels and Resorts, Inc. Those Defendants have requested defense and indemnity from American Family. At this time, American Family is defending them in this case. However, American Family's defense is under a reservation of rights because its policies do not cover all or some of the allegations in Plaintiff's Complaint. Importantly, American Family did not become aware of the claims being made by Plaintiff M.A. until she filed her Complaint and has not had an adequate time to determine the nature and extent of any available coverage or exclusions to coverage. Possible exclusions include intentional acts allegedly committed by the Defendants, but are more specifically enumerated in the proposed Intervening Complaint and attached insurance policies to that pleading.

Therefore, American Family seeks leave to intervene in this case in order for the Court to declare the rights and obligations of the parties as it relates to American Family's obligation to defend and indemnify Defendants Krrish Lodging, LLC and Wyndham Hotels and Resorts, Inc. arising from Plaintiff's alleged claims.

## **I.   INTERVENTION AS OF RIGHT**

Pursuant to Fed. R. Civ. P. 24(a), American Family should be permitted to intervene in this action as a matter of right in order to protect its interest. That rule provides, in pertinent part:

> On timely motion, the court must permit anyone to intervene who:

> . . .
>
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). Thus, in order to intervene as a matter of right, American Family need only establish four things: (1) timeliness of the application to intervene; (2) a substantial legal interest in the case; (3) disposition of the action without American Family may impair or impede its ability to protect that interest; and (4) existing parties may not adequately represent the interests of American Family. *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005).

The Sixth Circuit has held that "Rule 24 should be 'broadly construed in favor of potential intervenors.'" *Stupak-Thrall v. Glickman,* 226 F.3d 467, 472 (6th Cir. 2000) (quoting *Purnell v. Akron*, 925 F.2d 941 (6th Cir. 1991)). When intervention of right is sought, "the analysis does not begin with the question of 'why grant the motion,' but, rather, 'why not grant the motion.'" *HER, Inc. v. Parenteau*, 795 N.E. 2d 720, 725 (Ohio Ct. App. 2003).

Each of the four necessary elements exists in this case for intervention as of right. First, American Family's motion is timely. Plaintiff has only recently filed her Complaint against Defendants Krrish Lodging, LLC and Wyndham Hotels and Resorts, Inc. This case is in its infancy and there can be no argument that the first element has not been met.

Second, American Family has a substantial, direct interest in the subject of this action because of its status as Defendants Krrish Lodging, LLC and Wyndham Hotels and Resorts, Inc.'s purported liability insurer. The Sixth Circuit has expansively interpreted "the interest sufficient to invoke intervention of right." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (citing *Purnell*, 925 F.2d 941; *Bradley v. Milliken*, 828 F.2d 1186 (6th Cir. 1987)). The right

3

under Fed. R. Civ. P. 24(a)(2) need not be a "specific legal or equitable interest." *Purnell*, 925 F.2d at 948. If the decision as to whether an interest is sufficiently substantial and direct is close, the court should err on the side of recognizing an interest. *Morocco v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. Civ.A. 2:03-cv-523, 2003 WL 22327825, at *3 (S.D. Ohio Oct. 9, 2003) (King, Mag. J.) (citing *Grutter v. Bollinger*, 188 F.3d 394 (6th Cir. 1999)).

Here, Defendants Krrish Lodging, LLC and Wyndham Hotels and Resorts, Inc. seek coverage, including both defense and indemnity, from American Family for Plaintiff's claims. Given that American Family lacked notice prior to the filing of Plaintiff's Complaint, American Family does not know whether any of the claims will be afforded any coverage, such as claims resembling some form of negligence. American Family has a very direct, substantial monetary interest in the outcome of this case because Defendants Krrish Lodging, LLC and Wyndham Hotels and Resorts, Inc. seek indemnity for Plaintiff's claims. While American Family is affording a defense under a complete reservation of rights, coverage may exist for some of the claims being made—which is a direct, substantial interest.

Third, if this action proceeds in American Family's absence, American Family will be unable to protect its interests. This element is less strict, as a proposed intervenor must only show that impairment is possible should intervention be denied. *Grutter*, 188 F.3d at 399. For example, under Ohio law, collateral estoppel may apply to an insurer who denies defense and/or indemnity to a potential insured and who chooses not to intervene. *Mesa Underwriters Specialty Ins. Co. v. Secret's Gentleman's Club*, 751 F. App'x 715, 729–30 (6th Cir. 2018). Moreover, this Court has allowed a claimant to intervene in a declaratory-judgment action filed by an insurer against its insured—finding the claimant had a sufficient interest in the case—which is simply the inverse of this case. *Am. Cas. Co. of Reading, PA v. Continental Props., Inc.*, No. 2:11-cv-01049, 2012 WL

