## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| M.A., AN INDIVIDUAL, | CASE NO.: 2:19-cv-00849 |
| *Plaintiff*, | JUDGE: Algenon L. Marbley |
| v. | MAGISTRATE: Elizabeth Preston Deavers |
| WYNDHAM HOTELS AND RESORTS, INC., ET AL. | **MOTION TO INTERVENE** |
| *Defendants.* | |

Proposed Intervening Plaintiffs, Nationwide Property & Casualty Insurance Company ("Nationwide P&C") and Nationwide Mutual Fire Insurance Company ("Nationwide Fire"), collectively "Nationwide," move under Fed.R.Civ.P. 24, for leave of court to intervene in this matter for the purpose of asserting a claim for declaratory judgment against Plaintiff M.A., an individual, and Defendants Columbus Hospitality LLC, dba, "Crowne Plaza Columbus - Downtown, an IHG Hotel" ("Columbus") and Inter-Continental Hotels Corporation ("IHC").

The reasons in support of this motion are set forth in the attached memorandum. A copy of Nationwide's proposed intervening complaint is appended hereto as required by rule.

                                                            CAVITCH, FAMILO & DURKIN CO., L.P.A.

                                                            /s/ Gregory E. O'Brien
                                                            Gregory E. O'Brien (0037073)
                                                           Twentieth Floor
                                                           1300 East Ninth Street
                                                           Cleveland, Ohio  44114
                                                           Telephone    (216) 621-7860
                                                           Facsimile    (216) 621-3415
                                                           Email         gobrien@cavitch.com
                                                           *Attorney for Proposed Intervenor-Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **MOTION TO INTERVENE** was filed electronically on the 6th day of June 2019, and that copies were served via the Court's electronic filing system on all parties and/or counsel of record:

| | |
|---|---|
| **Steven Charles Babin, Jr.**<br>1320 Dublin Road, #100<br>Columbus, OH 43215<br>steven.babin@babinlaws.com<br>*Attorney for Plaintiff* | **Anil A. Mujumdar**<br>2332 2nd Avenue North<br>Birmingham, AL 35203<br>anil@zarzaur.com<br>*Attorney for Plaintiff* |
| **Gregory M. Zarzaur**<br>2332 2nd Avenue North<br>Birmingham, AL 35203<br>gregory@zarzaur.com<br>*Attorney for Plaintiff* | **Kimberly Lambert Adams**<br>316 S Baylen Street, Suite 600<br>PO Box 12308<br>Pensacola, FL 32502<br>kadams@levinlaw.com<br>*Attorney for Plaintiff* |
| **Bruce A. Curry**<br>**Trent M. Thacker**<br>30 Northwoods Boulevard, Suite 300<br>Columbus, OH 43235<br>bcurry@crmlaws.com<br>tthacker@crmlaws.com<br>*Attorneys for Intervening Plaintiff*<br>*American Family Mutual Insurance Company* | |
| **Michael R. Reed**<br>65 E. State Street, Suite 1400<br>Columbus, OH 43215<br>mreed@hahnlaw.com<br>*Attorney for Defendant,*<br>*Wyndham Hotels & Resorts, Inc.* | **David S. Sager**<br>51 John F. Kennedy Pkwy, Suite 120<br>Short Hills, NJ 07078<br>david.sager@dlapiper.com<br>*Attorney for Defendant,*<br>*Wyndham Hotels & Resorts, Inc.* |
| **Judd R. Uhl**<br>909 Wright's Summit Parkway, Suite 230<br>Ft. Wright, KY 41011<br>judd.uhl@lewisbrisbois.com<br>*Attorney for Defendant,*<br>*Inter-Continental Hotels Corp.* | **Allyson A. Terrell**<br>65 E. State Street, Suite 1100<br>Columbus, OH 43215<br>aterrell@ulmer.com<br>*Attorney for Defendant,*<br>*Choice Hotels International, Inc.* |

