IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| M.A., | : | Case No. 2:19-cv-00849 |
| Plaintiff, | : | Judge Algenon L. Marbley |
| v. | : | |
| WYNDHAM HOTELS & RESORTS, INC., *et al.* | : | |
| Defendants. | : | |

### DEFENDANT BUCKEYE HOSPITALITY, INC'S REPLY TO PLAINTIFF'S CONSOLIDATED RESPONSE TO THE DEFENDANTS' MOTIONS TO DISMISS

A. **Plaintiff does not state a plausible claim against Buckeye Hospitality for an alleged violation of the TVPRA, 18. U.S.C. § 1595.**

   1. **Plaintiff fails to allege that Buckeye Hospitality "participated" in any "venture."**

Plaintiff has not sufficiently pled facts to support her claim that Defendant Buckeye Hospitality participated in a sex trafficking venture. 18 U.S.C. §1595(a) provides civil remedies to victims of sex trafficking from those who "knowingly benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter.". To be liable, a defendant, such as a hotel, must have (1) knowingly benefitted, (2) from its participation in a venture, whereby (3) the hotel knew or should have known that it was engaged in the criminal act of human sex trafficking. Plaintiff's only allegation against Buckeye Hospitality, *dba* Comfort Inn Columbus, was that it "was involved in the staffing and operation of the Comfort Inn hotel located at 1213 East Dublin Granville Road, Columbus, Ohio 43229 where the plaintiff was trafficked for sex" and that it "knowingly benefited or received something of value from its facilitation of or participation in a venture which it knew or should have known had engaged in sex trafficking." (Doc. #1, ¶ 18). These allegations are

FD AR  FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP  Attorneys at Law

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

grossly insufficient to state a claim under the TVPRA, 18 U.S.C. § 1595. The staffing and operation of a hotel where sex trafficking allegedly occurred, without more, does not rise to the level of "participation in a sex trafficking venture" contemplated by the TVPRA. Plaintiff has not alleged any facts describing Buckeye Hospitality's "participation in a sex trafficking venture."

Section 1591 defines "participation in a venture" as "knowingly assisting, supporting, or facilitating a violation of that section. 18 U.S.C. § 1591(e)(4) "Venture" is defined as "any group of two or more individuals associated in fact, whether or not a legal entity." 18 U.S.C. § 1591(e)(6). Alas, the Sixth Circuit Court of Appeals has held that, as to violations under § 1591(a), the term "venture" should be read with the appropriate context to really mean "sex-trafficking venture." *United States v. Ayfare*, 632 F. App'x 272, 286 (6th Cir. 2016). The Sixth Circuit further held that "participation in a venture" requires that a defendant actually participate and commit some 'overt act' that furthers the sex trafficking aspect of the venture. *Id.* Without that limitation on its sweep, the statute "would create a vehicle to ensnare conduct that the statute never contemplated." *Id.*

In *United States v. Afyare*, the Sixth Circuit provided guidance on the issue with the hypothetical of a soccer player who joins a team that includes sex traffickers. Those sex traffickers sponsor the team financially using money they have received from their trafficking. *Id.* The soccer player knows that some of the other players are sex traffickers who pay for his travel accommodations and uniforms. *Id.* In finding that the soccer player could not be liable under the TVPRA the court stated:

> Ignoring the reprehensible amorality of our hypothetical defendant, who knowingly participates on a soccer team funded by sex trafficking money, the question is whether Congress criminalized his conduct in § 1591(a)(2). The district court thought not and, under its three-element construction, would require that a defendant actually participate and commit some "overt act" that furthers the sex trafficking aspect of the venture. The district court warned that the statute did not criminalize a defendant's "mere negative acquiescence," and to do so would create "a vehicle to ensnare conduct that the statute never contemplated." *See also United*

> *States v. Cain*, 583 F.3d 408, 414 (6th Cir. 2009) ("The general rule is that criminal statutes are to be strictly construed against the government.").
>
> We agree with the district court and find that § 1591(a)(2) targets those who participate in sex trafficking; it does not target soccer players who turn a blind eye to the source of their financial sponsorship. As a result, in this example, we would require the prosecution to prove that the defendant actually participated in a *sex-trafficking venture*.

Here, Plaintiff has not alleged any "overt act" by Buckeye Hospitality that furthered the alleged sex trafficking.

The Sixth Circuit's rationale has been applied in civil cases under § 1595(a). *See Ratha v. Phatthana Seafood Co.*, No. CV 16-4271-JFW (ASX), 2017 WL 8293174, at *4 (C.D. Cal. Dec. 21, 2017) (liability cannot be premised on the mere "receipt of a passive benefit of an alleged sex trafficking venture); *Noble v. Weinstein*, 335 F. Supp. 3d 504 (S.D.N.Y. 2018) (liability cannot be established by association alone" and therefore a plaintiff must allege "specific conduct that furthered the sex trafficking venture"); *Geiss v. Weinstein Co. Holdings LLC*, No. 17 CIV 9554 (AKH), 2019 WL 1746009, at *7 (S.D.N.Y. Apr. 18, 2019) ("there must be a causal relationship between affirmative conduct furthering the sex-trafficking venture and receipt of a benefit, with actual or, in the civil context, constructive knowledge of that causal relationship").

In fact, only one court has ever found that a plaintiff pled sufficient facts against a hotel operator under the TVPRA able to withstand a motion to dismiss. In *Ricchio v. Mclean*, the First Circuit Court of Appeals found that a complaint under 18 U.S.C. § 1595(a) against hotel owners and operators withstood a motion to dismiss for failure to state a claim for relief. 853 F.3d 553 (1st Cir. 2017).

