IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **M.A. an individual,** | : | |
| | : | |
| Plaintiff, | : | Case No.:  2:19-cv-00849-ALM-EPD |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| **Wyndham Hotels and Resorts, Inc., et al.,** | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT COLUMBUS HOSPITALITY, LLC'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

**I.     INTRODUCTION**

In opposing Defendant Columbus Hospitality's motion to dismiss, Plaintiff shifts her theory of liability, misinterprets the TVPRA, mischaracterizes the allegations in her Complaint, and still fails to identify a single fact that would connect Columbus Hospitality to the alleged sex trafficking venture that Plaintiff was a victim of.  It is utterly impossible for Columbus Hospitality to investigate her claims or defend against them because she alleges so little in her Complaint.  Plaintiff alleges that she was trafficked beginning in the Spring of 2014 for over a year, but it is unclear whether this time frame applies to her purported stay(s) at the Crowne Plaza Columbus – Downtown hotel or other hotel Defendant(s).  During the course of a year, thousands of people stay at the Crowne Plaza Columbus – Downtown; Plaintiff does not allege whose name the reservation(s) may have been under.  She alleges no dates, no names, no descriptions – no factual connections linking Columbus Hospitality to the purported sex trafficking venture whatsoever.

Even worse, she now attempts to improperly alter both her theory of liability and the allegations in the Complaint to make them more specific.  But these efforts still fail to

put Columbus Hospitality on reasonable notice of the claim against it. Plaintiff's Complaint against Columbus Hospitality must be dismissed for failure to state a claim.

## II.     LAW AND ARGUMENT

### A.     To avoid dismissal, Plaintiff shifts her theory of liability, misinterprets the TVPRA, and mischaracterizes the allegations in her Complaint.

#### 1.     The moving target.

In her Opposition, Plaintiff spends thirteen pages shifting her theory of liability against Defendants from a theory of actual knowledge as asserted in the Complaint to one of constructive knowledge. (Doc # 66, Page ID # 944-957.) She also skirts the allegation in her Complaint concerning Defendants' alleged violation of Section 1591(a)(2) of the TVPRA and instead tries to shoehorn her claim against Defendants into Section 1595(a) alone. She does this because she has not alleged sufficient facts in her Complaint to plausibly state the claim she pleaded.

In Paragraph 107 of the sole count of her Complaint, she avers: "The Defendants ***knowingly*** benefited from ***participating in a venture*** which they ***knew*** was engaged in illegal sex trafficking in violation of the TVPRA, 18 U.S.C. § ***1591(a)(2)***[.]"  (Doc # 1, Page ID 35) (emphasis added).

It bears repeating: Plaintiff charges that Defendants (including Columbus Hospitality) ***knowingly*** benefitted from ***participating in a venture*** they ***knew*** was an illegal sex trafficking venture in violation of Section ***1591(a)(2)***.

She asserts a theory of liability based upon Defendants' alleged ***actual*** knowledge. She does not allege that Defendants merely "should have known" of the illegal venture or that they had constructive knowledge of it. Rather, she alleges that they actually "knew" of it and that they "knowingly" benefitted from participating in it.

To survive Columbus Hospitality's motion to dismiss, Plaintiff's Complaint must

2

include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (internal quotes omitted).  The Court cannot accept as true "legal conclusions couched as factual allegations." *Langdon v. Skelding*, 524 F. App'x 172, 174 (6th Cir. 2013).  Columbus Hospitality's motion to dismiss is properly denied only if Plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007).

Based on the theory of liability Plaintiff alleges in Paragraph 107 of her own Complaint, the Complaint must contain sufficient factual allegations that plausibly establish all of the following to survive this motion to dismiss:

- That an illegal sex trafficking venture in violation of 18 U.S.C. § *1591(a)(2)* existed;
- That Columbus Hospitality ***actually knew*** it existed;
- That Columbus Hospitality ***knowingly assisted, supported, or facilitated*** it; and
- That Columbus Hospitality ***knowingly*** benefitted from participating in it.

Plaintiff's Complaint is utterly devoid of any such allegations.  Out of 109 paragraphs of allegations, Plaintiff devotes only one paragraph specifically to Columbus Hospitality.  But even that paragraph is conclusory.  Paragraph 15 of the Complaint alleges that, "through its relationship with…the perpetrator who trafficked M.A.…Defendant Crowne Plaza Columbus - Downtown…knowingly benefitted or received something of value from its facilitation of or participation in a venture which it knew or should have known had engaged in sex trafficking."  Plaintiff merely tracks the statutory language of the

3

TVPRA; she does not allege any facts specific to Columbus Hospitality that would help establish her theory of liability against it as pleaded in the Complaint.

