**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| M.A., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 2:19-cv-849 |
| v. | : | |
| | : | Judge Algenon L. Marbley |
| WYNDHAM HOTELS AND RESORTS, | : | |
| INC., et al. | : | Chief Magistrate Judge |
| | : | Elizabeth Preston Deavers |
| Defendants. | : | |
| | : | |

**DEFENDANT WYNDHAM HOTELS & RESORTS, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

## I.    INTRODUCTION

While Defendant Wyndham Hotels & Resorts, Inc. ("WHRI") condemns all forms of human trafficking and sexual exploitation, the Complaint simply does not allege a plausible claim against WHRI under the Trafficking Victims Protection Reauthorization Act ("TVPRA").

In fact, in the Consolidated Response to Defendants' Motions to Dismiss (Dkt. 66), Plaintiff tries to rewrite both the Complaint and the TVPRA.  First, Plaintiff has changed theories of liability.  Plaintiff alleges explicitly in the Complaint that WHRI and the other defendants violated Section 1591(a) of the TVPRA.  Now, however, Plaintiff has pivoted to recast her claim as a violation of Section 1595 alone.  In the process, Plaintiff concedes that there was no "venture," an admission which requires dismissal of the Complaint and makes any attempt at amending the Complaint futile.  Second, even if the Court were to indulge Plaintiff's new theory of liability solely under Section 1595, Plaintiff's argument that the TVPRA imposes an affirmative duty on WHRI to prevent sex trafficking is irreconcilable with the plain language of Section 1595, which requires, among other things, that a plaintiff show that the defendant actually "participat[ed] in a

venture" that committed sex-trafficking crimes. Lastly, Plaintiff argues that WHRI "knew or should have known" that Plaintiff was trafficked, but none of Plaintiff's legal theories are supported by well-pled factual allegations.

For these reasons and those set forth in WHRI's Motion, Plaintiff has not alleged (and cannot allege) a plausible claim against WHRI under the TVPRA. Plaintiff's Complaint should be dismissed without leave to amend.

## II.     ARGUMENT

### A.     Plaintiff Has Not Alleged A Plausible TVPRA Claim.

Plaintiff has shifted her theory of liability under the TVPRA. In her Complaint, she explicitly alleged that WHRI had violated Section 1591(a). As explained in WHRI's Motion, Plaintiff failed to state a claim against WHRI under Section 1591(a). Conceding that neither WHRI nor any of the other defendants violated Section 1591(a), Plaintiff attempts to recast her claim as a violation of Section 1595. *Compare* Dkt. 1, at ¶ 107 ("Defendants knowingly benefited from participating in a venture . . . in violation of the TVPRA, 18 U.S.C. § 1591(a)(2)") *with* Dkt. 66, at 6 ("Count One of Plaintiff's Complaint . . . states a beneficiary theory of liability against the Movants pursuant to § 1595 of the TVPRA, not a perpetrator theory of liability pursuant to § 1591.").

Regardless, Plaintiff has not alleged facts that could plausibly give rise to a claim under either section. Under Section 1595, the basis for Plaintiff's new theory of liability, a plaintiff must allege facts plausibly showing that the defendant "knowingly benefit[ed] . . . from participation in a venture which [the defendant] knew or should have known" committed a human-trafficking crime in violation of Section 1591(a). 18 U.S.C. § 1595. Plaintiff's allegations, which are few in number and conclusory in nature, fall short of this requirement.

### 1. Plaintiff concedes that no sex-trafficking venture exists.

To state a claim under Section 1595, a plaintiff must first allege the existence of a venture engaged in sex-trafficking crimes in violation of Section 1591. *See* 18 U.S.C. § 1595 (providing that a defendant is civilly liable under the TVPRA if, among other things, the defendant "participat[ed] in a venture . . . [that] has engaged in a violation of this chapter"—*i.e.*, Section 1591(a)). In other words, liability under Section 1595 hinges on the existence of a "venture" that committed sex-trafficking crimes in violation of Section 1591. The Sixth Circuit Court of Appeals has made this point clear, holding that the word "venture," as used in Section 1591(a), means a "sex-trafficking venture" and only exists where "[t]wo or more people [] engage in sex trafficking together." *See United States v. Afyare*, 632 Fed. App'x 272, 286 (6th Cir. 2016).[1] Accordingly, a claim under Section 1595 requires a venture in which "two or more people" committed sex-trafficking crimes together.

