UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| M.A., an individual, ) | |
| ) | CASE NO. 2:19-cv-00849 |
| Plaintiff ) | |
| ) | Judge Algenon L. Marbley |
| vs. ) | |
| ) | Magistrate Elizabeth Preston Deavers |
| WYNDHAM HOTELS AND ) | |
| RESORTS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S
REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I.     INTRODUCTION**

Nothing in Plaintiff's Consolidated Response to the Defendants' Motions to Dismiss saves Plaintiff's Complaint as to Choice from dismissal.  Plaintiff simply has not, and cannot, plausibly allege that Choice actually "participated" in any venture that was engaged in sex trafficking.  Nor has Plaintiff plausibly alleged a causal nexus between any affirmative conduct by Choice in furtherance of the alleged sex trafficking venture and Choice's "knowing" receipt of any financial benefit.  Plaintiff has failed to explain how the TVPRA supports a finding of liability against a hotel franchisor, and her conclusory assertions of agency, joint employer, and single employer are also wholly insufficient to impart liability as to Choice.

**II.    ARGUMENT**

    **A. Plaintiff has not plausibly alleged that Choice "participated" in any "venture" that it either "knew or should have known" was engaged in sex trafficking.**

In her Response, Plaintiff attempts to stretch the TVPRA far beyond its plain language meaning and clear intent.  Plaintiff asserts that a "financial beneficiary claim" under the TVPRA "need not allege knowing assistance or actual knowledge that the venture in which it participated violated the TVPRA, only that the entity should have known the venture from which it benefitted violated the TVPRA."  (Doc. # 66, PageID 949.)  The fundamental problem with Plaintiff's position is that it completely disregards the plain language of the TVPRA requiring that the alleged actor "knowingly benefit[ ]" from "**participation** in a venture which that person knew or should have known has engaged in an act in violation of this chapter." *See* 18 U.S.C. § 1595 (emphasis added).  Plaintiff asks this Court to ignore the plain meaning of the TVPRA which clearly requires proof of actual "participation" in a sex trafficking venture. *See, e.g.*, *United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 543 (1940) ("There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook

to give expression to its wishes."); *Dept. of Housing and Urban Dev. v. Rucker*, 535 US. 125, 134-35 (2002) ("To avoid a law's plain meaning in the absence of ambiguity 'would trench upon the legislative powers vested in Congress by Art. I, § 1, of the Constitution.'")

Plaintiff does not and cannot allege Choice's "participation" in what it either "knew or should have known" was a "sex trafficking venture" whatsoever. Instead, Plaintiff has only alleged, in the most conclusory fashion, that "Defendants knowingly benefitted financially from the presence of traffickers at their hotel properties by consistently renting rooms where a trafficker repeatedly sold the Plaintiff for sex at Defendants' hotel properties and accordingly, participated in the trafficking venture that exploited her by the various means described herein." (Doc. # 66, PageID 948 (citing Doc. #1 at ¶ 108.)) This bald allegation is insufficient. As the Sixth Circuit recognized in *United States v. Afyare*, 632 F. App'x 272, 279 (6th Cir. 2016):

> A "venture," according to Black's Law Dictionary, is "[a]n undertaking that involves risk; esp., a speculative commercial enterprise." And according to the Random House Webster's Unabridged Dictionary, a "venture" is "an undertaking involving uncertainty as to the outcome, esp. a risky or dangerous one"; or "a business enterprise or speculation in which something is risked in the hope of profit; a commercial or other speculation"; or "the money, ship, cargo, merchandise, or the like, on which risk is taken in a business enterprise or speculation." Clearly, each of these definitions requires an undertaking of some kind directed to some defined end.

Here, Plaintiff has not alleged any specific action or "undertaking" by Choice, Buckeye Hospitality, or any of Choice's other alleged agents or employees, as it relates to the alleged sex trafficking venture at issue in this case, as is required to state a claim for a violation under the TVPRA. *See Afyare*, 632 F. App'x at 286 ("Two or more people who engage in sex trafficking together are a sex-trafficking venture.").

Plaintiff's reliance on *Ricchio v. McLean*, 843 F. 3d 553 (1st Cir. 2017) is similarly misplaced. In that case, the plaintiff specifically alleged that the hotel operators and the guest/trafficker enthusiastically expressed intent to reinstate their commercial dealings by high-

3

fiving while speaking about "getting this thing going again," that the hotel operators ignored the plaintiff's plea for help and showed indifference to her obvious physical deterioration, and that they watched the guest/trafficker grab, kick, and force the plaintiff back into a room when she tried to escape. The court found that these allegations were "plausible support" for pleading a violation of the TVPRA. *See id.*

The conduct alleged in this case comes nowhere close to that pled in *Ricchio*. And, more importantly, *Ricchio* did not involve allegations against a franchisor. Plaintiff's generic assertion in this case that all Defendants are liable as a result of the mere alleged presence of an alleged sex trafficker at the various hotels, without more, fails to plausibly state a claim against Choice for a violation of the TVPRA. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

