**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| M.A., an individual, | : | Case No. 2:19-cv-00849 |
| | : | |
| Plaintiff, | : | Judge Algenon L. Marbley |
| | : | |
| v. | : | Chief Magistrate Judge Elizabeth A. Preston Deavers |
| | : | |
| WYNDHAM HOTELS AND RESORTS INC., ET AL., | : | |
| | : | |
| Defendants. | : | |

**KRRISH'S REPLY TO PLAINTIFF'S CONSOLIDATED
RESPONSE TO THE DEFENDANTS' MOTIONS TO DISMISS**

**I.     INTRODUCTION**

Plaintiff alleged a violation of Section 1591(a)(2) in her Complaint, but she has apparently changed her theory of liability midstream, and she now claims a standalone violation of Section 1595(a).  Plaintiff tries to give her new theory of liability a veil of legitimacy by discussing the history of the TVPRA and various canons of statutory interpretation.  However, these arguments are nothing but smoke and mirrors used by Plaintiff to support her faulty premise that a standalone claim under Section 1595(a) exists.  Plaintiff's new theory of liability fails because Section 1595(a) does not provide a standalone claim for relief.  It merely provides Plaintiff with a private right of action to allege substantive violations of the TVPRA.  Thus, to the extent that Plaintiff's claim is now premised upon a standalone violation of Section 1595(a), it is legally deficient and should be dismissed.

Moreover, even if the Complaint is construed as one alleging a violation of Section 1591(a)(2), it still would not withstand scrutiny under Fed. R. Civ. P. 12(b)(6).  It relies solely on conclusory and general allegations, and critically, it fails to identify any specific factual allegations

that plausibly allege that Krrish, or any individual who could bind the Hotel, benefitted from, knew of (or at least recklessly disregarded the pertinent facts), or participated in the sex trafficker's scheme. Because the Complaint contains no specific factual allegations that would render a violation of Section 1591(a)(2) by Krrish plausible on its face, it should be dismissed.

## II. ARGUMENTS IN REPLY

### A. Section 1595(a) Is Not A Standalone Claim.

Plaintiff attempts to invent a new claim from whole cloth. Specifically, she argues that Section 1595(a) created a new breed of a beneficiary claim that does not require her to allege a violation of Section 1591(a)(2). Plaintiff's Consolidated Response to the Defendants' Motions to Dismiss ("Resp. Br."), Doc #: 66, PAGEID #: 948. It is obvious why Plaintiff takes such an unprecedented position. She wants the Court to expand the web of potential civil liability for beneficiary claims by essentially eliminating the requirement of knowing participation in a venture. *Id.* at PAGEID #: 953 (submitting that, "[i]n order to state a claim, the Plaintiff must merely allege that Defendants should have known they were benefitting financially from a sex trafficking venture"). Krrish is presently unaware of any court endorsing Plaintiff's unprecedented view of beneficiary claims, and she did not identify any in her Resp. Br. that support it.

It is hardly surprising that Plaintiff failed to identify any support for her position. Section 1595(a) cannot be violated. That is, it does not create a standalone claim, but rather, it provides victims a right to recover damages and reasonable attorneys' fees for the violations enumerated in 18 U.S.C. Chapter 77 – Peonage, Slavery, and Trafficking In Persons. Indeed, at least one court has considered Plaintiff's unprecedented view of Section 1595(a), and it rejected it. *Paguirigan v. Prompt Nursing Emp. Agency LLC*, 286 F.Supp.3d 430, 436 n.4 (E.D.N.Y.2017) ("Plaintiff's first claim is under 18 U.S.C. § 1595, but that provision simply grants plaintiff a private right of

action to allege substantive violations of the TVPA. It is not a standalone claim. I therefore start with plaintiff's claim under § 1589."); *Cf. Walsh v. Bremer*, Superior Court, Judicial District of Fairfield, Bridgeport, Docket No. CV18607094S (Jan. 18, 2019) ("The defendant argues that count two is legally insufficient because the plaintiff alleges that the defendant violated 18 U.S.C. § 1595(a), which is not a statute that can be violated but rather provides a cause of action for a violation of the TVPA. On August 29, 2018, the plaintiff filed a request for leave to file a second amended complaint . . . The second amended complaint is operative, and thus the plaintiff has remedied the defect that was the basis for the motion to strike as to count two.").

