**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **M.A., an individual,** | ) |
| | ) |
| **Plaintiff,** | ) **CIVIL ACTION NO: 2:19-cv-00849** |
| | ) |
| **v.** | ) **Judge Algenon L. Marbley** |
| | ) |
| | ) **Magistrate Judge Elizabeth Preston** |
| **WYNDHAM HOTELS AND RESORTS, INC.,** | ) **Deavers** |
| ***et al.,*** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFF'S CONSOLIDATED RESPONSE AND MEMORANDUM OF LAW**
**OPPOSING NATIONWIDE AND AMERICAN FAMILY'S  MOTIONS TO INTERVENE**

COMES NOW the Plaintiff, M.A., by and through the undersigned counsel, and respectfully requests that this Honorable Court enter an order denying the motions to intervene filed by Nationwide Property & Casualty Insurance Company ("Nationwide P&C") and Nationwide Mutual Fire Insurance Company ("Nationwide Fire") (collectively, "Nationwide") (ECF No. 65) and American Family Mutual Insurance Company ("American Family") (ECF No. 64).  The reasons in support of Plaintiff's opposition are set forth in the attached memorandum of law.

Respectfully submitted,

**/s/ Steven C. Babin, Jr.**
Steven C. Babin, Jr. (0093584)
Babin Law, LLC
1320 Dublin Road, #100
Columbus, Ohio 43215
T: 614.384.7035
E: steven.babin@babinlaws.com

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
## NATIONWIDE AND AMERICAN FAMILY' S MOTIONS TO INTERVENE

COMES NOW the Plaintiff, M.A. (the "Plaintiff" or "M.A."), by and through the undersigned counsel, and respectfully submits this Response in Opposition to the Motions to Intervene filed by Nationwide and American Family (collectively, the "Movants"). In support of her opposition to the Motions to Intervene, the Plaintiff provides the following law and argument.

## INTRODUCTION

The Movants ask to intervene in this matter, pursuant to Fed. R. Civ. P. 24(a) and (b), for the purpose of seeking a declaratory judgment against Plaintiff and certain Defendants.[1] Nationwide is defending Columbus Hospitality in the suit under its policy, albeit subject to a reservation of rights as to defense and indemnity, and according to Nationwide's motion, it has rejected the tender to defend IHG. ECF No. 65 at 5. American Family is currently defending its insureds, but does so under a reservation of rights because "its policies do not cover all or some of the allegations in Plaintiff's Complaint." ECF No. 64 at 2. The Movants seek to bring complaints for declaratory judgments to establish their respective duties to provide defense, coverage, and indemnity. *See* ECF No. 64-1 (American Family's proposed intervening complaint); ECF No. 65-1 (Nationwide's proposed intervening complaint). Neither Movant has a right to intervene and permitting them to do so is not called for in this case because their intervention would add delay and prejudice by inserting new legal issues, conflicts of interest, and unnecessary parties. Furthermore, permitting intervention by these third parties will

---

[1] Movant American Family purports to be the liability insurer of Defendants Krrish Lodging, LLC ("Krrish" or "Days Inn by Wyndham - Grove City Columbus South") and Wyndham Hotels & Resorts, Inc. ("Wyndham"). ECF No. 64 at 2. Movant Nationwide purports to be the liability insurer of Defendants Columbus Hospitality, LLC ("Columbus Hospitality" or "Crowne Plaza Columbus - Downtown, an IHG Hotel") and Inter-Continental Hotels Corporation ("IHG"). ECF No. 65 at 5.

introduce discovery, motion practice, and trial questions unrelated to the Plaintiff's claims. In sum, the Movants fail to meet their burden under Fed. R. Civ. P. 24(a) or (b), and both Motions to Intervene should accordingly be denied.

