**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **M.A.,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**WYNDHAM HOTELS AND RESORTS, INC., et al.,**<br><br>　　　　**Defendants.** | **CASE NO. 2:19-cv-00849**<br><br>**JUDGE ALGENON L. MARBLEY**<br><br>**MAGISTRATE JUDGE ELIZABETH PRESTON DEAVERS** |

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY'S
REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO INTERVENE IN RESPONSE
TO PLAINTIFF'S OPPOSITION**

Now comes proposed Plaintiff-Intervenor American Family Mutual Insurance Company ("American Family"), pursuant to Fed. R. Civ. P. 24(a) and (b), to provide this Reply in Support of its Motion for Leave to Intervene in Response to Plaintiff's Opposition.[1] American Family should be permitted to intervene as of right because it has presented at least one substantial legal interest and disposition of this case without American Family's presence will impede its ability to protect its interests. Additionally, permissive intervention is appropriate because common questions of fact exist, there will be no undue delay or prejudice to the original parties, and additional, relevant factors weigh in favor of intervention.

---

[1] American Family reserves the right to respond accordingly to any opposition filed by Defendants Krrish Lodging, LLC and Wyndham Hotels and Resorts, Inc. The Court previously granted a consent motion for an extension of time for those Defendants to respond to American Family's Motion to Intervene. (ECF No. 78.)

**I.      INTERVENTION AS OF RIGHT**

While Plaintiff acknowledges she is not disputing the timeliness of American Family's proposed intervention, and claims to dispute the fourth element under Fed. R. Civ. P. 24(a) (existing parties may not adequately represent the intervenor's interests), Plaintiff makes no argument regarding the fourth element. As a result, the only issues that need be considered under intervention of right are: whether a substantial legal interest exists; and whether disposition of this underlying case without American Family's presence will impede American Family's ability to protect its interests. The answer is "yes" to both issues.

**A.      Substantial Legal Interest**

Plaintiff's argument rests on the notion that whether indemnity is owed is a sufficiently substantial legal interest—while ignoring another substantial legal interest: the duty to defend. While case law is generally lacking on this aspect of an insurer attempting to intervene into an underlying case when it defends under a reservation of rights, the courts that have considered the issue have found the duty to defend is a sufficiently substantial legal interest within the context of Fed. R. Civ. P. 24(a). *Microsoft Corp. v. World Tech Invests., LLC*, No. 1:18-cv-2915, 2019 WL 2314482, *2 (N.D. Ohio May 31, 2019) (citing *Nieto v. Kapoor*, 61 F. Supp. 2d 1177, 1194 (D.N.M. 1999), *aff'd*, 268 F.3d 1208 (10th Cir. 2001)).

Here, American Family claims not only that it owes no duty to indemnify, but it also claims it has no duty to defend the allegations against Defendants Krrish Lodging, LLC and Wyndham Hotels and Resorts, Inc. (Intervening Compl., ¶ 13, ECF No. 64-1.) Given the broad interpretation to be afforded to a claimed legal interest under the relevant analysis, whether American Family owes a duty to defend is a substantial legal interest. *See Microsoft*, 2019 WL 2314482 at *2; Michigan *State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). The Court should err on

the side that there is a sufficiently substantial, direct legal interest in this case. *See Morocco v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. Civ.A. 2:03-cv-523, 2003 WL 22327825, *3 (S.D. Ohio Oct. 9, 2003) (King, Mag. J.) (citing *Grutter v. Bollinger*, 188 F.3d 394 (6th Cir. 1999)).

### B.     Impeding American Family's Interests

Plaintiff argues that American Family's interests will not be impaired or impeded if it is not allowed to intervene, but the very procedure in which Plaintiff has brought this lawsuit will, as a practical matter, do so. Even if proceeding under a separate declaratory-judgment action is "preferred," American Family cannot do so in this case. *See Nieto*, 61 F. Supp. 2d at 1194.

