# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| M.A., AN INDIVIDUAL,<br><br>    *Plaintiff*,<br><br>v.<br><br>WYNDHAM HOTELS AND RESORTS, INC., et al.,<br><br>    *Defendants.* | CASE NO.: 2:19-cv-00849<br><br>JUDGE: Algenon L. Marbley<br><br>**REPLY IN SUPPORT OF NATIONWIDE'S MOTION TO INTERVENE** |

Proposed Intervening Plaintiffs, Nationwide Property & Casualty Insurance Company ("Nationwide P&C") and Nationwide Mutual Fire Insurance Company ("Nationwide Fire"), collectively referred to herein as "Nationwide," for their reply in support of their Motion to Intervene under Fed. R. Civ. P. 24 and for the purpose of asserting a claim for declaratory judgment, or in the alternative, to participate in discovery, motion practice, settlement negotiation and trial (including posing interrogatories to the jury), state as follows:

**I.    INTRODUCTION.**

Intervention as of right should be granted as Nationwide has met all of the necessary requirements. Plaintiff raises two arguments in opposition to Nationwide's intervention as of right – Nationwide cannot establish a substantial legal interest and Nationwide's ability to protect its interests will not be impaired by its absence. Neither argument has merit. Nationwide seeks a declaration as to both its duty to defend and indemnify. An insurer's intervention seeking a

declaration as to its duty to defend has been held to be a direct and substantial legal interest in the underlying action.

Nationwide will be unable to protect its interests if it is not permitted to intervene. Not only does Nationwide have defense-related interests that will be unprotected, but also defense costs will continue to mount without direction for Defendants as to coverage for these expenses and Nationwide is procedurally unable under Ohio R. Civ. P. 10(A); Fed. R. Civ. P. 10(a) and O.R.C. §2721.12(A) to pursue a declaratory judgment separate and apart from the present action.

Alternatively, Nationwide should be permitted to permissively intervene. Plaintiff opposes such intervention on the basis of no common question of fact or law between Nationwide's intervening complaint and the underlying action and that such intervention will cause undue delay and prejudice to Plaintiff. As with intervention as of right, Plaintiff's arguments are meritless. While Nationwide only needs to demonstrate one common question of fact or law between the underlying action and its claims, it has shown that there are a number of common question of fact and law—what are Defendants' culpability under the Trafficking Victims Protection Act ("TVPA") or what damages Plaintiff is entitled to?

As for Plaintiff's assertion of undue delay and prejudice, her Opposition is devoid of any specificity as to how this action will be unduly delayed and how she will be prejudiced by Nationwide's intervention. In fact, this action is in its infancy, having commenced on March 8, 2019. Plaintiff will not suffer any undue delay or prejudice as a result of Nationwide's intervention.

It should be noted that neither Defendant opposed Nationwide's Motion. That is because Defendant Columbus Hospitality LLC, dba, "Crown Plaza Columbus – Downtown, an IHG Hotel"

("Columbus")[1] and Defendant Inter-Continental Hotels Corporation ("IHC")[2] presumably want to know what coverage obligations Nationwide has as to both of them prior to this action proceeding any further and, especially as to IHC, leave them with no defense cost funding. Additionally, time and money will be saved if Nationwide's Motion is granted, because requiring Nationwide to file a separate action (if procedurally possible) would require a significant amount of duplicative work, resulting in unnecessary costs, the wasting of judicial resources and delay the resolution of the coverage issues.

Thus, for the reasons set forth in Nationwide's Motion and herein, Nationwide requests that the Court permit intervention by Nationwide P&C and Nationwide Fire as intervening plaintiffs for the purpose of bringing an intervening complaint, as attached to Nationwide's Motion.

**II.  CONTRARY TO PLAINTIFF'S ASSERTIONS, NATIONWIDE SHOULD BE PERMITTED TO INTERVENE.**

    **A.  Intervention as of Right**

To intervene as of right, the moving party must show that (1) it timely sought intervention, (2) it has a substantial legal interest in the case, (3) its ability to protect its interests will be impaired without intervention, and (4) the existing parties do not adequately represent its interests. *Blount–Hill v. Zelman,* 636 F.3d 278, 283 (6th Cir. 2011). In its opposition, Plaintiff neither argues that Nationwide's Motion is untimely nor that the existing parties adequately represent Nationwide's interests.[3] That leaves Plaintiff's challenge to Nationwide's substantial legal interest in this case

---

[1] Nationwide is defending Columbus in this action, subject to a reservation of rights.
[2] IHC tendered its defense to Nationwide, but Nationwide has rejected the tender. Motion, p.3.
[3] Plaintiff states that it opposes the fourth element – adequate representation of Nationwide's interests – in the introductory paragraph of its intervention as of right section (*see* Opposition, p.6, Section III, A), there is no such argument in the body of the Opposition.

and Nationwide's interest being impaired without intervention. For the reasons set forth below, Plaintiff's arguments fail.

