

**U.S. Department of Justice**

*United States Attorney*
*Southern District of Ohio*

---

*303 Marconi Blvd*  ................  *Telephone: 614-469-5715*
*Suite 200*  ................  *Fax: 614-469-5240*
*Columbus, OH 43215*

November 18, 2019

Samuel N. Lillard, Esq.
Fisher & Phillips LLP
250 West Street, Suite 400
Columbus, OH 43215
***Via Federal Express and email: slillard@fisherphillips.com***

> RE:     Subpoena issued in *M.A. v. Wyndham Hotels &*
>          *Resorts, Inc., et al.*
>          SDOH Case No. 2:19-cv-849

Dear Samuel,

I write in response to the above-referenced subpoena, which was directed to AUSA Heather Hill and received on November 13, 2019. Your subpoena seeks production of records on November 22, 2019, in your office; the requested materials relate to the United States' prosecution of Lorenzo M. White, criminal case number 2:17-cr-21. Specifically, the subpoena seeks from the United States Attorney's Office (hereinafter "USAO") the "entire criminal investigatory and prosecutorial file relating to the prosecution and conviction of Lerenzo M. White in the United States District Court for the Southern District of Ohio."

Accompanying the subpoena is a letter, which I construe as an attempt to comply with 28 C.F.R. § 16.26, outlining the basis for your request in more detail. Your letter contends that "[t]he requested records are critical to Krrish's defense against [M.A.'s] claims" under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a). As support for that assertion, the letter goes on to state that "[t]he requested records likely will demonstrate which hotels and residences her alleged trafficker, Lerenzo White, used and how often he frequented those locations," claiming that that information in USAO files will address the issue of "whether a pattern of activity should have put certain hoteliers on notice of the trafficking activity alleged by [M.A.]." You also note that "it is anticipated the file will contain information related to statements made by [M.A.] and others related to locations in which they may have been trafficked." Finally, the letter also claims that the USAO's "file may contain reports of

EXHIBIT

C

Samuel N. Lillard, Esq.
November 18, 2019
*Touhy* request in *M.A. v. Wyndham Hotels & Resorts*
Page 2

police surveillance confirming or dispelling trafficking activity at certain locations—
potentially including our client's hotel."

Under 5 U.S.C. § 301, the Department of Justice has promulgated regulations
governing the disclosure of information by its employees in legal proceedings.
Compliance with these *Touhy* regulations, 28 C.F.R. §§ 16.21-16.29, is an absolute
condition precedent to obtain work-related information or documents from the agency.
Pursuant to these regulations, DOJ employees may not produce or disclose any
information in departmental files without the prior approval of the appropriate
department official. 28 C.F.R. § 16.22. Such information may accordingly only be
released if authorized under 28 C.F.R. §§ 16.22, 16.24, and 16.26. The considerations that
apply in determining whether the USAO will comply with a subpoena are contained
primarily in 28 C.F.R. § 16.26.

Under 28 C.F.R. § 16.26(a)(1), the USAO is to consider whether a disclosure "is
appropriate under the rules of procedure governing the case"—here, the Federal Rules
of Civil Procedure, the Federal Rules of Evidence, and the Southern District of Ohio's
Local Rules. Furthermore, under 28 C.F.R. § 16.26(a)(2) and (b), the USAO also must
consider, among other things, whether a requested "disclosure is appropriate under the
relevant substantive law concerning privilege," or whether the disclosure would violate
a separate statute or regulation, reveal a confidential source, or reveal investigatory
records compiled for law enforcement purposes. In sum, the considerations contained
in DOJ's *Touhy* regulations ensure that its employees' official time is spent on federal
business and that DOJ remains impartial in private litigation. *See United States v. Marino*,
658 F.2d 1120, 1125 (6th Cir. 1981) ("Without a procedure governing demands by
potential litigants, the efficiency of [DOJ] could be greatly impaired.").

The USAO has reviewed the requests for production and your letter, and a
determination has been made not to release the requested materials.

First, your request does not comply with DOJ's *Touhy* regulations,[1] which require "a
summary of the information sought and its relevance to the proceeding." 28 C.F.R.
§ 16.22(d). Construing the letter accompanying the subpoena as the required summary,
it fails to meet the requirements of the regulation. That is, it contains no information
demonstrating relevancy other than a conclusory statement that "[t]he requested
records are critical to Krrish's defense against [M.A.'s] claims," followed by a list of the
documents you hope the USAO will produce. But whether the information is helpful or

---

[1] Moreover, to the extent that you seek records of the investigative agency, you must also comply with
that agency's *Touhy* regulations because those records are not within the possession, custody, or control
of the USAO. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii).