13024708, at *4 (S.D. Ohio July 10, 2012). Here, Plaintiff's allegations raise issues as to the nature of the conduct of Defendants Krrish Lodging, LLC and Wyndham Hotels and Resorts, Inc. Plaintiff alleges both negligent and intentional conduct (or, potentially, somewhere in between). American Family's policy excludes coverage for intentional conduct. Plaintiff's allegations of intentional conduct raise coverage issues for which American Family seeks a declaratory judgment. Other coverage issues may require that American Family submit Jury Interrogatories, which once again requires that it be a party. Should American Family not intervene, collateral estoppel may apply and inhibit its ability to determine whether the alleged conduct of Defendants Krrish Lodging, LLC and Wyndham Hotels and Resorts, Inc. falls within the scope of any insurance coverage or exclusion to coverage. Without intervening, American Family's interests are impaired.

Fourth, neither Plaintiff nor Defendants Krrish Lodging, LLC and Wyndham Hotels and Resorts, Inc. will protect American Family's interest. In this regard, a showing that the existing parties will not adequately represent the intervenor's interest is not required. Instead, the test is only that the existing representation *may* be inadequate. *Linton v. Comm'r of Health & Environment*, 973 F.2d 1311, 1319 (6th Cir. 1992); *United States v. Michigan*, 424 F.3d at 443 (noting there must only be a "potential" for inadequate representation). Plaintiff's primary interest is in recovering from the Defendants under any theory that allows it to do so, regardless of whether it falls within any insurance coverage. Defendants Krrish Lodging, LLC and Wyndham Hotels and Resorts, Inc.'s principal interest is to avoid any liability. However, if there is liability, then Defendants Krrish Lodging, LLC and Wyndham Hotels and Resorts, Inc. presumably want such liability to be covered by insurance. Certainly, however, neither Plaintiff nor Defendants Krrish Lodging, LLC and Wyndham Hotels and Resorts, Inc. have any interest in obtaining a finding of

noncoverage for Plaintiff's claims. As a result, there is, at a minimum, the potential for inadequate representation by the existing parties.

Accordingly, the Court should allow American Family to intervene as of right in this case as an Intervening Plaintiff.

## II. PERMISSIVE INTERVENTION

In the alternative, American Family should be permitted to intervene under Fed. R. Civ. P. 24(b). Permissive intervention is appropriate as follows:

> (1) *In General.* On timely motion, the court may permit anyone to intervene who:
>
> . . .
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> . . .
>
> (3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b). As a result, the intervenor must timely bring its motion and allege a common question of law or fact. *Miller*, 103 F.3d at 1248. If those two requirements are met, then the court must balance any undue delay or prejudice to the original parties with any other relevant factors. *Id.* Permissive intervention is to be granted liberally, which promotes resolution of claims in one litigation in a convenient and prompt manner. *Morocco*, 2003 WL 22327825, at *3 (citing *Morelli v. Morelli*, No. 2:00-cv-988, 2001 WL 99859 (S.D. Ohio Feb. 1, 2001) (King, Mag. J.)).

In this case, as indicated previously, there is no issue as to timeliness: this case has just begun and American Family has promptly moved to intervene. As shown in the proposed Intervening Complaint, common questions of law and fact exist. Importantly, whether the claims being made by Plaintiff against Defendants Krrish Lodging, LLC and Wyndham Hotels and

Resorts, Inc. fall within coverage or an exclusion to coverage will necessarily require the same set of facts as the underlying action. That is, both the underlying action and the proposed declaratory-judgment action will require a determination as to the extent of the intentional nature of any purported actions by Defendants Krrish Lodging, LLC and Wyndham Hotels and Resorts, Inc., among other common facts and law.

While there is no anticipated undue delay or prejudice to the original parties, American Family posits that additional, relevant factors exist. These considerations include judicial economy and lack of overlapping discovery for the original parties. Should American Family not be permitted to intervene, it will be forced to file a separate declaratory-judgment action, which will dispose of additional judicial resources of this court or similarly situated court. Furthermore, much of the same discovery will be required in a separate action, including written discovery and depositions of many of the same persons as in this lawsuit. Both of those factors additionally weigh in favor of permissive intervention.

Thus, even if the Court does not find American Family can intervene as of right, American Family alternatively requests permission to intervene as an Intervening Plaintiff.