| | |
|---|---|
| **Jennifer Snyder Heis**<br>600 Vine Street, Suite 2800<br>Cincinnati, OH 45202<br>jheis@ulmer.com<br>*Attorney for Defendant,*<br>*Choice Hotels International, Inc.* | **Sara M. Turner**<br>Wells Fargo Tower<br>420 20th Street North, Suite 1400<br>Birmingham, AL 35203<br>smturner@bakerdonelson.com<br>*Attorney for Defendant,*<br>*Choice Hotels International, Inc.* |
| **Douglas Paul Holthus**<br>**Chenee M. Castruita**<br>175 S. Third St., Suite 1000<br>Columbus, OH 43215<br>dholthus@mrrlaw.com<br>cmcastruita@gmail.com<br>*Attorneys for Defendant,*<br>*S&S Airport Motel, LLC* | **Joseph L. Piccin**<br>3010 Hayden Road<br>Columbus, OH 43235<br>JLP@joepiccin.com<br>*Attorney for Defendant,*<br>*First Hotel Management, LLC* |
| **Steven D. Strang**<br>1501 Euclid Avenue, 6th Floor<br>Cleveland, OH 44115<br>sstrang@gallaghersharp.com<br>*Attorney for Defendant,*<br>*First Hotel Management, LLC* | |
| **Mathew A. Parker**<br>**Samuel Neal Lillard**<br>250 West Street, Suite 400<br>Columbus, OH 43215<br>mparker@fisherphillips.com<br>slillard@fisherphillips.com<br>*Attorneys for Defendant*<br>*Krrish Lodging, LLC* | **Jessica A. Barwell**<br>**Gregory Paul Barwell**<br>**Jud R Mauger**<br>100 East Broad Street, Suite 2350<br>Columbus, OH 43215<br>jbarwell@columbushospitality.com<br>gbarwell@wesplaw.com<br>jmauger@wesplaw.com<br>*Attorneys for Defendant,*<br>*Columbus Hospitality, LLC* |
| **Quintin Franc Lindsmith**<br>100 South Third Street<br>Columbus, OH 43215<br>qlindsmith@bricker.com<br>*Attorney for Defendant,*<br>*Columbus Hospitality, LLC* | **John Frederick Stock**<br>41 South High Street, 26th Floor<br>Columbus, OH 43215<br>jstock@beneschlaw.com<br>*Attorney for Defendant,*<br>*TJM Columbus, LLC* |

| | |
|---|---|
| **Joshua James Fravel**<br>522 N. State Street<br>Westerville, OH 43082<br>josh.f@griffithlaw.org<br>*Attorney for Defendant,*<br>*Buckeye Hospitality, Inc.* | |

/s/ Gregory E. O'Brien
Gregory E. O'Brien
*Attorney for Proposed Intervenor-Plaintiff*

**MEMORANDUM**

I. INTRODUCTION

Nationwide seeks to intervene in this lawsuit (the "Suit") for the purpose of seeking declaratory judgment on its purported duty to defend and indemnify Columbus and IHC under an insurance policy issued to Columbus (the "Policy") covering the Crowne Plaza Columbus - Downtown hotel (the "Property").

This Suit was filed by a presently unnamed individual who claims to have been the victim of human sex trafficking between spring 2014 and August 2015. Plaintiff has named as Defendants in the Suit three international hotel corporations as well as multiple entities that own and/or operate their franchised hotel brands in the Columbus, Ohio area. Plaintiff claims that Columbus and IHC were involved in trafficking activities allegedly carried out at the Property.

The Defendants first notified Nationwide of the facts underlying the Suit shortly after being served with the complaint. Nationwide is defending Columbus in the Suit under the Policy, subject to a reservation of rights. IHC claims either that it is an "additional insured" under the Policy, or that it is entitled to a defense and/or indemnity under the Policy pursuant to contracts between Columbus and entities related to IHC. In either event, IHC has tendered its defense to Nationwide, but Nationwide has rejected the tender.

II. STATEMENT OF FACTS

The Plaintiff claims to be a "survivor of sex trafficking" within the meaning of 18 U.S.C. § 1591, the Trafficking Victims Protection Act ("TVPA"), and that she is entitled to bring a civil action for damages under 18 U.S.C. § 1595 of the TVPA.