The plaintiff in *Ricchio* alleged that the hotel operators not only ignored the victim's pleas for help but also showed complete indifference towards her physical deterioration. *Id.* at 555. The hotel-owners specifically observed the victim's condition while in the room they rented to her and

her physical abuse was readily observable from their front office. *Id.* They even exchanged high fives and expressed their desires for "getting this thing going again" in reference to their guest's sexual activity. *Id.* at 557. The complaint also alleged that the hotel operators were acting as the trafficker's agent. *Id.* at 556.

As a result of these very specific allegations, the court held that the complaint had laid out a plausible set of facts indicating that the hotel owners and operators knowingly participated, to some extent, in the sex trafficking venture. Accordingly, the court allowed the claim to proceed.

With regard to Buckeye Hospitality, there are no such allegations contained in Plaintiff's Complaint. In *Ricchio*, the complaint identified the trafficker and contained specific allegations that the hotel operators knew or should have known the trafficker was engaging in sex trafficking. In contrast, the complaint here does not identify the trafficker and does not contain any allegation that Buckeye Hospitality or the Comfort Inn North staff knew the trafficker or knew the trafficker was engaging in sex trafficking. Here, Plaintiff does not allege that Buckeye Hospitality had knowledge of a sex trafficking venture, let alone participated in one with the requisite overt action.

Imposing liability in this case would greatly expand what a person "knew or should have known" as an indicator of sex trafficking. By imposing liability for indicators observed in isolation, the standard of care of hotels would significantly heighten. This heightened duty would be contrary to the well-recognized notion that innkeepers are not insurers of their patrons' safety nor are they to be liable for criminal intentional acts by patrons. *Meyers v. Ramada Inn of Columbus*, 14 Ohio App. 3d 311, 313 (1984). In *Meyers*, the court affirmed summary judgment for motel owners who did not have reason to know of their guest's violent tendencies. *Id.* In *Meyers*, a guest brought a claim against the motel owners after she was assaulted outside her room. *Id.* Although the owners had expressed some concerns about an individual they had seen frequenting the motel's public

areas, this did not give rise to an additional duty to its patrons to provide further security measures. *Id.* at 311. The court declined to impose liability because the defendant's employees never observed the assailant engaging in threatening or improper behavior. *Id.* at 313. The court noted absent any special circumstances, like a history of assaults at the motel or located in a high crime area, the defendants did not know nor have reason to know the situation called for a higher standard of care. *Id.* at 313.

Although § 1595 was enacted to discourage businesses who knowingly benefit from sex trafficking, it was not meant to punish every hotel where sex trafficking occurs. Subjecting a hotel to potential liability in this case, where no overt act against the hotel is even alleged, would be unduly prejudicial to the hotel and create a fishing expedition. Since the indicators of sex trafficking can also be attributed to normal hotel guest behavior, it would be unfair to subject liability when only a few signs are present, especially when signs are not all observed by the same people. Additionally, because guests in hotel rooms are entitled to constitutional protections against unreasonable searches and seizures, hotels would also have to balance these constitutional limitations while ensuring the conduct of their guests complies with the TVPRA. Buckeye Hospitality should not be subjected to liability under § 1595 because they did not know, nor did they have reason to know, they were benefiting from commercial sex trafficking.

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations set forth in the complaint. *See* Fed. R. Civ. P. 12(b)(6). While factual allegations in a complaint are assumed true, courts are "not bound to accept as true a legal conclusion couched as a factual allegation," and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead,

the plaintiff must plead sufficient factual matter to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Tp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Here Plaintiff has failed to state a viable cause of action for which she is entitled to relief against Buckeye Hospitality.

Plaintiff's Complaint does not allege facts that support Buckeye Hospitality participated in a sex trafficking venture. The complaint alleges only that Buckeye Hospitality staffed and operated a hotel where the victim was allegedly trafficked for sex and that Buckeye Hospitality "knowingly benefitted or received something of value from its facilitation of or participation in a venture which is knew or should have known had engaged in sex trafficking." Complaint at ¶ 18. These allegations are no more than a formulaic recitation of the elements of the cause of action under §1595.

**B.  Conclusion**

Section 1595(a) of the TVPRA allows for civil liability against violators, but that liability extends only to those who knowingly participate in and benefit from a sex trafficking venture. Plaintiff has not alleged plausible facts that establish Buckeye Hospitality knowingly participated in and financially benefitted from a sex trafficking venture. As such, the claims against Buckeye Hospitality, Inc. should be dismissed for failure to state a claim upon which relief can be granted.

Respectfully Submitted:

/s/ Daniel T. Downey
Daniel T. Downey (0063753)
Paul M. Bernhart (0079543)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
(614) 221-1216 - Telephone
(614) 221-8769 - Facsimile
ddowney@fisheldowney.com
pbernhart@fisheldowney.com
*Attorneys for Defendant Buckeye Hospitality, Inc.*


FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

6

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

## CERTIFICATE OF SERVICE

This certifies that the foregoing was filed electronically this 24th day of June, 2019. Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system or via U.S. mail, postage prepaid, as certified by the Court's Certificate of Service generated upon filing

/s/ Daniel T. Downey
Daniel T. Downey (0063753)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
*Attorney for Defendant Buckeye Hospitality, Inc.*