As explained in greater detail below, the Complaint contains no facts whatsoever to suggest that Columbus Hospitality knew of any illegal sex trafficking venture, participated in it, or knowingly benefitted from it.

2. <u>The new (and unsupported) interpretation of the TVPRA</u>.

Instead of either amending her Complaint it to remedy these pleading deficiencies or dismissing it, Plaintiff ignores the theory of liability she pleaded in the Complaint, which is predicated entirely upon an alleged violation of Section 1591(a)(2), and instead argues that she must prove only that Defendants "should have known" of the illegal venture under Section 1595(a). (Doc # 66, Page ID # 944-957.) She does this, in part, by claiming that the 2008 amendment to the TVPRA created a new cause of action against "a financial beneficiary" of an illegal sex trafficking venture (*i.e.*, Section 1595(a)), and this new cause of action requires that Plaintiff plead and prove only that Defendants had "constructive knowledge" of the illegal venture. *Id.* at Page ID # 949.

But that's not the cause of action Plaintiff alleges in her Complaint. And Section 1595(a) merely provides a civil remedy for violations of the TVPRA; it does not create a standalone claim for relief than can be divorced from Section 1591. Section 1591 is a predicate statute upon which Section 1595 is based. Section 1595(a) states:

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture what that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys' fees.

Note that 1595(a) explicitly refers to "an individual who is a victim of a violation ***of this chapter***," which means Chapter 77 of the U.S. Code titled Peonage, Slavery, and

4

Trafficking in Persons. (Emphasis added.) Chapter 77 encompasses both Sections 1591 and 1595.

Plaintiff goes a step further and argues that the statutory definition of "participation in a venture" from Section 1591(e)(6) does not apply to "financial beneficiary claims" under Section 1595(a) because of this supposed "explicit constructive knowledge standard." (Doc # 66, Page ID # 949.) Section 1591(e)(6) defines "participation in a venture" to mean "knowingly assisting, supporting, or facilitating a violation" of Section 1591. Plaintiff does not like this definition because she must plead and prove actual knowledge. She has alleged no facts at all in her Complaint that would allow this Court to draw a reasonable inference that Columbus Hospitality had actual knowledge of anything or knowingly assisted, supported, or facilitated a violation of the TVPRA.

There is no basis whatsoever for applying a different definition to "participation in a venture" than the one specifically set forth in Section 1591(e)(6), notwithstanding Plaintiff's attempt to argue as much in her Opposition. (*See* Doc # 66, Page ID # 952-953.) Nothing in the text of Section 1595(a) indicates that Congress had a different definition in mind.

Further, Plaintiff cannot pick and choose which definitions from Section 1591 she wants to use and which she wants to discard. She claims to be a victim as defined "under applicable provisions of the TVPRA" in Paragraph 9 of her Complaint and adopts other terms defined in Section 1591(e) such as "commercial sex act" and "venture." She cannot discard the definition of "participation in a venture" simply because she does not like that it requires her to plead more than she has (or can) in her Complaint.

        3.    <u>Re-writing the Complaint</u>.

In addition to shifting her theory of liability and misconstruing the TVPRA, Plaintiff also mischaracterizes the allegations in the Complaint to make them more specific and seemingly applicable to all Defendants. (Doc # 66 at Page ID # 941-942.) In her

5

Opposition, she adds the phrase "at each and every Defendant hotel" before paraphrasing the general, non-specific allegations in her Complaint. In so doing, Plaintiff also increases the frequency that certain alleged conduct occurred, presumably so the Court will infer that the conduct occurred at all Defendant Hotels so she does not have to amend her Complaint to affirmatively aver at which hotels the purported behavior occurred. Below are a few examples of Plaintiff's improper attempt to revise her Complaint in her Opposition to make her allegations more specific.