In this case, Plaintiff has identified ten actors bearing some purported connection to her alleged trafficking—the nine defendants plus her trafficker. Plaintiff's response, however, concedes that neither WHRI nor any of the other defendants committed sex-trafficking crimes involving Plaintiff. *See, e.g.*, Dkt. 66, at 6 ("Count One of Plaintiff's Complaint . . . states a beneficiary theory of liability against the Movants pursuant to § 1595 of the TVPRA, **not a**

---

[1] Plaintiff contends that the Sixth Circuit's decision in *Afyare* and cases applying it (even in the civil context) are "inapposite" to Plaintiff's new theory of liability because those cases analyze "perpetrator" liability under Section 1591—not so-called "beneficiary" liability under Section 1595. That argument ignores the plain text of Section 1595, which clearly states that so-called "beneficiary" liability can only exist if the defendant has "participated in a venture . . . [that] has engaged in an act in violation of this chapter"—*i.e.*, a venture that has committed sex-trafficking crimes in violation of Section 1591. Thus, contrary to Plaintiff's contentions, the *Afyare* decision and its progeny remain directly relevant to determining whether a sex-trafficking venture exists because "beneficiary" liability under Section 1595 is predicated on the existence of a sex-trafficking venture under Section 1591.

*perpetrator theory of liability pursuant to § 1591*." (emphasis added)).  That leaves a sole actor, plaintiff's trafficker, who Plaintiff alleges violated Section 1591.  A "venture", however, only exists where "two or more people" commit sex-trafficking crimes "together", which Plaintiff now confirms she does not allege as to the defendants. *Afyare*, 632 Fed. App'x at 286.  Plaintiff's failure—and inability—to allege a venture is dispositive, and any amendment would be futile given Plaintiff's concession.  *See, e.g.*, *Christian Separatist Church Soc'y of Ohio v. Ohio Dep't of Rehab. & Correction*, 2:15-CV-2757, 2017 WL 4969308, at *3 (S.D. Ohio Nov. 1, 2017) (Marbley, J.), *appeal dismissed*, 17-4213, 2018 WL 6131852 (6th Cir. July 12, 2018) (addressing the futility of an amendment).

> ### 2. Even if Plaintiff had alleged the existence of a venture, Plaintiff does not (and cannot) allege that WHRI participated in such a venture.

In the sex-trafficking context, Section 1595 only gives rise to liability against a defendant who "participat[ed]" in a "venture" that committed sex-trafficking crimes. 18 U.S.C. § 1595. A defendant's lawful association with someone who commits sex-trafficking crimes is insufficient to show that the defendant itself "participat[ed]" in a sex-trafficking venture.  *Afyare*, 643 Fed. App'x at 286; *cf. United States v. Coppin*, 1 Fed. App'x 283, 288 (6th Cir. 2001) (explaining that "mere association with conspirators is not enough to establish participation in a conspiracy"). Rather, "participation" requires the commission of some "overt act" in furtherance of the venture; nonfeasance or the alleged failure to prevent trafficking are simply not enough under the TVPRA. *See Afyare*, 643 Fed. App'x at 286 (holding that "participating in a venture" requires "some overt act," and that "mere negative acquiescence" is not enough); *accord Ratha v. Phatthana Seafood Co., Ltd.*, CV 16-4271-JFW (ASX), 2017 WL 8293174, at *5 (C.D. Cal. Dec. 21, 2017); BLACK'S LAW DICTIONARY 1294 (10th ed. 2014) (defining "participation" as "[t]he act of taking part in something, such as a partnership, a crime . . . ."). As the Sixth Circuit has warned, construing the

phrase "participation in a venture" otherwise would "create a vehicle to ensnare conduct that the statute never contemplated." *Afyare*, 632 Fed. App'x at 286.