**B. Plaintiff does not, and cannot, plausibly allege that Choice benefitted "knowingly" from the alleged sex trafficking venture at issue in this case.**

In addition to failure to plausibly allege actual "participation," Plaintiff has failed to allege facts regarding how Choice "knowingly benefitted" financially or otherwise from the alleged sex trafficking venture in this case. *See* 18 U.S.C. § 1595 ("An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever **knowingly benefits**, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) …."). In order to plead her claim, Plaintiff must allege specific facts tying the alleged sex trafficking venture to the "knowing" receipt of a benefit by Choice. The fact remains that Plaintiff does not and cannot allege that Choice, Buckeye Hospitality, or any of Choice's other alleged agents or employees, had any knowledge of or interaction with Plaintiff or her alleged

4

trafficker or knew that she was being trafficked, much less how Choice, as a franchisor, knew that any funds it received were in any way connected to the circumstances alleged.

### C. Choice cannot be held liable under the TVPRA for an alleged failure to implement policies and procedures.

Plaintiff posits that Choice should be held liable under the TVPRA because it allegedly "assumed the duty to set policies and procedures relative to how its franchisees should prevent sex trafficking on its branded properties" and "failed or otherwise refused to implement its own or other appropriate policies and procedures[.]" (Doc. # 66, PageId 964.) Even taking these allegations as true, they are legally insufficient to state a claim for violation of the TVPRA. Liability under the TVPRA requires actual affirmative "participation" in a sex trafficking "venture." It does not reach "mere negative acquiescence" (*see Afyare*, 632 F. App'x at 286) or purported failure to prevent sex trafficking.

### D. Plaintiff's claim under the TVPRA cannot be sustained under an agency or joint employer theory.

In response to Choice's argument with respect to her agency, joint employer, and single employer allegations, Plaintiff states that such issues are "for the trier of fact and [ ] not properly considered pre-discovery without any factual development." (Doc. # 66, PageID 961, 965-66.) But, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plaintiff's Response demonstrates that she has nothing beyond mere conclusions in support of her claim against Choice.

In support of her agency theory, Plaintiff simply argues that "Choice and Wyndham are businesses in the hospitality industry that manage and operate hotel brands including their respective Defendant branded properties in Columbus, Ohio where Plaintiff was trafficked for sex." (Doc. # 66, PageID 962.) Likewise, Plaintiff contends that Choice and Wyndham are

"joint employers because of the brand specific controls that each separately requires their branded hotel properties to follow, they are each a joint employer of the staff at their respective brand hotels." (Doc. # 66, PageID 965.)  Beyond her failure to differentiate her allegations between Defendants, Plaintiff's Complaint and Response are devoid of factual development with respect to how Choice allegedly manages or operates the hotel at issue so as to support holding it liable for any alleged acts or omissions of Buckeye Hospitality.  What's more, as noted in Buckeye Hospitality's Motion to Dismiss, Plaintiff has not even alleged any specific facts related to underlying acts or omissions by Buckeye Hospitality at all.  (Doc. # 39-1, PageId 206.)

In addition to these obvious pleading deficiencies, Plaintiff's allegations do not pass substantive muster.  Plaintiff still has not articulated any legal basis for holding a franchisor liable under the TVPRA for the alleged actions or inactions of its franchisee.  It bears repeating that liability under the TVPRA requires that the alleged actor "knowingly" receive a benefit from actual, affirmative "participation" in a sex trafficking venture.  *See* 18 U.S.C. § 1595.

**III.     CONCLUSION**

For all the foregoing reasons, Choice's Motion to Dismiss Plaintiff's claims should be granted, and all claims asserted against Choice should be dismissed with prejudice.

    Respectfully submitted,

*/s/ Jennifer Snyder Heis*
Jennifer Snyder Heis (#0076181) (Trial Attorney)
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio  45202-2409
(513) 698-5000
(513) 698-5001 FAX
jheis@ulmer.com

and

6

        Alyson Terrell (#0082271)
        ULMER & BERNE LLP
        65 East State Street, Suite 1100
        Columbus, Ohio  43215
        (614) 229-0042
        (614) 229-0043 FAX
        aterrell@ulmer.com

        and

        Sara M. Turner (*pro hac vice*)
        BAKER, DONELSON, BEARMAN, CALDWELL
        & BERKOWITZ
        Wells Fargo Tower
        420 20th Street North, Suite 1400
        Birmingham, AL 35203
        (205) 250-8316
        smturner@bakerdonelson.com

        ***Attorneys for Defendant***
        ***Choice Hotels International, Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was electronically filed through the Court's Electronic Case Filing System (CM/ECF) on the 24th day of June, 2019, and Notice will thus be sent to all registered parties, per Civil Rule 5(b)(2)(E).

*/s/ Jennifer Snyder Heis*
Jennifer Snyder Heis (0076181)
*Counsel for Defendant Choice Hotels International, Inc.*