Here, according to her Resp. Br., Plaintiff's sole claim now is that Krrish violated Section 1595(a). Because Section 1595(a) does not create an independent claim, the Complaint is legally deficient, and it should be dismissed.

### B. The History Of Section 1595(a) Does Not Support Plaintiff's New Theory Of Liability.

Plaintiff contends that the 2008 amendments to the TVPRA created a new claim under Section 1595(a) whereby she is not required to plead and prove a violation of Section 1591(a)(2). Resp. Br. at PAGEID #: 945-946, 948. Plaintiff misconstrues the overall impact of these amendments on beneficiary claims. They did not create the new kind of beneficiary claim that Plaintiff attempts to pursue in this action.

The Trafficking Victims Protection Act of 2000 and subsequent reauthorizations contain a number of criminal statutes that are generally referred to as the Chapter 77 crimes, since they appear in Chapter 77 of Title 18 of the U.S. Code. These criminal prohibitions include:

- 18 U.S.C. § 1581, Peonage;
- 18 U.S.C. § 1584, Sale into involuntary servitude;
- 18 U.S.C. § 1589, Forced labor;
- 18 U.S.C. § 1590, Trafficking with respect to peonage, slavery, involuntary servitude, or forced labor;

- 18 U.S.C. § 1591, Sex trafficking of children or by force, fraud, or coercion;
- 18 U.S.C. § 1592, Unlawful conduct with respect to documents in furtherance of trafficking, peonage, slavery, involuntary servitude, or forced labor; and
- 18 U.S.C. § 1593A, Benefitting financially from peonage, slavery, and trafficking in Persons.

In 2003, Congress created a private right of action to allow trafficking victims to bring civil actions against perpetrators of human trafficking crimes. 18 U.S.C. § 1595(a) (2003).

In 2008, Congress expanded the private right of action. Although the Wilberforce Amendments amended Section 1595(a) in a number of ways, one is particularly relevant here. The 2008 amendments granted victims of *any* violation of 18 U.S.C. Chapter 77 the right to pursue a civil action against those who profiteer from any such violation. Cong. Research Serv., R40190, The William Wilberforce Trafficking Victims Protection Reauthorization Act of 20008 (P.L. 110-457): Criminal Law Provisions, at 16 (Jan. 29, 2009). This change recognized that profiteering was criminalized only by Sections 1581, 1589, 1591, and 1592, and it expanded civil liability to cover both profiteers whose violations are criminalized under the TVPRA as well as those whose violations are not. *Id.* at 16. As explained in the CRS Report for Congress:

> Thus for example, a profiteer, who benefits from a third person holding an individual in involuntary servitude in violation of Section 1584, faces no criminal liability under that section. The individual, however, may recover civil damages and attorneys' fees against the profiteer based on the harm caused the individual for the violation of Section 1584.

*Id.* Thus, following 2008, any crime that a federal prosecutor could charge under Chapter 77 of Title 18 of the U.S. Code could be included in a federal civil complaint brought under Section 1595(a). Congress's obvious goal was to provide victims a means to obtain personal compensation for the criminal violations in the TVPRA by holding liable those who perpetrated or profited from participating in the victim's exploitation. *Cf. Rotella v. Wood*, 528 U.S. 549, 557-58 (2000) (private right of action "is thus not merely to compensate victims but to turn them into prosecutors").

Given this legislative history, Section 1595(a) is not a statute that can be violated but rather is one that provides a civil cause of action for a violation of the Chapter 77 crimes, or in this case, sex trafficking under 18 U.S.C. § 1591. Thus, contrary to Plaintiff's view, this history hardly indicates that Congress intended to create a new kind of claim that does not require pleading and proving an underlying violation of the TVPRA or knowing participation in a sex trafficking venture.