## I.    BACKGROUND

Plaintiff M.A.[2] is a victim and survivor of sex trafficking within the meaning of the Trafficking Victim Protection Reauthorization Act (the "TVPRA"), 18 U.S.C. § 1591 *et seq. See* ECF No. 1, Compl. at ¶ 3. From approximately the Spring of 2014 to August 2015, she was repeatedly coerced through fear, threat, and violence into commercial sex acts at each of the Defendants' hotel properties. *Id.* at ¶ 49-59. The hospitality industry, including the Movants' insureds, continue to benefit financially in violation of the TVPRA by facilitating sex trafficking through renting rooms to sex traffickers who the local hotels and their national brand management companies knew or should have known were engaging in sex trafficking ventures. Those engaged in the stream of commerce of the hospitality industry, such as Defendants Krrish, Wyndham, Columbus Hospitality, and IHG, continue to fail to protect women and children who are victims of human trafficking at hotel properties by failing to develop training to prevent human trafficking, failing to implement training to prevent human trafficking, and failing to conduct audits to confirm both that training has been implemented and that human trafficking is being prevented at hotel properties. *Id.* at ¶¶ 53, 54.

The TVPRA criminalizes sex trafficking of children and the sex trafficking of adults by force, fraud, or coercion, and under § 1595, the statute also provides a private right of action for victims of human trafficking against its beneficiaries. *See* 18 U.S.C. § 1595(a). The Plaintiff's Complaint alleges the Defendant hotels participated in a venture which they knew or should have

---

[2]    Due to the sensitive nature of Plaintiff's claims, the parties agreed and the Court entered an Order allowing the Plaintiff to proceed pseudonymously throughout the course of the proceedings. ECF No. 60.

known was a engaged in sex trafficking.  *See e.g.*, ECF No. 1 at ¶¶ 10-16; 62; 64; 73; 107.

Intentional conduct is not required to demonstrate a violation of the TVPRA.[3]

## II.    STANDARD OF REVIEW

Rule 24 of the *Federal Rules of Civil Procedure* provides in pertinent part:

(a)    **Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
   (1)    is given an unconditional right to intervene by a federal statute; or
   (2)    claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
(b)    **Permissive Intervention.**
   (1)    ***In General.***  On timely motion, the court may permit anyone to intervene who:

      (A)    is given a conditional right to intervene by a federal statute; or
      (B)    has a claim or defense that shares with the main action a common question of law or fact.
   …
   (3)    ***Delay or Prejudice.*** In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24.  The Rule further requires that the motion state the grounds for intervention, and be accompanied by "a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

The Sixth Circuit has set out four elements which the potential intervenor must meet in order for intervention as of right to be appropriate:

This Court has interpreted the language of the Rule to require an applicant to show that: 1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not

---

[3]    Importantly, Count One of Plaintiff's Complaint explicitly states a *beneficiary* theory of liability against Defendant Hotels pursuant to § 1595 of the TVPRA, rather than a *perpetrator* theory of liability.

adequately represent the applicant's interest. *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999).

*Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011).[4] "Each of these elements is mandatory, and therefore failure to satisfy any one of the elements will defeat intervention under the Rule." *Id.* (citing *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005)).

With regard to permissive intervention pursuant to Fed. R. Civ. P. 24(b), "[t]hough the district court operates within a 'zone of discretion' when deciding whether to allow intervention under Rule 24(b), the district court nevertheless 'must, except where the basis for the decision is obvious in light of the record, provide enough of an explanation for its decision to enable [us] to conduct meaningful review.'" *League of Women Voters of Mich. v. Johnson*, 902 F.3d 572, 577 (6th Cir. 2018) (citing *Kirsch v. Dean*, 733 F. App'x 268, 279 (6th Cir. 2018) (quoting, in turn, *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997))). "So long as the motion for intervention is timely and there is at least one common question of law or fact, the balancing of undue delay, prejudice to the original parties, and any other relevant factors is reviewed for an abuse of discretion." *Id.* (citing *Miller*, 103 F.3d at 1248).

## III. ARGUMENT

The Movants fail to meet their burden for intervening either by right or permission. The Movants are unable to show that they have a substantial legal interest in the civil case; that they will be impaired, absent intervention, from protecting that interest; or that their interests will be inadequately represented by parties already before the Court. Further, if permitted, the Movants' intervention would cause undue delay in this matter and would prejudice Plaintiff. The Movants' participation in the underlying civil claim would do nothing more than complicate and

---

[4] These elements apply to intervention as of right pursuant to Fed. R. Civ. P. 24(a)(2) -- that is, in the absence of a federal statute which provides for intervention as of right under the circumstances. Neither Movant argues it is entitled to such intervention, or that any such federal statute applies.

interfere with the sensitive and complex issues in Plaintiff's civil case, and intervention must be denied to avoid prejudicial confusion of critical issues, facts, liability, and burdens in the underlying case.