While American Family would ordinarily be permitted to file an action for declaratory judgment in an Ohio state court,[2] it is unable to do so as a practical matter. Ohio Rev. Code § 2721.12(A) requires a plaintiff filing an action for declaratory judgment to name all persons who may be affected by the determination to be named as parties to the declaratory-judgment suit. Furthermore, Ohio R. Civ. P. 10(A) requires a plaintiff to "include the names and addresses of all the parties" in a complaint. *See also* Fed. R. Civ. P. 10(a). In this case, Plaintiff has proceeded under a pseudonym and has not provided any other identifying information to the nonparties, including American Family, such that it could even attempt to file a separate lawsuit for declaratory judgment and properly name Plaintiff M.A. to the suit. (*See* Stipulated Protective Order, ECF No. 60-1; Pl.'s Response and Mem. Opposing Intervention, at 3, fn. 2, ECF No. 79.) In fact, even if her identity was disclosed to American Family, her identity would likely be subject to the terms of the protective order issued, which requires her identity be kept "confidential during and after

---

[2] Given that the action generally would be based upon contract interpretation, there is likely no independent federal jurisdiction over that claim and it would have to be brought in state court. *See* 28 U.S.C. § 1331; *id.* § 1332; *id.* § 1367. Regardless, even assuming proper jurisdiction existed, the same issues would arise with American Family filing a federal action.

the conclusion of this" case. (Stipulated Protective Order, ¶ 3, ECF No. 60-1.) As a result, American Family would not be permitted to file a lawsuit including Plaintiff M.A.'s actual name.

American Family, then, could only file suit by utilizing the pseudonym provided in this case. However, even if a procedure exists under Ohio law for a plaintiff to file suit using a pseudonym for herself, no such procedure exists for a named plaintiff to use a pseudonym for a defendant because the plaintiff would not know the identity of the defendant, have an address at which to serve the defendant, or otherwise commence an action within the meaning of the Ohio Rules of Civil Procedure. *See Doe v. Bruner*, No. CA2011-07-013, 2012 WL 626202, *1–2 (Ohio Ct. App. Feb. 27, 2012) (discussing the absence of any rules in Ohio for a plaintiff to proceed under a pseudonym and adopting the Sixth Circuit's interpretation), *appeal dismissed as improvidently accepted*, 985 N.E.2d 1288 (Ohio 2013). Given the dearth of authority in Ohio for a plaintiff to proceed under a pseudonym, the ability for a named plaintiff to file suit again a pseudonymously named defendant is all but impossible in this case.[3] American Family's interests will be impeded by not being permitted to intervene.

Because American Family has a substantial interest and that interest would be impeded by not intervening in this case, the Court should allow American Family to intervene as of right in this case as an Intervening Plaintiff.

## II.     PERMISSIVE INTERVENTION

Even if the Court decides intervention of right is not proper in this case, for the sake of argument, permissive intervention is appropriate. As with intervention of right, Plaintiff does not

---

[3] Ohio R. Civ. P. 15(D) (allowing for John or Jane Doe defendants) would be unavailing because American Family would still be unable to serve Plaintiff M.A. and Defendants Krrish Lodging, LLC and Wyndham Hotels and Resorts, Inc. could not disclose her identifying information in accordance with the protective order in place.

contest the timeliness of American Family's motion to intervene. Instead, she claims no common questions of law or fact exist and that there will be undue delay and prejudice to the original parties. Both arguments are without merit. Again, permissive intervention is often liberally granted to promote resolution of claims in one litigation rather than two or more cases. *Morocco*, 2003 WL 22327825 at *3 (citing *Morelli v. Morelli*, No. 2:00-cv-988, 2001 WL 99859 (S.D. Ohio Feb. 1, 2001) (King, Mag. J.)).

### A.     Common Questions of Law or Fact

Even if additional questions of law or fact may exist by intervening to bring a declaratory-judgment action, an insurer need only demonstrate that there is "'at least *one* common question of law or fact.'" *Reliastar Life Ins. Co. v. MKP Invests.*, 565 F. App'x 369, 374 (6th Cir. 2014) (emphasis added) (quoting *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005)).

Here, although Plaintiff attempts to lump American Family together with the arguments pressed by Nationwide without stating an argument relative to American Family, there will be at least one common question of law or fact between the underlying action based upon the TVPRA and an intervening declaratory-judgment action brought by American Family, including, but not limited to:

- the level of culpability, if any, of Defendants Krrish Lodging, LLC and Wyndham Hotels and Resorts, Inc.;
- whether punitive damages are available; and
- whether the alleged beneficiaries of the perpetrator's actions were in a "venture" within the meaning of the TVPRA that rises to the level of negligent employment, investigation, supervision, reporting, or retention under the sexual abuse/molestation exclusion.