### 1. Nationwide has a direct and substantial legal interest in this case.

"The Sixth Circuit has 'opted for a rather expansive notion of the interest sufficient to invoke intervention' as contemplated by the second factor". *Adams v. Ohio Univ.*, No. 2:17-CV-200, 2017 WL 4618993, *1 (S.D. Ohio Oct. 16, 2017) (*citing Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)). Despite the expansive application of intervention, Plaintiff argues that because Nationwide has asserted a reservation of rights as to its defense of Columbus and a complete rejection of IHC's demand for coverage, its interest in the action is contingent and it lacks a direct and substantial legal interest in the case. (Opposition, pp.6-8). Contrary to Plaintiff's assertion, Nationwide's interest is *not* contingent.

"While there is little case law on this issue, most courts have found that a contested duty to defend is a substantial interest for intervention purposes." *Microsoft Corp. v. World Tech Investments LLC*, No. 1:18-CV-2915, 2019 WL 2314482, *2 (N.D. Ohio May 31, 2019) (*citing Nieto v. Kapoor*, 61 F. Supp. 2d 1177, 1194 (D.N.M. 1999), aff'd, 268 F.3d 1208 (10th Cir. 2001)). "Unlike the duty to indemnify, the duty to defend is not conjectural…[and] constitutes a substantial interest in this litigation." *Id*.

Here, Nationwide is denying a *defense* and indemnity obligation and is seeking a declaration from the Court affirming that it owes no defense or indemnity obligation to both Columbus and IHC. (*See, generally,* Nationwide's Intervening Complaint, Prayer for Declaratory Judgment, ECF No. 65-1). Moreover, "close cases should be resolved in favor of recognizing an interest under Rule 24(a)." *Grutter v. Bollinger*, 188 F.3d 394, 399 (6th Cir.1999); *see also, Miller*, 103 F.3d at 1247; *Vasandani v. Dublin Green Condominium Owners' Ass'n, Inc.*, No. 2:14-CV-

4

0059, 2014 WL 2695499, *2 (S.D. Ohio 2014).  Nationwide's interest is not contingent, but rather a direct and substantial legal interest in the case.

### 2. *Nationwide's ability to protect its interests will be impaired without intervention.*

Plaintiff argues that Nationwide's ability to protect its interest is not impaired in the absence of intervention because it can pursue declaratory judgment in state court without fear of collateral estoppel.  (Opposition, p.10).  Nationwide's ability to file a separate declaratory judgment action is not the only interest to consider in determining whether Nationwide's ability to protect its interest is impaired through denying intervention.  Nationwide has defense-related interests that will be unprotected without intervention.  Absent immediate intervention, defense costs will continue to mount and both Columbus and IHC will be without direction as to coverage for these expenses.

Even if Nationwide's interests were not impaired by denying intervention (which they would be), it is a procedural impossibility for Nationwide to actually file a separate declaratory judgment action.  Under both the Ohio and the Federal civil rules, every pleading shall contain a title, which shall include the names and addresses of all the parties.  *See* Ohio R. Civ. P. 10(A); Fed. R. Civ. P. 10(a).  In Ohio, "when declaratory relief is sought…, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." O.R.C. §2721.12(A).

Here, Plaintiff has asserted that Nationwide's declaratory judgment action under its intervening complaint "would require Plaintiff to argue legal theories, contract interpretation, burdens of proof, and other issues related to Nationwide's multiple commercial and umbrella policies…." (Opposition, p.8).  Clearly, Plaintiff has taken the position that she has an interest that would be affected by the declaration coming out of a declaratory judgment action brought by

5

Nationwide. Therefore, she must be made a party to any Ohio declaratory judgment action. The problem is, Nationwide has no idea who Plaintiff is, other than an individual, as this Court has permitted her to proceed pseudonymously in these proceedings. (Opposition, p.3, fn.2, referencing Stipulated Protective Order ("Protective Order"), ECF No. 60). Even if Nationwide were provided her name and address in order to name her on a separate complaint for declaratory judgment in compliance with the civil rules and ORC §2721.12(A), it would likely be unable to as it would be bound by the terms of the Protective Order.

While Ohio R. Civ. P. 15(D) permits a plaintiff to use a Jane Doe reference when it does not know the name of a defendant, the rule contemplates that the name will eventually be discovered and "the pleading or proceeding must be amended accordingly". Nationwide will never be able to amend its pleading, as it suspects it would be bound by the Protective Order in order to find out Plaintiff's true identity. Further, the "plaintiff, in such case, must aver in the complaint the fact that he could not discover the name." Ohio R. Civ. P. 15(D). Nationwide could not make such an averment, as the name is known, but protected by the Protective Order. Nationwide is unfamiliar with any procedural mechanism that would permit it to proceed with an independently filed declaratory judgment action naming "M.A., an individual" as a defendant.