Samuel N. Lillard, Esq.
November 18, 2019
*Touhy* request in *M.A. v. Wyndham Hotels & Resorts*
Page 3

even crucial to your client's defense does not establish relevancy, and the request therefore does not comport with the requirements of 28 C.F.R. § 16.22(d).

In that same vein, your request falls short of the discovery parameters set forth in the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 26(b)(1), discovery is limited only to that which is relevant and proportionate to the needs of the case. That analysis considers the importance of the issues in the case and the likelihood that the requested information will resolve those issues, the amount in controversy, the parties' relative resources and access to relevant information, and whether the burden or expense of the requested information outweighs its likely benefit. Requested information must be more than minimally relevant to the claims or defenses at issue to be discoverable under Rules 26 and 45. Where information is not relevant under the Federal Rules, 28 C.F.R. § 16.26(a)(1) likewise prohibits its disclosure.

As Chief Judge Marbley has held in this case, to establish liability under 18 U.S.C. § 1595(a), M.A. must show, *inter alia*, that the defendants "knew or should have known" that their "venture was involved in sex trafficking." Op. & Order, ECF No. 136, at p. 4. As you said in your letter, a key issue in your client's defense is therefore "whether a pattern of activity should have put certain hoteliers on notice of the trafficking activity alleged by [M.A.]." The question here, then, is what your client knew or should have known of the trafficking activity—*not* what the USAO knew of the trafficking through law enforcement's criminal investigation of Mr. White. As Chief Judge Marbley noted, relevant factors in that analysis include that the "Defendants were on notice about the prevalence of sex trafficking generally at their hotels and failed to take adequate steps to train staff in order to prevent its occurrence." *Id.* at p. 12. Also relevant are "signs [M.A.] alleges [that] should have alerted staff to her situation," such as the fact that Mr. White paid for the rooms in cash and that she screamed for help. *Id.* This sort of information relates to the internal knowledge and workings of the defendant hoteliers, and is not contained in USAO files. Therefore, the USAO does not have relevant documents responsive to your requests.

Even if the requested information were more than minimally relevant, your request still runs afoul of the Civil Rules because it is overbroad. The subpoena seeks the USAO's "*entire* criminal investigatory and prosecutorial file" related to Mr. White's criminal case. (Emphasis added.) On its face, this request seeks an unnecessarily wide range of materials with only a conclusory assertion that they will contain purportedly relevant information as justification. This request is also problematic under Fed. R. Civ. P. 45, which provides that discovery requested from third parties must not impose an undue burden or expense upon the nonparty. DOJ is not the private investigator for civil litigants, and responding to overbroad requests such as this is an unnecessary drain on government resources.

Samuel N. Lillard, Esq.
November 18, 2019
*Touhy* request in *M.A. v. Wyndham Hotels & Resorts*
Page 4

Finally, the Civil Rules require consideration of the parties' relative access to the requested information. To the extent you are seeking "information related to statements made by [M.A.]," that information is available to you through discovery from Plaintiff in the civil case. Likewise, to the extent that you seek information about locations where trafficking activity occurred, your client's own records should document M.A.'s and/or Mr. White's stays at Krrish Lodging locations.

In addition to the concerns outlined above, your request also purports to seek materials that are plainly privileged or otherwise exempt from disclosure. To the extent you seek investigatory records, such documents are compiled for law enforcement purposes and production of such materials would reveal investigative techniques in violation of 28 C.F.R. § 16.26(b)(6). Investigatory materials also frequently contain PII subject to the Privacy Act, 5 U.S.C. § 552a, as well as victim information specifically protected by the Crime Victim's Rights Act ("CVRA"), 18 U.S.C. § 3771. Furthermore, the USAO's "entire" file contains restricted documents, including Mr. White's plea agreement and its accompanying statement of facts. The file also contains information concerning Mr. White's presentencing investigation, which is considered a "confidential Court document" under S.D. Ohio Crim. R. 32.1(k) and 32.3(a). The file also contains grand jury materials that are exempt from disclosure. *See* S.D. Ohio Crim. R. 83.1(a). None of these materials are available via a subpoena in a civil case in which the United States is not a party.

In conclusion, the USAO does not have responsive materials relevant to determining if your client knew or should have known of Mr. White's trafficking activities. Moreover, your request is overly broad and seeks information that is prohibited form disclosure by both federal law and the local rules of this Court. Therefore, the USAO declines to authorize a response to your subpoena, and requests that you withdraw the subpoena no later than November 20, 2019.

Very truly yours,

DAVID M. DEVILLERS
United States Attorney

LEAH M. WOLFE
Assistant United States Attorney