Respectfully submitted,

**CURRY, ROBY & MULVEY CO., LLC**

*/s/ Bruce A. Curry*
Bruce A. Curry (0052401)
Trent M. Thacker (0092058)
30 Northwoods Blvd., Ste. 300
Columbus, Ohio 43235
(614) 430-8885 x103
(614) 430-8890 (fax)
bcurry@crmlaws.com
tthacker@crmlaws.com

*Trial Attorneys for Intervening Plaintiff*
*American Family Mutual Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on the 5th day of June, 2019, and that copies were served on all parties and/or counsel of record via email on the same day.

| | |
|---|---|
| **Steven Charles Babin , Jr.**<br>1320 Dublin Road, #100<br>Columbus, OH 43215<br>steven.babin@babinlaws.com<br>*Attorney for Plaintiff* | **Anil A. Mujumdar**<br>2332 2nd Avenue North<br>Birmingham, AL 35203<br>anil@zarzaur.com<br>*Attorney for Plaintiff* |
| **Gregory M. Zarzaur**<br>2332 2nd Avenue North<br>Birmingham, AL 35203<br>gregory@zarzaur.com<br>*Attorney for Plaintiff* | **Kimberly Lambert Adams**<br>316 S Baylen Street, Suite 600<br>PO Box 12308<br>Pensacola, FL 32502<br>kadams@levinlaw.com<br>*Attorney for Plaintiff* |
| **Michael R. Reed**<br>65 E. State Street, Suite 1400<br>Columbus, OH 43215<br>mreed@hahnlaw.com<br>*Attorney for Defendant,*<br>*Wyndham Hotels & Resorts, Inc.* | **David S. Sager**<br>51 John F. Kennedy Pkwy, Suite 120<br>Short Hills, NJ 07078<br>david.sager@dlapiper.com<br>*Attorney for Defendant,*<br>*Wyndham Hotels & Resorts, Inc.* |
| **Judd R. Uhl**<br>909 Wright's Summit Parkway, Suite 230<br>Ft. Wright, KY 41011<br>judd.uhl@lewisbrisbois.com<br>*Attorney for Defendant,*<br>*Inter-Continental Hotels Corp.* | **Alyson A. Terrell**<br>65 E. State Street, Suite 1100<br>Columbus, OH 43215<br>aterrell@ulmer.com<br>*Attorney for Defendant,*<br>*Choice Hotels International, Inc.* |
| **Jennifer Snyder Heis**<br>600 Vine Street, Suite 2800<br>Cincinnati, OH 45202<br>jheis@ulmer.com<br>*Attorney for Defendant,*<br>*Choice Hotels International, Inc.* | **Sara M. Turner**<br>Wells Fargo Tower<br>420 20th Street North, Suite 1400<br>Birmingham, AL 35203<br>smturner@bakerdonelson.com<br>*Attorney for Defendant,*<br>*Choice Hotels International, Inc.* |

| | |
|---|---|
| **Douglas Paul Holthus**<br>**Chenee M. Castruita**<br>175 S. Third St., Suite 1000<br>Columbus, OH 43215<br>dholthus@mrrlaw.com<br>cmcastruita@gmail.com<br>*Attorneys for Defendant,*<br>*S&S Airport Motel, LLC* | **Joseph L. Piccin**<br>3010 Hayden Road<br>Columbus, OH 43235<br>JLP@joepiccin.com<br>*Attorney for Defendant,*<br>*First Hotel Management, LLC* |
| **Mathew A. Parker**<br>**Samuel Neal Lillard**<br>250 West Street, Suite 400<br>Columbus, OH 43215<br>mparker@fisherphillips.com<br>slillard@fisherphillips.com<br>*Attorneys for Defendant*<br>*Krrish Lodging, LLC* | **Jessica A. Barwell**<br>**Gregory Paul Barwell**<br>**Jud R Mauger**<br>100 East Broad Street, Suite 2350<br>Columbus, OH 43215<br>jbarwell@columbushospitality.com<br>gbarwell@wesplaw.com<br>jmauger@wesplaw.com<br>*Attorneys for Defendant,*<br>*Columbus Hospitality, LLC* |
| **Quintin Franc Lindsmith**<br>100 South Third Street<br>Columbus, OH 43215<br>Email: qlindsmith@bricker.com<br>*Attorney for Defendant,*<br>*Columbus Hospitality, LLC* | **John Frederick Stock**<br>41 South High Street, 26th Floor<br>Columbus, OH 43215<br>jstock@beneschlaw.com<br>*Attorney for Defendant,*<br>*TJM Columbus, LLC* |
| **Joshua James Fravel**<br>522 N. State Street<br>Westerville, OH 43082<br>josh.f@griffithlaw.org<br>*Attorney for Defendant,*<br>*Buckeye Hospitality, Inc.* | |

                                            */s/ Bruce A. Curry*_____
                                             Bruce A. Curry (0052401)