Plaintiff claims that the Defendants:

- Knowingly benefited from participating in a "venture which they knew was engaged in illegal sex trafficking in violation of the TVPA";

5

- Engaged in "acts and omissions that were intended to support, facilitate, harbor, and otherwise further the trafficker's sale and victimization of the Plaintiff for commercial sexual exploitation";

- Knew that their repeated failures to address the known risks of human trafficking on their properties would increase the overall volume of illegal commercial sexual exploitation and victimization at their hotels;

- Knowingly benefited from facilitating the trafficking of persons on the hotel properties;

- Knowingly benefited financially from the presence of traffickers at their hotel properties;

- Consistently rented rooms to traffickers who repeatedly sold the Plaintiff for sex at Defendants' hotel properties;

- Participated in the trafficking venture with "willful blindness" (collectively with other, similar allegations, the "Claims").

Plaintiff claims to have suffered substantial physical and psychological injuries and other damages as a result of the trafficking activities to which she claims to have been subjected. She seeks to recover unspecified compensatory and punitive damages as well as attorneys' fees, interest, and other relief.

Nationwide issued commercial general liability ("CGL") and commercial umbrella ("Umbrella") Policies to Columbus for successive one year policy terms covering the period of time during which Plaintiff claims she was subjected to the trafficking activities. Each CGL Policy provided commercial general liability coverage with an each occurrence limit of $1,000,000, subject to a general aggregate limit of $2,000,000, and each Umbrella Policy provided an additional $9,000,000 in coverage.

The coverage provided in both Policies is subject to a variety of terms, conditions, exclusions and definitions. For the reasons alleged in its proposed intervening complaint, those

6

terms, conditions, exclusions and definitions determine the extent to which coverage, if any, is owed under the Policy to Columbus (or IHC). To the extent that any issue of fact must be resolved before the parties' rights under the Policy can be determined, the same fact issues will likely be litigated in the Suit.

For the following reasons, Nationwide requests that the Court permit it to intervene in the Suit as for the purpose of bringing a complaint/cross-complaint for declaratory judgment against Plaintiff, Columbus and IHC and to obtain a declaration of their respective rights and/or to participate in discovery, motion practice and trial, including posing interrogatories to the jury.

### III. LAW AND ARGUMENT

#### A. Intervention of Right

Fed.R.Civ.P. 24(a) outlines the procedure for intervention as a matter of right and provides:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

To intervene of right under this rule, the moving party must show that (1) it timely sought intervention, (2) it has a substantial legal interest in the case, (3) its ability to protect its interests will be impaired without intervention, and (4) the existing parties do not adequately represent its interests. *Blount–Hill v. Zelman,* 636 F.3d 278, 283 (6th Cir.2011). Failure to satisfy any one of the elements will defeat intervention under the Rule. *Id.*

Here, Nationwide satisfies all four elements and should be permitted to intervene as a matter of right.

## Timeliness

Federal Courts consider five factors in determining whether a proposed intervenor has timely applied to intervene: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

Here, all of the timelines factors militate in favor of intervention:

(1) The suit before the Court here is still in the initial stages. It was filed in March 2019, less than 90 days ago. Most of the Defendants have not yet answered.

(2) Nationwide's purpose in seeking to intervene is to obtain a declaration of the parties' rights under the insurance policy and/or to participate in the development of the factual record.

(3) Nationwide received first notice of the underlying Suit on March 27, 2019----about two months ago. During that time the suit was assigned to an adjuster who did initial factual investigation/verification, and who then subsequently retained outside counsel to opine on whether the Policy covered the claim and the insurer's options for preserving its rights under the Policy.

(4) Nationwide is promptly seeking intervention. The original parties will not be prejudiced by Nationwide's intervention if the motion is granted.

(5) There are no unusual circumstances. The Suit presents a claim that appears to be outside the coverage afforded by the Policy but for which the insured(s) demand(s) defense and indemnification. A declaratory judgment is the appropriate remedy. Because the underlying Suit has only recently been filed, it makes sense and will save time and money to combine these two related proceedings in a single legal action.