| **Plaintiff's Misstatements of the Allegations in the Complaint** | **Actual Allegations in the Complaint** | **The Discrepancies** |
|---|---|---|
| "At each and every Defendant hotel, the Plaintiff's trafficker requested rooms near exit doors." (Doc # 66, Page ID #941.) | "During the time period she was trafficked, M.A.'s trafficker often requested rooms near exit doors." (Doc # 1, Page ID 18 at ¶52.) | The Complaint does not state that this request occurred at "each and every Defendant hotel" or at the Crowne Plaza Columbus – Downtown; rather, it states that the request was made "often" but does not specify at which hotel(s) the request was made. |
| "At each and every Defendant hotel, the trash can in each particular room often contained an extraordinary number of used condoms." (Doc # 66, Page ID #941.) | "Frequently the trash cans in the rooms in which M.A. was trafficked would contain an extraordinary number of used condoms." ((Doc # 1, Page ID 18 at ¶52.) | The Complaint does not state that the trash cans in "each and every Defendant hotel" or at the Crowne Plaza Columbus – Downtown contained used condoms; rather, it states that "frequently" the trash cans "in the rooms in which M.A. was trafficked" would contain used condoms without identifying |

|  |  | which hotel(s) is/are the subject of this allegation. |
|---|---|---|
| "At each and every Defendant hotel, the trafficker regularly instructed the Plaintiff to refuse housekeeping services." (Doc # 66, Page ID #941.) | "The trafficker routinely instructed M.A. to refuse housekeeping services."  ((Doc # 1, Page ID 18 at ¶52.) | The Complaint does not allege that the refusal of housekeeping services occurred at "each and every Defendant hotel" or at the Crowne Plaza Columbus – Downtown and does not identify which hotel(s) is/are the subject of this allegation. |
| "At each and every Defendant hotel, the hotel rooms were routinely paid for in cash." (Doc # 66, Page ID #941.) | "The hotel rooms in which M.A. was trafficked were frequently paid for with cash." ((Doc # 1, Page ID 18 at ¶52.) | The Complaint does not allege that cash payments were made at "each and every Defendant hotel" or at the Crowne Plaza Columbus – Downtown. |
| "Each of the rooms at each and every Defendant hotel in which the Plaintiff was trafficked showed noticeable signs of sex trafficking, including bottles of lubricants, boxes of condoms, a large number of used condoms in the trash, excessive requests for towels and linens, and continued cash payments." (Doc # 66, Page ID #941.) | "Despite obvious signs of human trafficking (physical deterioration, no eye contact, and duration of stay) and indicators of commercial sex activity (bottles of lubricants, boxes of condoms, used condoms in the trash, excessive requests for towels and linens, cash payments), Defendant Hotels failed to recognize or report Plaintiff M.A.s [sic] trafficking."  ((Doc # 1, Page ID 18-19 at ¶53.) | The Complaint does not allege that the signs of human trafficking or commercial sex occurred at "each of the rooms at each and every Defendant hotel" or at the Crowne Plaza Columbus – Downtown and does not further identify which "Defendant Hotels" are the subject of this allegation. |
| "At each and every Defendant hotel, the Plaintiff saw and was seen by the hotel staff again and again.  Each and every Defendant hotel failed to take | "The Plaintiff observed some of the same hotel staff over the course of the time she was trafficked for sex at the Defendant hotel properties, | Paragraph 54 of the Complaint alleges that Plaintiff observed only "some" of the same hotel staff.  Plaintiff does not |

7

| | | |
|---|---|---|
| any action though each and every Defendant hotel's staff saw the Plaintiff's haggard and bruised appearance." (Doc # 66, Page ID #941.) | and the hotel staff would have or should have observed visible physical changes, such as bruising, to the Plaintiff's appearance." (Doc # 1, Page ID 19 at ¶54.) | allege that she "saw and was seen by the hotel staff again and again" "at each and every Defendant hotel" or at the Crowne Plaza Columbus – Downtown, and she does not allege that such hotel staff actually observed her appearance. |
| "At each and every Defendant hotel, the Plaintiff appeared starved and was choked, beaten, and otherwise showed signs of being trafficked for sex." (Doc # 66, Page ID #942.) | "The impact of being starved, choked, beaten, physically restrained, and sex trafficked at the Defendants' hotel properties has forever emotionally and physically injured M.A. who, despite the many years since her escape suffers immensely as a result of the horrors inflicted upon her at the Defendants' hotel properties." ((Doc # 1, Page ID 20 at ¶59.) | Paragraph 59 contains allegations concerning the impact of the alleged trafficking and does not allege that the Plaintiff "appeared starved and was choked, beaten, and otherwise showed signs of being trafficked for sex" at "each and every Defendant hotel" or at the Crowne Plaza Columbus – Downtown. She does not allege that hotel staff at the Crowne Plaza Columbus – Downtown actually observed her appearance. |

In considering whether Plaintiff's Complaint can survive Columbus Hospitality's motion to dismiss, the Court must look at only the allegations Plaintiff pleaded in her Complaint. It is not appropriate to consider Plaintiff's misrepresentation of her allegations or her attempted revisions of those allegations as set forth in her Opposition. *See e.g., Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 200) (holding that when deciding a motion to dismiss, courts can consider only the allegations in the complaint, matters of the public record, orders, items appearing in the record of the case, and exhibits attached to the

8

complaint).