Even assuming that Plaintiff had alleged the existence of a "venture" that committed sex-trafficking crimes in violation of Section 1591 (as required to trigger liability under Section 1595), Plaintiff has not alleged that WHRI "participat[ed]" in that venture. Indeed, there is no allegation in the Complaint that WHRI interacted with Plaintiff's trafficker—the only person alleged to have committed a sex-trafficking crime. Instead, Plaintiff asks the Court to ignore Section 1595's "participation" element and effectively provide for strict liability for any lawful business that is alleged to have provided goods or services that may have been used by a sex trafficker. Specifically, without citing any legal authority, Plaintiff argues as follows:

> Businesses in the hospitality industry must take affirmative steps to determine whether they financially benefit from the occurrence of sex trafficking – and if so, prevent sex trafficking on their properties and thus the attendant financial benefit derived from the occurrence of sex trafficking. . . . [B]rand managers and branded properties within the hospitality industry must exert some meaningful effort to apprise themselves of the activities . . . on location at their hotel properties.

Dkt. 66, at 8-9. Plaintiff's argument for an "affirmative" duty to "prevent" sex trafficking cannot be reconciled with Section 1595's "participation" requirement.[2]

Because Plaintiff has not alleged that WHRI actually "participat[ed]" in a "venture" that committed sex-trafficking crimes, Plaintiff's claim under Section 1595 fails and the Complaint should be dismissed. *Compare Ricchio v. McLean*, 853, F.3d 553, 555-56 (1st Cir. 2017) (finding

---

[2] Indeed, because Plaintiff has not asserted well-pled facts showing that WHRI "participat[ed]" in a sex-trafficking venture, Plaintiff's Response repeatedly disregards Section 1595's "participation" requirement altogether. *See also* Dkt. 66, at 10 ("[V]ictims of sex trafficking [are] empowered to bring civil claims against whoever financially benefits from what they should have known was a sex trafficking venture.").

that plaintiff adequately alleged a TVPRA claim against a hotel owner—*i.e.*, not a franchisor or "brand manager"—because, as alleged, the owner not only witnessed the trafficker assault the plaintiff when she tried to escape from him, but also exchanged "high-fives" with the trafficker in the hotel parking lot).

### 3. Plaintiff's allegations do not give rise to a reasonable inference that WHRI should have known that Plaintiff was being trafficked.

Plaintiff focuses on the fact that Section 1595 requires a showing that the defendant "knew or should have known" the Plaintiff was trafficked, presumably because Plaintiff interprets that "should have known" standard as less onerous. *See* Dkt. 66, 12-19. Specifically, Plaintiff argues that WHRI "should have known" that Plaintiff was trafficked at the First Hotel Management, LLC ("FHM"), KRRISH Lodging, LLC ("KRRISH"), and S&S Airport Motel, LLC ("S&S") hotels because: (a) WHRI has general knowledge that prostitution and sex trafficking sometimes occur at hotels; (b) WHRI was "willfully blind" to Plaintiff's trafficking; and (c) staff at the FHM and KRRISH hotels should have recognized that Plaintiff was being trafficked, and the failure of FHM, KRRISH, and S&S's staffs to recognize signs of human trafficking should be imputed to WHRI. These arguments lack merit.