### C. **Plaintiff's Unprecedented View Of Section 1595(a) Would Have Absurd Consequences.**

Besides the fact that Plaintiff's view of Section 1595(a) as a standalone claim has been rejected and the TVPRA's history does not support it, accepting her new theory of liability would turn Section 1595(a) on its head and dangerously expand the web of potential civil liability for beneficiary claims to parties well beyond those ever intended or imagined by Congress.

By way of an example, consider the sex trafficker who uses a prepaid cell phone in order to traffic his victim. The trafficker and a female visit a local cell phone store in order to purchase a prepaid cell phone. The sales clerk notices that the female appears to be physically deteriorated, bruised, and would not make eye contact. The sales clerk sells them a prepaid cell phone. Consider next a pharmacy that, under similar circumstances, sells condoms to the trafficker and the female. Are the cell phone store and pharmacy subject to civil liability as beneficiaries? According to Plaintiff, the answer is yes, because all that she needs to allege in order to state a beneficiary claim is that the cell phone store and pharmacy should have known that they were benefitting from a sex trafficking venture.

While the 2008 amendments widened the reach of the TVPRA, Plaintiff's position leads to absurd results like those above. Congress could not have intended that such unwitting sales of

a prepaid cell phone and condoms to a sex trafficker, or a multitude of other kinds of transactions, were meant to be ensnared by the civil remedy of Section 1595(a).

### D. **Plaintiff's Attempts To Distinguish The *Weinstein* Line of Cases And *Ricchio* Are Unpersuasive.**

First, Plaintiff attempts to distinguish the *Weinstein* line of cases by arguing that those cases are inapposite because they involved claims alleging violations of Section 1591(a)(2) whereas here she alleges only a violation of Section 1595(a). Resp. Br., Doc #: 66, at PAGEID #: 954. As set forth above, since Section 1595(a) is not a standalone claim, Plaintiff's attempt to distinguish these cases is unpersuasive.

Second, Plaintiff claims that *Ricchio* supports her expansive view that the mere rental of a hotel room which is used for sex trafficking can constitute "knowingly benefits." Resp. Br., Doc #: 66, at PAGEID #: 955. This is wrong. Plaintiff overlooks the fact that in *Ricchio* there was a causal relationship between the rental of a room furthering the sex trafficking venture and the receipt of payment. Specifically, there, the plaintiff alleged that the motel owners/operators received rent payments from someone who they knew was holding the plaintiff hostage and planning to use her as a prostitute. *Ricchio v. McLean*, 853 F.3d 553, 555-56 (1st Cir. 2017). Here, Plaintiff makes no such allegations that her sex trafficker provided room rental payments to Krrish because the Hotel facilitated his sex trafficking venture.

### E. **Plaintiff Failed To Identify Factual Allegations That Krrish Knowingly Benefitted From Participation In A Sex Trafficking Venture.**

Plaintiff's Resp. Br. points only to her generic allegation that "Defendants knowingly benefitted financially from . . . consistently renting rooms where a trafficker repeatedly sold the Plaintiff for sex . . .." Resp. Br., Doc #: 66, at PAGEID #: 948 (citing Compl., Doc #: 1, PAGEID #: 35, ¶ 108). The remainder of this section of her Resp. Br. fails to address this element.

As Krrish noted in its motion to dismiss, the controlling issue here is whether Plaintiff's sex trafficker provided any benefits to the Hotel because it assisted the sex trafficking venture. Mem., Doc #: 43, PAGEID #: 287 (citing *Geiss v. The Weinstein Company Holdings, LLC, et al.*, Case No. 1:17-cv-09554-AKH, Document 278, Page 17 of 30 (S.D.N.Y. April 18, 2019)). Plaintiff has not identified any specific allegations in the Complaint that would plausibly support an affirmative conclusion.