### A. The Movants Have No Grounds To Intervene As Of Right.

In seeking intervention as of right under Rule 24(a), the Sixth Circuit applies a four-part test which requires the moving party to establish: (1) that the motion to intervene is timely; (2) that a substantial legal interest is involved; (3) that its ability to protect its interests will be impaired without intervention; and (4) the existing parties do not adequately represent its interests. *Blount-Hill,* 636 F.3d at 283. Failure to satisfy any one of the elements will defeat intervention. *Id.* The Movants fail to meet the second, third, and fourth elements.

### 1. The Movants Have No Substantial Legal Interest In This Matter.

As to the second element of the Sixth Circuit's test for intervention as of right, the "substantial legal interest" must be "direct." *Konica Minolta Bus. Sols. U.S.A., Inc. v. Lowery Corp.*, No. 15-11254, 2018 U.S. Dist. LEXIS 81618, *10 (E.D. Mich. Apr. 23, 2018) (citing *Adams v. Ohio Univ.*, No. 2:17-CV-200, 2017 U.S. Dist. LEXIS 170674 (S.D. Ohio Oct. 16, 2017) and *Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129, 154 (1967)). "Whether an insurer of an existing party has a direct interest in the litigation depends on if the insurer admits that the claim at issue is covered." *Id.* Put another way, the interest possessed by an insurer seeking to intervene is contingent, not direct -- and thus, is also not "substantial." *Id.* (citing *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 640 (1st Cir. 1989) (finding that the insurer's interest was contingent on the resolution of the coverage issue)).[5]

---

[5]   District Courts in the Sixth Circuit have followed the Fifth Circuit's interpretation of the requirement of a "direct" interest to intervene as of right:

> The interest required to intervene as of right is a "direct" interest, but an interest is not direct when it is contingent on the outcome of a subsequent lawsuit. An insurer who defends its insured under

### a. *Nationwide cannot establish a substantial legal interest.*

Nationwide cites to *McWhorter v. Elsea*, No. 2:00-CV-473, 2006 U.S. Dist. LEXIS 88273, 2006 WL 3526405 (S.D. Ohio December 6, 2006) as support for its substantial interest argument. ECF No. 65 at 9. *McWhorter* is distinguishable and inapposite in this case for a number of reasons, including (1) the case involved a class action, not a personal injury; (2) the court had already ruled on the defendant insured's summary judgment motion, clarifying the claims allowed to proceed by plaintiffs; (3) the insurers seeking to intervene had defended the insured for seven years; and (4) the case was heard prior to the Supreme Court of Ohio's clarification on collateral estoppel. The other cases cited by Nationwide are also not helpful to its position as they involve cases where an injured *plaintiff* was seeking to intervene into a separately filed declaratory action related only to coverage, not where an insurer was trying to bring coverage issues and law into a civil claim for damages.[6] Moreover, other cases cited by Nationwide as having "facts similar to this one" were, in fact, decided before the *Gehm* decision[7] was issued. ECF No. 65 at 9 (citing *Kaylor v. Radde*, No. 3:03CV7612, 2005 U.S. Dist. LEXIS 3483, 2005 WL 548927 (N.D. Ohio Mar. 7, 2005)[8] and *Marten v. Brown*, No. 3:05CV7375, 2007 U.S. Dist. LEXIS 6593, 2007 WL 315770 (N.D. Ohio Jan. 30, 2007)). The *Kaylor* opinion

---

a full reservation of rights provides a defense in the liability action, but reserves the right to contest coverage later. When an insurer defends under a full reservation of rights, their interest in the liability lawsuit is contingent upon the outcome of the coverage lawsuit. That interest, without more, *is insufficient for intervention*.

*InfraSource Constr. Serv., LLC v. E&M Piping, LLC*, No. 1:12CV0261, 2012 U.S. Dist. LEXIS 199244 * 13, 2012 WL 13026852 (N.D. Ohio Sept. 27, 2012) (quoting *Ross v. Marshall*, 456 F. 3d 442, 443 (5th Cir. 2006), cert. denied, 549 U.S. 1166 (2007)) (emphasis added).

[6] In fact, *St. Paul Fire v. Marine Insurance Co v. Summit – Warren Industries Co*., 143 F.R.D. 129 (N.D.Ohio 1992) supports Plaintiff's contention that absent a present, non-contingent interest, there is no protective interest as required by Rule 24(a).