5

Whether defense and indemnity are owed to Defendants Krrish Lodging, LLC and Wyndham Hotels and Resorts, Inc. will require the same set of facts as the underlying action. Indeed, if intervention is denied and a separate declaratory-judgment action filed, Plaintiff M.A.'s factual testimony will certainly be needed to investigate the underlying facts—although how to name her as a party and/or subpoena her without any identifying information will be difficult at best. American Family has shown that at least one common question of fact or law applies and it has met the threshold requirements of Fed. R. Civ. P. 24(b).

### B. Lack of Undue Delay or Prejudice and Other Relevant Factors

Plaintiff has not identified any actual delay or prejudice—undue or otherwise. As an initial matter, American Family has moved to intervene early in the proceeding and would agree to the current case schedule implemented by the Court and current parties. *See Stupak v. Thrall v. Glickman*, 226 F.3d 467, 478 (6th Cir. 2000) (noting agreeing to leave a case schedule intact may eliminate any purported undue delay or prejudice). Moreover, aside from baldly asserting that Plaintiff M.A. will have to "prov[e] up her TVPRA claim under one set of laws and coverage under other laws," she has identified no actual prejudice. Coverage issues are frequently litigated and are typically not particularly novel or complex—but require investigating the underlying facts. *See League of Women Voters of Mich. v. Johnson*, 902 F.3d 572, 576 (6th Cir. 2018) (finding issues of standing not novel and not weighing against denying permissive intervention).

Likewise, Plaintiff makes a passing reference to a conflict of interest should American Family be permitted to intervene, presumably in an effort to demonstrate some sort of prejudice to Defendants Krrish Lodging, LLC and Wyndham Hotels and Resorts, Inc. Aside from the issue of whether Plaintiff even has the ability to raise this argument outside the scope of the insurer-insured relationship, the reservation of rights eliminates the potential conflict, which occurred in this case.

6

*Fairfield Mach. Co. v. Aetna Cas. & Sur. Co.*, No. 2000 CO 14, 2001 WL 1665624 (Ohio Ct. App. Dec. 28, 2001) (citing *Dietz-Britton v. Smythe*, 743 N.E.2d 960, 966 (Ohio Ct. App. 2000); *Motorists Mut. Ins. Co. v. Trainor*, 294 N.E.2d 874, 877 (Ohio 1993)).

Additionally, the Court should look to other relevant factors. In this case, there are other relevant considerations, some of which were already discussed with regard to intervention of right:

- American Family may not even be able to file a separate declaratory-judgment action that includes Plaintiff M.A. as a party because she brought this suit under a pseudonym;
- Even if provided Plaintiff M.A.'s identifying information, the Stipulated Protective Order entered by the parties in this case would prohibit using that information in a separate lawsuit;
- Assuming, arguendo, that American Family could properly adjudicate whether coverage and defense is owed in the absence of Plaintiff M.A., it would not be able to subpoena her in another action because it lacks identifying information;
- If able to file a separate action, Plaintiff M.A. and Defendants Krrish Lodging, LLC and Wyndham Hotels and Resorts, Inc. will have to participate in written discovery and depositions of many of the same persons that will already be required in this lawsuit; and
- Should American Family file a separate declaratory-judgment action, a similarly situated court (or potentially this Court) would have to duplicate judicial resources that are already being expended in this case.

These are all relevant additional facts that weigh in favor of permissive intervention under Fed. R. Civ. P. 24(b). Accordingly, American Family alternatively asks the Court to grant it permissive intervention.

7

        Respectfully submitted,

        **CURRY, ROBY & MULVEY CO., LLC**

        */s/ Trent M. Thacker*
        Bruce A. Curry (0052401)
        Trent M. Thacker (0092058)
        30 Northwoods Blvd., Ste. 300
        Columbus, Ohio 43235
        (614) 430-8885 x103
        (614) 430-8890 (fax)
        bcurry@crmlaws.com
        tthacker@crmlaws.com

        *Trial Attorneys for Intervening Plaintiff*
        *American Family Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on the 9th day of July, 2019, and that copies were served on all parties and/or counsel of record via email on the same day.