Nationwide's interests are not protected merely by it seeking and having been denied intervention. Importantly, the movant's burden on this element is "minimal": "a would-be intervenor must show only that impairment of its substantial legal interest is *possible* if intervention is denied." *Michigan State AFL–CIO,* 103 F.3d at 1247. Nationwide has made such a showing. Having satisfied all four requirements for intervention as of right, this Court should grant Nationwide's Motion.

B.   **Permissive Intervention**

Although Nationwide has established its burden to intervene in this action as a matter of right, the Court may also permit Nationwide to intervene in this action permissively pursuant to Fed. R. Civ. P. 24(b).  "Permissive intervention under Rule 24(b) is to be liberally granted to promote the convenient disposition of all claims in one lawsuit." *Allied Constriction Industries v. City of Cincinnati*, No. 1:14-CV-450, 2014 WL 11429028, *5 (S.D. Ohio 2014).  Nationwide's Motion was timely filed and Plaintiff's Opposition does not assert that it was untimely.  Nationwide has a claim that shares with the original action a common question of fact or law and Nationwide's intervention will not cause undue delay or prejudice.  Plaintiff argues that there is no common question of fact or law and that Nationwide's intervention would be prejudicial and cause an undue delay.  Such arguments are meritless.

1.   *There are common questions of fact and law between Nationwide's claims and the underlying action.*

Plaintiff again argues that the issues related to coverage are "contingent on the success of Plaintiff's case, not whether or not discovery will bleed out actions and events that Nationwide would require fit squarely into its policy language before admitting coverage exists." (Opposition, p.12).  Nationwide is seeking an immediate declaration of its ***defense*** and indemnity obligations as to Columbus and IHC with respect to the claims in the underlying action.  As discussed above, Nationwide's interest in this action is not contingent but a direct and substantial legal interest.  (*See* Section II, A, 1, *supra*).

Moreover, Nationwide need only demonstrate that there is "at least one common question of law or fact." *Reliastar Life Ins. Co. v. MKP Invests.*, 565 F. App'x 369, 374 (6th Cir. 2014) (*quoting United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005)).  As discussed in Nationwide's Motion, some of the common questions of fact or law include: **1)** the culpability, if

any, of Columbus and/or IHC under the TVPA; **2)** did Columbus and/or IHC act negligently, recklessly or intentionally; **3)** is Plaintiff entitled to compensatory and/or punitive damages; and **4)** is Plaintiff entitled to attorney's fees. (*See* Motion, p.11). Additionally, if Nationwide's Motion is denied and it is forced to somehow bring an independent declaratory judgment action, there will be considerable overlap in the factual testimony elicited from Plaintiff to support her claims and to support Nationwide's claims.

Nationwide's obligation, if any, to defend and/or indemnify Columbus and/or IHC are dependent on the same facts and law that will be discovered and considered in determining Columbus and/or IHC's liability to Plaintiff.

> **2.** *Nationwide's intervention will not cause an undue delay or prejudice Plaintiff.*

Fed. R. Civ. P. 24(b)(3) states that "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." In a last ditch effort to oppose permissive intervention, Plaintiff makes the wide sweeping statement that Nationwide's intervention "will cause delay and substantial prejudice to Plaintiff." (Opposition, p.12). It is not whether intervention will delay or prejudice Plaintiff, but rather if the intervention will "***unduly*** delay or prejudice" Plaintiff. Fed. R. Civ. P. 24(b)(3) (emphasis added). Plaintiff does not state how Nationwide's intervention at such an early stage of the litigation would actually unduly delay these proceedings or prejudice her. Moreover, Nationwide would agree to current case schedule implemented by the Court and current parties. *See Stupak v. Thrall v. Glickman*, 226 F.3d 467, 478 (6th Cir. 2000) (noting agreeing to leave a case schedule intact may eliminate any purported undue delay or prejudice).

**III.   CONCLUSION**

For the reasons set forth in Nationwide's Motion and the foregoing pages, Nationwide respectfully requests the Court to grant its Motion for the purpose of asserting a claim for declaratory judgment.  To the extent this Court denies Nationwide's Motion for the purpose of asserting a claim for declaratory judgment, Nationwide requests that this Court grant Nationwide's Motion to participate in discovery, motion practice, settlement negotiation and trial (including posing interrogatories to the jury).

Respectfully submitted,

CAVITCH, FAMILO & DURKIN CO., L.P.A.

/s/ Gregory E. O'Brien
Gregory E. O'Brien (0037073)
Twentieth Floor
1300 East Ninth Street
Cleveland, Ohio  44114
Telephone     (216) 621-7860
Facsimile       (216) 621-3415
Email             gobrien@cavitch.com
*Attorney for Proposed Interveners*

**CERTIFICATE OF SERVICE**

A copy of the foregoing **REPLY IN SUPPORT OF NATIONWIDE'S MOTION TO INTERVENE** was served via the Court's electronic filing system, this 10th day of July, 2019. Notice of this filing will be sent by operation of the Court's Electronic Case Filing System to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Gregory E. O'Brien
Gregory E. O'Brien
*Attorney for Proposed Interveners*