For all these reasons, Nationwide's motion to intervene is timely, and the timeliness element should be deemed satisfied by the Court.

### Substantial Legal Interest

Next, Nationwide must establish that it has a "substantial legal interest" in the case. *Blount–Hill* at 283. The Sixth Circuit has interpreted this requirement broadly, with close cases to be resolved in favor of recognizing an interest under Fed.R.Civ.P. 24(a). *See, Michigan State AFL–CIO v. Miller,* 103 F.3d 1240, 1247 (6th Cir.1997). Further, no specific legal or other equitable interest is required to support intervention. *Gutter v. Bollinger,* 188 F.3d 394, 398 (6th Cir.1999). 188 F.3d at 399. A close case calls for intervention. *Id.*

In analogous factual situations, both the Southern District and Northern District of Ohio have held that a state court plaintiff has a sufficient interest under Fed.R.Civ.P. 24(a)(2) to intervene in an insurance company's federal declaratory judgment action against its insured. *Indiana Insurance Company v. Midwest Maintenance,* 2000 WL 987829 (S.D. Ohio January 7, 2000); *St. Paul Fire & Marine Insurance Co. v. Summit–Warren Industries Co.,* 143 F.R.D. 129, 133–35 (N.D. Ohio 1992).

Likewise, in *McWhorter v Elsea*, 2006 WL 3526405 (SD Ohio, 2006) the District Court concluded that an insurer seeking intervention in a claimant's lawsuit against its policyholder had satisfied the substantial legal interest requirement by demonstrating that it could be responsible for indemnifying the defendants (although it ultimately denied intervention on timeliness, which is not an issue here). Other Ohio District Court cases have granted intervention in cases with facts similar to this one, albeit sans any dissertation on their reasoning. See, e.g., *Kaylor v Radde* 2005 WL 54927 (N.D. Ohio 2005); *Marten v Brown*, 2007 WL 315770 (N.D. Ohio 2007).

Nationwide is similarly situated to the insurer in *McWhorter,* save only that it has timely advanced its motion. If the Plaintiff is successful in her claims against Columbus, Nationwide could be liable under the Policy. If IHC is found liable to the Plaintiff, it too may claim indemnity under the Policy. The Ohio Supreme Court has admonished insurers in similar positions to seek intervention in order to determine their rights under their policies, as well as to participate in discovery and trial, so as to avoid being collaterally estopped from attempting to relitigate fact issues decided in the case between the claimant and the insured. See, *Howell v Richardson*, 45 Ohio St.3d 365 (1989) (insurer seeking declaration of non-coverage must "seize the opportunity to intervene" or forever waive its claims against the insured).

Given that the Sixth Circuit has interpreted the substantial legal interest requirement broadly and held that "close cases are to be resolved in favor of recognizing an interest," the Court here should recognize Nationwide's substantial legal interest in the case between the unnamed Plaintiff and the Defendants who assert rights under the Policy. The Court should find Nationwide has satisfied the second requirement of the *Blount–Hill* test.

**Ability to Protect**

The third showing a potential intervenor must make under Fed.R.Civ.P. 24(a) is that its ability to protect its interests will be impaired without intervention. The movant's burden on this element is "minimal": "a would-be intervenor must show only that impairment of its substantial legal interest is *possible* if intervention is denied." *Michigan State AFL–CIO v. Miller,* 103 F.3d 1240, 1247, at 1247 (6th Cir.1997).

The citation to *Howell v Richardson* in the previous section illustrates Nationwide's inability to protect its interest absent intervention. Without intervention, Nationwide faces

10

collateral estoppel on issues of fact decided in this case in the event of a supplemental proceeding to collect a judgment against the insured(s) under the Policy.

Additionally, Nationwide has expense interests that will be unprotected without intervention. For example, depositions taken in the Suit may have to be reconvened in another forum if all claims and interests are not consolidated here and now. Likewise, it is possible that written discovery may also be duplicated if Nationwide is required to proceed in a separate state court proceeding to determine its rights under the Policy. This unnecessary incursion of costs by all litigants, including Nationwide, can be avoided by permitting intervention now.