### B. Plaintiff has not alleged sufficient facts to state a claim against Columbus Hospitality.

As Columbus Hospitality noted in its motion to dismiss, only one paragraph of the Complaint specifically mentions Columbus Hospitality or Crowne Plaza Columbus – Downtown (Paragraph 15), and it does not contain allegations of fact; rather, it is solely comprised of legal conclusions that track the language of the TVPRA.

In her Complaint, Plaintiff does not allege the dates or date range(s) she was allegedly trafficked at the Crowne Plaza Columbus – Downtown hotel; she does not allege any details whatsoever about the hotel staff she encountered while there (*e.g.*, names, genders, appearances, roles, number of times or dates she encountered them, conversations she or her trafficker may have had with them, etc.); she does not allege the proper legal relationship between Columbus Hospitality and the Crowne Plaza Columbus – Downtown hotel; she does not allege exactly what behaviors and circumstances the hotel staff actually observed; she does not allege that the hotel staff reported anything to management so as to put management on notice of the purported illegal sex trafficking venture; she does not allege that Crowne Plaza Columbus – Downtown staff or management actually knew of an illegal sex trafficking venture on its premises; she does not allege that the Crowne Plaza Columbus – Downtown hotel staff or management knowingly assisted, supported, or facilitated a violation of the TVPRA; she does not allege that Crowne Plaza Columbus – Downtown hotel staff or management knowingly benefitted from a venture that they knew was a violation of the TVPRA; and she does not allege any details about any of the johns she allegedly encountered at the Crowne Plaza Columbus – Downtown or any details about her trafficker.

Despite her vigorous attempt to rewrite her Complaint in her Opposition to

Defendants' motions to dismiss, Plaintiff does not mention Columbus Hospitality at all in that filing, except to state that the filing is intended to oppose Columbus Hospitality's motion. (*See* Doc # 66, Page ID 939 at fn. 1.) To-date, Plaintiff has not alleged a single fact to support her claim in Paragraph 107 of the Complaint that Columbus Hospitality ***knowingly*** benefitted from ***participating in a venture*** it ***knew*** was an illegal sex trafficking venture in violation of Section ***1591(a)(2)***.

Plaintiff does not allege any facts whatsoever that would allow Columbus Hospitality to investigate her allegations because they are so non-specific. She simply draws the unsupported legal conclusion that because she believes she was trafficked at Crowne Plaza Columbus – Downtown hotel, Columbus Hospitality must have actually known about it, must have knowingly assisted, supported or facilitated it, and must have knowingly benefited from a venture it knew was a violation of the TVPRA. These are the illogical leaps that are insufficient under the Federal Rules of Civil Procedure, and this is the exact scenario *Iqbal* and *Twombly* guard against.

### III. CONCLUSION

For the foregoing reasons, and for the reasons set forth in its motion to dismiss, Defendant Columbus Hospitality, LLC respectfully requests that the Court dismiss Plaintiff's Complaint against Columbus Hospitality in its entirety with prejudice and award Columbus Hospitality its costs, attorneys' fees, and any other relief that the Court believes is just.

Respectfully submitted,

*/s/ Victoria Flinn McCurdy*
Quintin F. Lindsmith (0018327)
Victoria Flinn McCurdy (0085713)
Lindsey A. Roberts (0096979)
BRICKER & ECKLER LLP
100 South Third Street
Columbus, Ohio 43215-4291
(614) 227-2300
(614) 227-2390 (facsimile)
qlindsmith@bricker.com
vflinnmccurdy@bricker.com
lroberts@bricker.com
*Counsel for Defendant Columbus Hospitality, LLC, d/b/a Crowne Plaza Columbus – Downtown, an IHG Hotel*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2019, a copy of *Columbus Hospitality LLC's Motion to Dismiss* was served via the Court's electronic filing system and/or regular U.S. mail upon:

Steven Charles Babin, Jr., Esq.
Babin Law, LLC
1320 Dublin Road, #100
Columbus, Ohio 43215
steven.babin@babinlaws.com
*Counsel for Plaintiff M.A.*

Kimberly L. Adams, Esq.
Levin, Papantonio, Thomas, Mitchell,
Rafferty & Proctor, P.A.
316 S. Baylen Street, Suite 699
Pensacola, FL 32502-5996
kadams@levinlaw.com
*Of Counsel for Plaintiff M.A.*

Gregory M. Zarzaur, Esq.
Anil A. Mujumdar, Esq.
Zarzaur
2332 Second Avenue North
Birmingham, AL 35203
gregory@zarzaur.com
anil@zarzaur.com
*Of Counsel for Plaintiff M.A.*

Joshua James Fravel, Esq.
Griffith Law Offices
522 North State Street
Westerville, Ohio 43082
josh.f@griffithlaw.org
*Counsel for Defendant Buckeye Hospitality, Inc.*

Samuel Neal Lillard, Esq.
Mathew A. Parker, Esq.
Fisher & Phillips, LLC
250 West Street, Suite 400
Columbus, Ohio 43215
slillard@fisherphillips.com
mparker@fisherphillips.com
*Counsel for Defendant Krrish Lodging, LLC*

Chenee M. Castruita, Esq.
Douglas Paul Holthus, Esq.
Mazanec, Raskin & Ryder Co., LPA
175 South Third Street, Suite 1000
Columbus, Ohio 43215
ccastruita@mrrlaw.com
dholthus@mrrlaw.com
*Counsel for Defendant S&S Airport Motel, LLC*

Jennifer Snyder Heis, Esq.
Alyson A. Terrell, Esq.
Ulmer & Berne
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
jheis@ulmer.com
aterrell@ulmer.com
*Counsel for Defendant Choice Hotels International, Inc.*

Sara M. Turner, Esq.
Baker, Donelson, Bearman, Caldwell &
 Berkowitz
Wells Fargo Tower
420 20th Street North, Suite 1400
Birmingham, AL 35203
smturner@bakerdonelson.com
*Counsel for Defendant Choice Hotels International, Inc.*

Joseph L Piccin, Esq.
Joseph L Piccin Co LLC
3010 Hayden Road
Columbus, Ohio 43235
JLP@joepiccin.com
*Counsel for Defendant First Hotel Management, LLC*

Steven D. Strang, Esq.
Gallagher Sharp
1501 Euclid Avenue, 6th Floor
Cleveland, Ohio 44115

Michael R. Reed, Esq.
Hahn Loeser Parks LLP
65 East State Street, Suite 1400
Columbus, Ohio  43215
mreed@hahnlaw.com
*Counsel for Defendant Wyndham Hotels & Resorts, Inc.*

David S. Sager, Esq.
DLA Piper
51 John F. Kennedy Parkway, Suite 120
Short Hills, NJ 07078
david.sager@dlapiper.com
*Counsel for Defendant Wyndham Hotels & Resorts, Inc.*

Judd R. Uhl, Esq.
Lewis Brisbois Bisgaard & Smith LLP
909 Wright's Summit Parkway, Suite 230
Ft. Wright, KY  41011
judd.uhl@lewisbrisbois.com
*Counsel for Defendant Inter-Continental Hotels Corp.*

Gregory E. O'Brien, Esq.
Cavitch Familo & Durkin LPA
1300 East 9th Street, 20th Floor
Cleveland, Ohio 44114
gobrien@cavitch.com
*Counsel for Intervenor Nationwide Property & Casualty Insurance Company & Nationwide Mutual Fire Insurance Company*

sstrang@gallaghersharp.com
*Counsel for Defendant First Hotel Management, LLC*

John F. Stock, Esq.
Thomas Kern, Esq.
Benesch Friedlander Coplan & Aronoff LLP
41 South High Street
26th Floor
Columbus, Ohio 43215
jstock@beneschlaw.com
tkern@beneschlaw.com
*Counsel for Defendant TMJ Columbus, LLC*

Bruce A. Curry, Esq.
Trent Thacker, Esq.
Curry, Roby & Mulvey Co., LLC
30 Northwoods Blvd., Suite 300
Columbus, Ohio 43235
bcurry@crmlaws.com
tthacker@crmlaws.com
*Counsel for Intervenor American Family Insurance Company*

*/s/ Victoria Flinn McCurdy*
Victoria Flinn McCurdy (0085713)