### (a) Generalized knowledge is insufficient.

To plausibly allege that a defendant "should have known" about particular instances of sex trafficking at a hotel, it is not enough to allege that a defendant has generalized knowledge that prostitution and trafficking sometimes occur at hotels. *See, e.g.*, *Ratha*, 2017 WL 8293174, at *5 ("Plaintiff's argue that Rubicon and Wales knew or should have known that Phatthana [] engaged in [human trafficking] based on general reports about human trafficking in Thailand and reports and letters by advocacy groups . . . . Plaintiffs have failed to demonstrate that Rubicon or Wales knew or should have known that human trafficking existed at Phatthana's Songkhla factory.");

6

accord *Ohio State Univ. v. Teespring, Inc.*, 2:14-CV-397, 2015 WL 13016358, at *5 (S.D. Ohio Apr. 13, 2015) (dismissing complaint for failure to state a claim, reasoning that plaintiff's allegation that the defendant "was generally aware that the platform it provides is sometimes used to create infringing products" was insufficient to show that the defendant had "reason to know" of particular instances of infringing products).[3]

### (b) There are no well-pled allegation of willful blindness.

To plausibly support the contention that WHRI was "willfully blind" to Plaintiff's trafficking, Plaintiff must allege facts sufficient to give rise to a plausible inference that (i) WHRI subjectively believed that there was a high probability that Plaintiff was being trafficked, and (ii) WHRI took deliberate steps to avoid confirming Plaintiff was being trafficked. *See, e.g.*, *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011) (holding that "willful blindness" has "two basic requirements: (1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact"); *United States v. Fillers*, 1:09-CR-144, 2012 WL 715256, at *3 (E.D. Tenn. Mar. 1, 2012), *aff'd sub nom. United States v. Mathis*, 738 F.3d 719 (6th Cir. 2013).

While Plaintiff alleges that WHRI was "willfully blind" (*see, e.g.*, Dkt. 1, at ¶ 72), Plaintiff never alleges any facts plausibly suggesting that WHRI had a subjective belief that Plaintiff was

---

[3] *See also, e.g.*, *Misko v. Speedway, LLC*, 16-CV-13360, 2018 WL 2431638, at *10 (E.D. Mich. May 29, 2018) ("[G]eneral knowledge that a condition can materialize is not sufficient to create constructive knowledge of the existence of a particular condition at a specific time." (internal quotations omitted)); *Rudd v. Bartlett*, 55 N.E.3d 1169, 1173 (Ohio Ct. App. 2016) ("[G]eneral knowledge of the possibility of a defect does not rise to the level of actual or constructive notice. Under these facts, we cannot say that [defendant] had actual notice or ***should have known*** that the smoke detectors were not operational . . . ." (emphasis added)); *Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 163 (4th Cir. 2012) ("It is not enough to have general knowledge that some percentage of the purchasers of a product or service is using it to engage in infringing activities; rather, the defendant must supply its product or service to identified individuals that it knows or ***has reason to know*** are engaging in trademark infringement." (emphasis added)).

likely being trafficked.  In fact, Plaintiff does not allege  that WHRI was aware of or interacted

with Plaintiff or her trafficker.  Nor does Plaintiff allege that WHRI took deliberate steps to avoid

confirming that Plaintiff was being trafficked, let alone specify what those steps may have been.

Plaintiff, therefore, cannot rely on her conclusory allegations that WHRI was willfully blind to

satisfy Section 1595's "knew or should have known" requirement.

> **(c)**      **There are no well-pled allegations that could plausibly support imputation of knowledge from S&S, FHM, and KRRSH's staffs to WHRI.**

Finally, Plaintiff alleges that staffs of S&S, FHM, and KRRSH observed indicia of sex

trafficking (*see* Dkt. 1, at ¶ 54) and seeks to impute those observations to WHRI.  *See* Dkt. 1, at ¶¶

66-71.  Plaintiff's attempts at imputation lack merit.