### F. **Plaintiff Failed To Identify Factual Allegations That Krrish Knowingly Participated In A Sex Trafficking Venture.**

Plaintiff's argument on this element is based upon her view that Section 1595(a) essentially eliminated it. As discussed above, her view is wrong. "Participation in a venture" is defined by Section 1591(e)(4) as "knowingly assisting, supporting, or facilitating a violation of [Section 1591(a)(1)]." The usual presumption is that "identical words used in different parts of the same statute" carry "the same meaning." *IBP, Inc. v. Alvarez*, 546 U.S. 21, 34, 126 S.Ct. 514, 163 L.Ed.2d 288 (2005). Plaintiff has not offered any persuasive arguments to find otherwise.

As discussed in Krrish's motion to dismiss, the Complaint alleges no factual allegations that Krrish or anyone that could bind the Hotel took any actions that could be construed as knowingly participating in the sex trafficking venture. Furthermore, even if the Court analyzed the Complaint under Plaintiff's view of constructive knowledge, it would still fail to state a claim for similar reasons. The Complaint contains no factual allegations specific to Krrish or any individual who could bind the Hotel, and it only contains generic references to "hotel staff." Even if the generic references to hotel staff are taken as true, it would not be reasonable to make an inference that imputes their alleged knowledge up the chain to Krrish or anyone who could bind the Hotel.

Accordingly, because the requirement that Krrish knowingly participated in a sex trafficking venture is not supported by factual allegations in the Complaint or any reasonable inferences, it must be dismissed.

### G. Plaintiff Failed To Address The Inadequacy Of Her Allegations Of A Venture Between Krrish And The Sex Trafficker.

A "venture" is "any group of two or more individuals associated in fact, whether or not a legal entity." 18 U.S.C. 1591(e)(6).  Here, the Complaint indicates that the only venture that Krrish allegedly ever entered into with the sex trafficker involved the lawful rental of a room.  None of Plaintiff's allegations come close to even remotely suggesting that the Hotel associated with the sex trafficker in an effort to traffic Plaintiff for sex or to assist in any manner the trafficker's illegal scheme.  As such, the allegations in the Complaint are inadequate to plausibly allege a venture between Krrish and the trafficker.

### H. Plaintiff Failed To Identify Allegations Of Krrish's Knowledge Of The Perpetrator's Sex Trafficking Scheme.

Section 1591(a)(2) requires that Krrish know, or, in the very least, recklessly disregard, that means of force, threats of force, fraud, coercion, or any combination of such means would be used by the perpetrator to cause Plaintiff to engage in a commercial sex act.  Plaintiff points to no allegations specific to Krrish or any individual who could bind the Hotel, and it only contains generic references to "hotel staff."  It would be an unreasonable inference to impute the alleged knowledge of hotel staff to Krrish or anyone who could bind the Hotel.

### I. The Complaint Fails To Make Allegations Against Krrish Or Anyone Who Could Bind The Hotel.

It bears repeating that, at best, the Complaint contains only generic references to "hotel staff."  For Krrish to face potential liability here, Plaintiff must allege knowledge or conduct by Krrish or any person who could bind the Hotel, which she has failed to do.  Furthermore, the

Complaint does not describe circumstances where it would reasonable to infer knowledge or conduct by Krrish or any person who could bind the Hotel. As such, the Complaint should be dismissed,

### III. CONCLUSION

For the further reasons set forth herein, Krrish respectfully requests that the Court dismiss the Complaint against the Hotel for failure to state a claim.

Respectfully submitted,

**FISHER & PHILLIPS LLP**

/s/ *Mathew A. Parker*
Samuel N. Lillard (0040571)
Mathew A. Parker (0093231)
250 West Street, Suite 400
Columbus, Ohio 43215
(614) 221-1425
(614) 221-1409 Fax
slillard@fisherphillips.com
mparker@fisherphillips.com

*Counsel for Defendant Krrish Lodging, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 24, 2019, I electronically filed the foregoing Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Mathew A. Parker
Mathew A. Parker (0093231)

*Counsel for Defendant Krrish Lodging, LLC*