[7] *Gehm v. Timberline Post & Frame*, 861 N.E.2d 519, 523 (Ohio 2007), and its impact on the issues presented by the instant motion are discussed further below, *see infra.* at Section III.A.2.

[8] The *Radde* case is incorrectly cited in Nationwide's brief as 2005 WL 54927. ECF No. 65 at 9.

addressed summary judgment as to the insurer of a law enforcement official who had been sued in a lawsuit pursuant to 42 U.S.C. § 1983, and the opinion contains no discussion whatsoever of the circumstances that had supported intervention by the insurer. *Kaylor*, 2005 U.S. Dist. LEXIS 3483. The *Marten* case was a declaratory judgment action filed by the insurer -- *not* a lawsuit initiated by the injured party in which a defendant's insurer sought to intervene. *Marten*, 2007 U.S. Dist. LEXIS 6593. Without some indication from the court of the circumstances warranting intervention, these cases cannot support Nationwide's contention that they represent precedents which support Nationwide's position in this matter.

Nationwide has not accepted coverage for any of its insureds' conduct. Instead, it has issued a reservation of rights as to defense and indemnity. Nationwide's intention is improper and permitting intervention will place Nationwide in the control seat of Plaintiff's lawsuit. Intervention would require Plaintiff to argue legal theories, contract interpretation, burdens of proof, and other issues related to Nationwide's multiple commercial and umbrella policies, arguments and issues that are completely irrelevant to Plaintiff's civil claim. To further illustrate, Nationwide stated in its brief that it intends to argue every point of coverage, as Plaintiff's "claims are all subject to a variety of terms, conditions, exclusions and definitions." ECF No. 65 at 6. Additionally, Nationwide's proposed declaratory action addresses management agreements, licensing agreements, and other duties of the various insureds under its policies. ECF No. 65, Exhibit 1, at ¶¶ 25, 33, and 52.

<b>b. <i>American Family cannot establish a substantial legal interest.</i></b>

American Family is similarly unable to establish any substantial legal interest that would permit it to intervene in this matter. Like Nationwide, American Family's defense of its insureds is "under a reservation of rights because its policies do not cover all or some of the allegations in

the Plaintiff's Complaint." ECF No. 64 at 2. In any event, American Family's proposed intervention is limited to its hope that the Court will "declare the rights and obligations of the parties as it relates to American Family's obligation to defend and indemnify" its insureds. *Id*.

The Movants' only real interest is how much they may be required to pay for defense and coverage. *See Siding & Insulation Co. v. Beachwood Hair Clinic, Inc.*, No. 1:11CV1074, 2012 U.S. Dist. LEXIS 25081 * 4-6, 2012 WL 645996 (N.D. Ohio Feb. 28, 2012) (holding the insurer's interest was not direct because it was limited to how much the insurer would have to pay, which in turn was entirely contingent on future events -- *i.e.*, the plaintiff's success, and a determination of the insurer's duties under the policy). But such questions of coverage and indemnity are collateral matters; they are not the kind of direct interest contemplated under Fed. R. Civ. P. 24(a) and the law of this Circuit. The Motions should accordingly be denied.

### 2. The Movants' Ability To Protect Their Interests Will Not Be Impaired By Their Absence.

The third element for evaluating a motion to intervene looks to whether the intervenor's "ability to protect its interests will be impaired without intervention." *Travelers*, 884 F.2d at 638; *see also* Fed. R. Civ. P. 24(a)(2). However, an insurer does not claim the kind of interest contemplated under this element. *Travelers*, 884 F.2d at 638. This is because the assertion that coverage might not exist is not properly considered part of the subject of an action which goes to liability for the underlying contract, as opposed to the construction of the insurance policy itself. *Konica Minolta Bus. Sols*, 2018 U.S. Dist. LEXIS 81619, *10 (relying on *Travelers*, 884 F.2d at 640, and finding the insurer's interest is derivative for purposes of Rule 24(a)). To permit intervention where coverage is in dispute would allow an insurer to "interfere with and in effect control the defense." *Travelers*, at 639.