| | |
|---|---|
| **Steven Charles Babin , Jr.**<br>1320 Dublin Road, #100<br>Columbus, OH 43215<br>steven.babin@babinlaws.com<br>*Attorney for Plaintiff* | **Anil A. Mujumdar**<br>2332 2nd Avenue North<br>Birmingham, AL 35203<br>anil@zarzaur.com<br>*Attorney for Plaintiff* |
| **Gregory M. Zarzaur**<br>2332 2nd Avenue North<br>Birmingham, AL 35203<br>gregory@zarzaur.com<br>*Attorney for Plaintiff* | **Kimberly Lambert Adams**<br>316 S Baylen Street, Suite 600<br>PO Box 12308<br>Pensacola, FL 32502<br>kadams@levinlaw.com<br>*Attorney for Plaintiff* |
| **Michael R. Reed**<br>65 E. State Street, Suite 1400<br>Columbus, OH 43215<br>mreed@hahnlaw.com<br>*Attorney for Defendant,*<br>*Wyndham Hotels & Resorts, Inc.* | **David S. Sager**<br>51 John F. Kennedy Pkwy, Suite 120<br>Short Hills, NJ 07078<br>david.sager@dlapiper.com<br>*Attorney for Defendant,*<br>*Wyndham Hotels & Resorts, Inc.* |
| **Judd R. Uhl**<br>909 Wright's Summit Parkway, Suite 230<br>Ft. Wright, KY 41011<br>judd.uhl@lewisbrisbois.com<br>*Attorney for Defendant,*<br>*Inter-Continental Hotels Corp.* | **Alyson A. Terrell**<br>65 E. State Street, Suite 1100<br>Columbus, OH 43215<br>aterrell@ulmer.com<br>*Attorney for Defendant,*<br>*Choice Hotels International, Inc.* |
| **Jennifer Snyder Heis**<br>600 Vine Street, Suite 2800<br>Cincinnati, OH 45202<br>jheis@ulmer.com<br>*Attorney for Defendant,*<br>*Choice Hotels International, Inc.* | **Sara M. Turner**<br>Wells Fargo Tower<br>420 20th Street North, Suite 1400<br>Birmingham, AL 35203<br>smturner@bakerdonelson.com<br>*Attorney for Defendant,*<br>*Choice Hotels International, Inc.* |

| | |
|---|---|
| **Douglas Paul Holthus** <br> **Chenee M. Castruita** <br> 175 S. Third St., Suite 1000 <br> Columbus, OH 43215 <br> dholthus@mrrlaw.com <br> cmcastruita@gmail.com <br> *Attorneys for Defendant,* <br> *S&S Airport Motel, LLC* | **Joseph L. Piccin** <br> 3010 Hayden Road <br> Columbus, OH 43235 <br> JLP@joepiccin.com <br> *Attorney for Defendant,* <br> *First Hotel Management, LLC* |
| **Mathew A. Parker** <br> **Samuel Neal Lillard** <br> 250 West Street, Suite 400 <br> Columbus, OH 43215 <br> mparker@fisherphillips.com <br> slillard@fisherphillips.com <br> *Attorneys for Defendant* <br> *Krrish Lodging, LLC* | **Jessica A. Barwell** <br> **Gregory Paul Barwell** <br> **Jud R Mauger** <br> 100 East Broad Street, Suite 2350 <br> Columbus, OH 43215 <br> jbarwell@columbushospitality.com <br> gbarwell@wesplaw.com <br> jmauger@wesplaw.com <br> *Attorneys for Defendant,* <br> *Columbus Hospitality, LLC* |
| **Quintin Franc Lindsmith** <br> 100 South Third Street <br> Columbus, OH 43215 <br> Email: qlindsmith@bricker.com <br> *Attorney for Defendant,* <br> *Columbus Hospitality, LLC* | **John Frederick Stock** <br> 41 South High Street, 26th Floor <br> Columbus, OH 43215 <br> jstock@beneschlaw.com <br> *Attorney for Defendant,* <br> *TJM Columbus, LLC* |
| **Joshua James Fravel** <br> 522 N. State Street <br> Westerville, OH 43082 <br> josh.f@griffithlaw.org <br> *Attorney for Defendant,* <br> *Buckeye Hospitality, Inc.* | |

        */s/ Trent M. Thacker*
        Trent M. Thacker (0092058)