Again, given the "minimal burden" that Nationwide carries in showing that it will not be able to protect its interests, the Court should find that this element of the *Blount–Hill* is met as well.

### Adequate Representation

The party seeking to intervene satisfies the final requirement for intervention of right when it can show that representation of its interests *may* be inadequate. *Blount–Hill,* 636 F.3d at 485 (emphasis added).

This element is easily met. No other party to the Suit has an interest in the outcome of the case remotely similar to Nationwide's. While Nationwide, Columbus and IHC may be nominally aligned in that all will benefit to the extent that Plaintiff is denied a recovery or to the extent that any recovery is minimized, no other litigant shares Nationwide's interest in determining which if any of her claims are actually covered under the Policy and ensuring that an adequate record is compiled that will permit the Court to determine the coverage issues as a matter of law.

Some of Plaintiff's claims, such as e.g., her demand for punitive/exemplary damages, are clearly not covered. But other of her claims, for example her claims that the Defendants acted

11

intentionally, or that they "knowingly benefited" from the illegal trafficking activities, or that they acted with "willful blindness," may require factual development (e.g., determining which specific Defendants engaged in which specific activities and what specific dates; what knowledge or information each had; when trafficking activities were alleged to have been conducted at the Property (as opposed other hotels), and other similar issues). In this context, both the Plaintiff and Columbus and/or IHC will be motivated to characterize any such potential damage in a light that will maximize the potential for coverage. No other litigant shares Nationwide's interest in properly characterizing any non-covered or excluded conduct or damage as such.

To the extent that this interest is unrepresented, Plaintiff, Columbus and IHC will benefit and Nationwide will be correspondingly harmed. Nationwide's interest in obtaining a declaration classifying non-covered and/or excluded Claims and damages as such will be thwarted if it is not permitted to intervene. No other party has a similar interest.

Nationwide has satisfied all four elements of the *Blount-Hill* test. Nationwide's motion to intervene of right in the suit between Plaintiff and Defendants Columbus and IHC for the purpose of filing a complaint for declaratory judgment should be granted.

### B. Permissive Intervention

Fed.R.Civ.P. 24(b) outlines the procedure for permissive intervention and provides in pertinent part: "On timely motion, the court may permit anyone to intervene who… has a claim or defense that shares with the main action a common question of law or fact."

Like intervention as a matter of right under Rule 24(a), intervention under Rule 24(b) similarly requires that the motion be made "timely." For the reasons previously analyzed and discussed in the foregoing section of this memorandum, Nationwide satisfies this requirement here. The case has only been pending for a few months. The motion is clearly timely.

12

Nationwide just as clearly satisfies the second requirement for intervention under Fed.R.Civ.P. 24(b): a common issue of fact or law. Are any of the Defendants (and specifically Columbus and/or IHC) liable to the Plaintiff under the TVPA? Did the Defendants act negligently, recklessly, or intentionally? To what relief, if any, is Plaintiff entitled? Compensatory damages? Punitive damages? Attorneys' fees?  Both Plaintiff's underlying claims and Nationwide's request for a declaration of its and its insured's rights under the Policy hinge on the answers to these common questions.

For all these reasons, the Court should conclude that Nationwide has alternatively satisfied the requirements for permissive intervention and grant the motion.

## IV.   CONCLUSION

For the reasons set forth in the foregoing pages, Nationwide respectfully requests the Court to grant its motion for leave of court to intervene in this matter for the purpose of asserting a claim for declaratory judgment against all other parties.

Respectfully submitted,

CAVITCH, FAMILO & DURKIN CO., L.P.A.

/s/ Gregory E. O'Brien
Gregory E. O'Brien (0037073)
Twentieth Floor
1300 East Ninth Street
Cleveland, Ohio  44114
Telephone	(216) 621-7860
Facsimile	(216) 621-3415
Email	gobrien@cavitch.com
*Attorney for Proposed Intervenor-Plaintiff*