Plaintiff's allegations of alter ego liability and the like are legal conclusions couched as

facts and should be disregarded under the Rule 12(b)(6) analysis.  *See* Dkt. 52, at 8 n.1; *see also*

*Thomas v. Progressive Cas. Ins. Co.*, No. 3:15-CV-456, 2016 WL 3766406, at *2 (S.D. Ohio July

11, 2016) (internal quotations omitted); *Bricker v. R & A Pizza, Inc.*, 804 F. Supp. 2d 615, 621

(S.D. Ohio 2011) (dismissing claims against franchisor made under joint-employer and agency

theories where allegations in complaint were conclusory); *Ackison Surveying, LLC v. Focus Fiber*

*Sols., LLC*, 2:15-CV-2044, 2017 WL 958620, at *3 (S.D. Ohio Mar. 13, 2017) (Marbley, J.) ("The

Court does not accept as true allegations that state legal conclusions, such as 'Defendant is the

alter ego of its parent' and 'the parent's control of Defendant was so complete that Defendant had

no separate mind, will, or existence of its own.'" (internal alterations and quotations omitted));

*Gardner v. Michigan*, 14-CV-14134, 2017 WL 9472883, at *4 (E.D. Mich. Feb. 9, 2017), *report*

*and recommendation adopted*, 14-14134, 2017 WL 744237 (E.D. Mich. Feb. 27, 2017)

(recognizing that "bulleted lists of bare-boned allegations" are insufficient to withstand a Rule

12(b)(6) motion to dismiss).

Plaintiff also ignores that the Sixth Circuit has held that liability under the TVPRA cannot be premised on a lawful relationship unrelated to sex trafficking. *See, e.g.*, *Afyare*, 632 Fed. App'x at 286 (finding that a lawful relationship unrelated to sex trafficking—*e.g.*, a franchisor-franchisee relationship—cannot give rise to "venture" liability by itself). Indeed, Plaintiff cites no authority suggesting that any of Plaintiff's imputation theories are viable bases for establishing liability under the TVPRA. *See, e.g.*, *Trustees of Detroit Carpenters Fringe Benefit Funds v. Patrie Const. Co.*, 618 Fed. App'x 246, 252 (6th Cir. 2015) (recognizing that, to withstand a challenge under Rule 12(b)(6), a plaintiff must allege "direct or inferential allegations" giving rise to a plausible right to relief under some "viable legal theory").

Moreover, Plaintiff cannot overcome the Complaint's pleading deficiencies based on the unfounded hope that discovery might yield facts Plaintiff has not alleged. *See* Dkt. 66, at 27-28. Plaintiff's discovery-based arguments try to turn the 12(b)(6) analysis upside down[4] and amount to a tacit admission that the Complaint lacks well-pled allegations that could plausibly support imputing anything to WHRI. The fact remains that the Complaint does not include any well-pled factual allegations to support imputation.

---

[4] A plaintiff must allege facts in the complaint that "state a claim for relief that is plausible on its face" and, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Crawford v. Columbus State Cmty. Coll.*, 196 F. Supp. 3d 766, 772 (S.D. Ohio 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A complaint cannot survive a motion to dismiss unless it contains "direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 U.S. 516, 519 (6th Cir. 2008) (internal quotations omitted). Mere legal conclusions, unsupported by factual allegations, are insufficient. *Hogan v. Cleveland Ave. Rest. Inc.*, No. 2:15-CV-2883, 2018 WL 1475398, at *2 (S.D. Ohio Mar. 26, 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Rather, "[l]egal conclusions 'must be supported by well-pleaded factual allegations . . . [that] plausibly give rise to an entitlement to relief." *Thomas*, 2016 WL 3766406, at *2 (quoting *Iqbal*, 556 U.S. at 679).

For these reasons, Plaintiff cannot rely on imputation to establish liability under the TVPRA against WHRI.