The Movants do not need to intervene in this lawsuit in order to protect their interests; instead, they can pursue the conventional approach of seeking a declaratory judgment. Collateral estoppel will not prevent them from protecting their interests in this way, and indeed, doing so by a separate action is the preferred judicial policy in this venue. In *Gehm v. Timberline Post & Frame*, 861 N.E.2d 519, 523 (Ohio 2007), the Ohio Supreme Court clarified prior rulings and held that when an insurer has sought and been denied intervention, collateral estoppel will not prohibit future litigation with respect to the insurer's coverage.[9] The Movants can protect their respective interests by filing a separate declaratory judgment actions, which is "the better course of action[.]" *Nieto v. Kapoor*, 61 F. Supp. 2d 1191, 1195 (D.M.N. 1999).

American Family contends that collateral estoppel "may apply to an insurer who denies defense and/or indemnity to a potential insured and who chooses not to intervene." ECF No. 64 at 4 (citing *Mesa Underwriters Specialty Ins. Co. v. Secret Gentlemen's Club*, 751 Fed. App'x 715, 729-30 (6th Cir. 2018)). In the *Mesa* case, the insurers were collaterally estopped from attacking factual and legal conclusions that were reached by a state trial court after the insurer, despite having notice and an opportunity to intervene, both (1) denied coverage outright and (2) made no attempt to intervene. *Mesa*, 751 Fed. App'x at 729. The facts of American Family's situation are distinguishable because the company has not yet decided whether it will ultimately offer a defense to its insureds or not. ECF No. 64 at 4 ("American Family is affording a defense under a complete reservation of rights…"; *id.* at 2 ("*At this time*, American Family is defending [its insureds] in this case.") (emphasis added). But the *Howell* and *Gehm* cases make clear that

---

[9]      In *Gehm*, the insurance carrier, similar to Nationwide in this case, sought to intervene in the plaintiff's underlying action for construction damages against its insured (the defendant) for the purpose of submitting interrogatories to the jury. The insurance carrier in *Gehm* argued that unless it was allowed to intervene, the Ohio Supreme Court's ruling in *Howell* would collaterally estop future litigation between the insurance carrier and its insured. The Court held that *Howell* was misconstrued and that when a party has sought and been denied intervention, collateral estoppel will not prohibit future litigation of similar issues. *Gehm*, 861 N.E. 2d at 523-524. In other words, *Gehm* and *Howell* are incorrectly cited as support by Nationwide and, in fact, support the denial of the Motions to Intervene under the circumstances presented here.

where an insurer has sought to intervene and been denied, collateral estoppel will not prevent it from separately seeking to protect its interests through an action for declaratory relief. *Gehm*, 861 N.E. 2d at 519 (citing *Howell* and holding that "[w]hen a party has sought and been denied intervention, collateral estoppel will not prohibit future litigation of similar issues.").

The Movants seek to intervene and ultimately avoid defense and coverage for the Plaintiff's TVPRA claims where the Plaintiff alleges, at least in part, the insureds "knew or should have known" that the Plaintiff was being trafficked for sex in their hotels. *See e.g.*, ECF No. 1 at ¶¶ 10-16; 62; 64; 73; 107. The Movants' contingent interests are insufficient to meet their burden to impose intervention as a matter of right and the motions to intervene should accordingly be denied.

### B.    The Movants Should Not Be Allowed Permissive Intervention

Pursuant to Fed. R. Civ. P. 24(b), "on timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." However, when considering a motion to intervene, a court must consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. *See* Fed. R. Civ. P. 24(b)(3). Once those two requirements are met, the district court must then balance undue delay and prejudice to the original parties. *Frank Betz Associates, Inc. v. J.O. Clark Construction, L.L.C.*, 3:08CV00159, 2010 U.S. Dist. LEXIS 55193 * 3, 2010 WL 2375871 (M.D. Tenn. Jun. 4, 2010) (quoting *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). Even assuming that "common questions of law or fact exist," intervention should be denied when the insurer provides a defense under a reservation of rights as a conflict is created and the parties are unduly prejudiced by the interjection of new issues. *Id*. at 3; *Krancevic v. McPherson,* No. 84511, 2004 WL 2931012 at *2 (Ohio. Ct. App. Dec. 16, 2004).