**B.     The Complaint Impermissibly Relies On Group Pleading.**

As set forth in WHRI's Motion, the Complaint impermissibly rests on allegations against all of the defendants collectively, rather than making specific allegations against WHRI individually, thus depriving WHRI of fair notice of what it is alleged to have done.  Presumably, Plaintiff utilizes this tactic because there is no good-faith basis for alleging facts specific to WHRI that could give rise to a plausible right to relief under the TVPRA.  *See* Dkt. 52, at 4-5.  Plaintiff defends her use of this approach by first arbitrarily arguing that such pleading tactics are only impermissible in other contexts—*i.e.*, where a plaintiff alleges violations of 42 U.S.C. § 1983 or fraud.  *See* Dkt. 66, at 28-29.  Plaintiff then argues that the Complaint alleges sufficient facts against WHRI individually to plausibly state a TVPRA claim against it.  *See* Dkt. 66, at 29-30.  Plaintiff's arguments lack merit.

Courts across the country (including several cited in WHRI's Motion) recognize that, even outside the Section 1983 and fraud contexts, a plaintiff cannot rely on allegations made against a group of defendants collectively to withstand a Rule 12(b)(6) motion.  *See, e.g.*, *Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-CV-3435, 2015 WL 3833447, at *6 (S.D. Tex. June 22, 2015); *Ingris v. Borough of Caldwell*, CIV.A. 14-855 ES, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015).[5]

---

[5] *See also, e.g.*, *McSweeney v. City of Bell*, CV087006JFWPLAX, 2009 WL 10700299, at *2 (C.D. Cal. Mar. 13, 2009); *Legends Collision Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, 614CV6006ORL31TBS, 2016 WL 3456845, at *6 (M.D. Fla. Apr. 29, 2016), *report and recommendation adopted*, 614CV6006ORL31TBS, 2016 WL 7404476 (M.D. Fla. Dec. 22, 2016); *City of Miami v. JPMorgan Chase & Co.*, 171 F. Supp. 3d 1309, 1314 (S.D. Fla. 2016); *Energizer Brands, LLC v. Procter & Gamble Co.*, 4:16-CV-223 (CEJ), 2016 WL 2894708, at *2 (E.D. Mo. May 18, 2016); *Seni v. Peterschmidt*, 12-CV-00320-REB-CBS, 2014 WL 561618, at *11 (D. Colo. Feb. 12, 2014).

Moreover, the few, conclusory allegations directed to WHRI only suggest that WHRI is generally aware that human trafficking sometimes occurs at hotels. *See* Dkt. 1, at ¶¶ 60-65. This unremarkable assertion is not sufficient to show that WHRI "knew or should have known" that this Plaintiff was being trafficked at the S&S, FHM, and KRRSH hotels. The Complaint does not include any well-pled, specific factual allegation that WHRI participated in a sex-trafficking venture that trafficked Plaintiff, that WHRI knowingly benefited from such a venture, or that WHRI knew or should have known that Plaintiff was trafficked at the S&S, FHM, and KRRSH hotels. Plaintiff's Complaint fails to state a plausible right to relief against WHRI under the TVPRA, and Plaintiff's Complaint should be dismissed.

## III.    CONCLUSION

The Complaint fails to state a claim under the TVPRA. Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6). Leave to amend the Complaint should not be granted because Plaintiff has effectively conceded that any such amendment would be futile. *See, e.g.*, *supra* § II.A.1. Accordingly, the Complaint should be dismissed with prejudice and without leave to amend.

Dated: June 24, 2019                                  Respectfully submitted,


                                                     */s/ Elisé K. Yarnell*
                                                     Michael R. Reed (0063995)
                                                     Elisé K. Yarnell (0093996)
                                                     Hahn Loeser & Parks LLP
                                                     65 East State Street, Suite 1400
                                                     Columbus, Ohio 43215
                                                     (614) 233-5165
                                                     mreed@hahnlaw.com
                                                     eyarnell@hahnlaw.com

David S. Sager (*pro hac vice*)
DLA Piper LLP (US)
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
973.520.2550
david.sager@dlapiper.com

*Attorneys for Defendant*
*Wyndham Hotels & Resorts, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of June, 2019, a copy of the foregoing document was served on all counsel of record via the Court's electronic filing system.

_/s/ Elisé K. Yarnell_
*Counsel for Defendant*
*Wyndham Hotels & Resorts, Inc.*