### 1.     There Is No Common Question Of Law Or Fact

Nationwide's and American's respective requests for a coverage determination under their separate policies does not mean that common questions of law or fact are presented between the well-pleaded claims filed by Plaintiff and the Movants' proposed intervention.  In fact, Nationwide has admitted no such commonality by reserving its right to dispute defense and coverage based on policy interpretation, definitions, and exclusions. ECF No. 65 at 5-7. Importantly, Nationwide has not accepted any portion of defense or coverage without reservation and does not side with Plaintiff or Insured Defendant Hotel in this case.  *Id*.  Similarly, American Family is currently defending its insureds, but does so under a reservation of rights because "its policies do not cover all or some of the allegations in Plaintiff's Complaint."  ECF No. 64 at 2. The Plaintiff's burden under the TVPRA does not require proof of an intentional act or "accident."  Issues related to coverage are contingent on the success of Plaintiff's case, not whether or not discovery will bleed out actions and events that Nationwide would require fit squarely into its policy language before admitting coverage exists.

### 2.     There Will Be Undue Delay And Prejudice Against Original Parties

Adding a declaratory judgment action interjects "a number of new issues as to which discovery and motion practice would cause considerable delay in the proceedings between the existing parties." *Krancevic*, 2004 WL 2931012 at *2.  Courts have allowed intervention for the limited purpose of requesting that if the action is tried, written questions and interrogatories be submitted to the jury, *but only* after the insurer had previously filed a separate declaratory judgment." *Id.*  (emphasis added).

There is no question that permitting the Movants to intervene will cause delay and substantial prejudice to Plaintiff.  Adding a declaratory judgment action to an already sensitive

and complex case will necessarily interject wholly separate areas of law and fact, multiple additional parties, and policies and agreements which are irrelevant to the ultimate issue in Plaintiff's TVPRA claims. These unnecessary interjections would require substantial time, energy, and delay to dispute and discover. Essentially, the Plaintiff would be conflicted between proving up her TVPRA claim under one set of laws and coverage under other laws. Therefore, the Movants' allegations of common fact and law, if permitted, will be highly prejudicial to Plaintiff and cause undue delays, and permissive intervention should be denied.

## CONCLUSION

The Movants have failed to meet their burden to intervene as a matter of right, and have not shown that the alleged facts support permissive intervention. As such, the Plaintiff respectfully requests that this Honorable Court deny the Movants' requests to intervene and enter an Order denying the Motions filed by American Family (ECF No. 64) and Nationwide (ECF No. 65).

Done this the 26th day of June 2019.

Respectfully submitted,

**/s/ Steven C. Babin, Jr.**
Steven C. Babin, Jr. (0093584)
Babin Law, LLC
1320 Dublin Road, #100
Columbus, Ohio 43215
T: (614) 384-7035
E: steven.babin@babinlaws.com
*One of the Attorneys for the Plaintiff*

**OF COUNSEL:**

Kimberly L. Adams (Fla. State Bar. No.: 0014479) *admitted via pro hac vice*
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
RAFFERTY & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, Florida 32502-5996
T: 850.435.7056
F: 850.436.6056
E: kadams@levinlaw.com

Gregory M. Zarzaur (Ala. State Bar No.: ASB-0759-E45Z) *admitted via pro hac vice*
Anil A. Mujumdar (Ala. State Bar. No.: ASB-2004-L65M) *admitted via pro hac vice*
ZARZAUR
2332 Second Avenue North
Birmingham, Alabama 35203
T: 205.983.7985
F: 888.505.0523
E: gregory@zarzaur.com / anil@zarzaur.com

*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 26, 2019, I electronically filed the foregoing Response in Opposition to Nationwide's Motion to Intervene with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Gregory Paul Barwell
Jessica A. Barwell
Jud R. Mauger
WESP/BARWELL, LLC
100 East Broad Street
Suite 2350
Columbus, Ohio 43215
T: 614.456.0488
F: 614.456.0488
E: gbarwell@wesplaw.com / jbarwell@columbushospitality.com / jmauger@wesplaw.com
*Attorneys for Defendant Columbus Hospitality, LLC*

Quintin Franc Lindsmith
Victoria Flinn McCurdy
BRICKER & ECKLER LLP
100 South Third Street
Columbus, OH 43215
T: 614.227.2300
F:  614.227.2390
E: qlindsmith@bricker.com / vflinnmcurdy@bricker.com
*Attorneys for Defendant Columbus Hospitality, LLC*

Chenee M. Castruita
Douglas Paul Holthus
MAZANEC, RASKIN & RYDER CO., LPA
175 South Third Street
Suite 1000
Columbus, Ohio  43215
T: 614.228.5931
F: 614.228.5934
E: ccastruita@mrrlaw.com / dholthus@mrrlaw.com
*Attorneys for Defendant S&S Airport Motel, LLC*

Joshua James Fravel
GRIFFITH LAW OFFICES
522 N. State St
Westerville, Ohio 43082
T: 614.890.4543
F: 614.426.1114
E: josh.f@griffithlaw.org
*Attorney for Defendant Buckeye Hospitality, Inc.*

Michael R. Reed, Esq.
HAHN LOESER PARKS LLP
65 East State Street, Suite 1400
Columbus, Ohio 43215
T: 614.233.5165
F: 614.233.5184
E: mreed@hahnlaw.com
*Counsel for Wyndham Hotels & Resorts, Inc.*

Wyndham Hotels & Resorts, Inc.
℅ David S. Sager
DLA PIPER
51 John F. Kennedy Parkway
Suite 120
Short Hills, New Jersey  07078
T: 973.520.2570
F: 973.520.2550
E: david.sager@dlapiper.com
*Attorney for Wyndham Hotels & Resorts, Inc.*

Jennifer Snyder Heis
Alyson A. Terrell
ULMER & BERNE LLP
600 Vine Street
Suite 2800
Cincinnati, Ohio 45202
T: 513.698.5058
F: 513.698.5059
E: jheis@ulmer.com / aterrell@ulmer.com
*Attorneys for Defendant Choice Hotels International, Inc.*

John Frederick Stock
Thomas Kern
BENESCH FRIEDLANDER COPLAN & ARONOFF LLP
41 South High Street
26th Floor
Columbus, OH 43215
T: 614.223.9300
F: 614.223.9345
E: jstock@beneschlaw.com / tkern@beneschlaw.com
*Attorney for TJM Columbus, LLC*

Sara M. Turner
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
Wells Fargo Tower
420 20th Street North, Suite 1400
Birmingham, Alabama  35203
T: 205.250.8316
F: 205.488.3716
E: smturner@bakerdonelson.com
*Attorney for Defendant Choice Hotels International, Inc.*

Samuel Neal Lillard
Mathew A. Parker
FISHER & PHILLIPS, LLC
250 West Street, Suite 400
Columbus, Ohio 43215
T: 614.453.7612
F: 614.221.1409
E: slillard@fisherphillips.com / mparker@fisherphillips.com
*Attorneys for Defendant Krrish Lodging, LLC*

Joseph L. Piccin
JOSEPH L. PICCIN CO., LLC
3010 Hayden Road
Columbus, Ohio 43235
T: 614.659.9616
F: 614.798.1935
E: JLP@joepiccin.com
*Attorney for First Hotel Management, LLC*

Steven D Strang
GALLAGHER SHARP
Gallagher Sharp
1501 Euclid Ave., 6th Floor
Cleveland, OH 44115
T: 216.241.5310
F: 216.241.1608
E: sstrang@gallaghersharp.com
*Attorney for First Hotel Management, LLC*

Judd R. Uhl
LEWIS BRISBOIS BISGAARD & SMITH LLP
909 Wright's Summit Parkway
Suite 230
Fort Wright, Kentucky 41011
T: 859.663.9830
F: 859.663.9829
E: judd.uhl@lewisbrisbois.com
*Attorney for Inter-Continental Hotels Corp.*

Bruce A Curry
Trent Michael Lee Thacker
CURRY, ROBY & MULVEY CO., LLC
30 Northwoods Blvd.
Suite 300
Columbus, OH 43235
T: 614.430.8885
F: 614.430.8890
E: bcurry@crmlaws.com / tthacker@crmlaws.com
*Attorney for Intervenor Plaintiff American Family Insurance Company*

Gregory E. O'Brien
CAVITCH FAMILO & DURKIN LPA
1300 East 9th St., 20th Floor
Cleveland, OH 44114
T: 216.621.7860
F: 216.621.3415
E: gobrien@cavitch.com
*Attorney for Intervenor Nationwide Property & Casualty Insurance Company & Nationwide Mutual Fire Insurance Company*

/s/ Steven C. Babin, Jr.
OF COUNSEL