# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| M.A., *et al.*, : | |
| : | Case No. 2:19-CV-849 |
| Plaintiffs, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Deavers |
| WYNDHAM HOTELS & : | |
| RESORTS, INC., *et al.*, : | |
| : | |
| Defendants. : | |

## **OPINION & ORDER**

This matter is before the Court on proposed Plaintiff-Intervenors', American Family Mutual Insurance Company ("American Family") and Nationwide Property & Casualty Insurance Company and Nationwide Mutual Fire Insurance Company (collectively, "Nationwide"), Motions to Intervene. (ECF Nos. 64, 65). For the following reasons, proposed Plaintiff-Intervenors' Motions are hereby **DENIED.**

## I. BACKGROUND

Plaintiff, M.A., alleges she was trafficked for sex at several Days Inn by Wyndham, Comfort Inn, and Crowne Plaza locations in Columbus. (ECF No. 1 at ¶ 51). Plaintiff seeks to hold these hotels liable under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a). M.A. alleges that the hotel Defendants knew or should have known her trafficking was happening on their properties. She points to behavior that she alleges hotel staff should have recognized as signs of her trafficking. M.A. alleges that these hotels and their parent companies did not take adequate measures to prevent human trafficking. On October

7, 2019, this Court issued an Opinion and Order denying Defendants' Motions to Dismiss. (ECF No. 136).

In June 2019, American Family and Nationwide filed Motions to Intervene. American Family is the purported liability insurer for Defendants Krrish Lodging, LLC and Wyndham Hotels and Resorts, Inc. (ECF No. 64 at 3). Nationwide is the insurer for Columbus Hospitality LLC, dba "Crowne Plaza Columbus – Downtown, an IHG Hotel" ("Columbus") and Inter-Continental Hotels Corporation ("IHC"). (ECF No. 65 at 5). Both Movants argue they must be permitted to intervene as of right in order adequately to protect their interests. Alternatively, they argue the Court should exercise its discretion to grant permissive intervention.

## II. STANDARD OF REVIEW

American Family and Nationwide both bring motions to intervene as of right under Federal Rule of Civil Procedure 24(a), or, in the alternative, permissive intervention under Rule 24(b).

Intervention as of right under Fed. R. Civ. P. 24(a)(2) requires a timely motion by a movant who:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Movants must establish all elements of the four-part test, requiring: (1) that the motion was filed timely; (2) that a substantial legal interest is involved; (3) that an interest will be impaired without intervention; and (4) inadequate representation by the current parties. *Michigan State AFL–CIO v. Miller,* 103 F.3d 1240, 1245 (6th Cir.1997) (citing *Cuyahoga Valley Ry. Co. v. Tracy,* 6 F.3d 389, 395 (6th Cir.1993)).

2

Permissive intervention under Fed. R. Civ. P. 24(b)(1) permits a court to exercise its discretion to allow intervention on a timely motion by a movant who "has a claim or defense that shares with the main action a common question of law or fact." If the motion is timely and there is at least one common question of law or fact, the Court consider whether intervention would cause undue delay or prejudice to the original parties, and any other relevant factors. *J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 2:09-CV-136, 2010 WL 1839036, at *1 (S.D. Ohio May 3, 2010) (citing *Miller,* 103 F.3d at 1248).

### III. LAW & ANALYSIS

### A. Intervention as of right

American Family and Nationwide first argue that they must be permitted to intervene because they claim an interest related to the subject of the main action and they have interests that will be impaired if they are not permitted to intervene. In order to succeed on their motion, Movants must meet all four parts of the test for intervention as of right: (1) that the motion was filed timely; (2) that a substantial legal interest is involved; (3) that an interest will be impaired without intervention; and (4) inadequate representation by the current parties. *Miller,* 103 F.3d at 1245 (6th Cir.1997).

Here, the Court begins its analysis with a discussion of Movants' asserted interests in this case.[1] American Family claims a "substantial, direct interest in the subject of this action because

---

[1] A successful motion to intervene must be timely, but even a timely motion for intervention as of right will fail if the other factors are not met. Movants submitted their Motions approximately three months after Plaintiff filed her Complaint. On the balance of the timeliness factors identified by the Sixth Circuit, courts have split on finding motions filed at similar stages of the case timely. *Cf. J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 2:09-CV-136, 2010 WL 1839036, at *3 (S.D. Ohio May 3, 2010) (finding motion to intervene not timely when filed three and a half months after complaint where there was risk of delay or prejudice to the original parties); *Indiana Ins. Co. v. Midwest Maint.*, No. C-3-99-351, 2000 WL 987829, at *2 (S.D. Ohio Jan. 7, 2000) (finding motion to intervene timely when filed slightly over three months after the complaint before significant discovery had taken place).

of its status as Defendants Krrish Lodging, LLC and Wyndham Hotels and Resorts, Inc.'s purported liability insurer." (ECF No. 64 at 3). American Family claims these Defendants seek both defense and indemnity from it, and the potential for coverage for some of the claims against these Defendants makes American Family's interest direct and substantial. (*Id.* at 4). Nationwide likewise argues that its position as an insurer who could possibly be responsible for indemnifying Defendants satisfies the substantial legal interest requirement. (ECF No. 65 at 9).

In Plaintiff's consolidated response, she argues that the insurers' interest is contingent on the success of her claims, and therefore not direct or substantial. (ECF No. 79 at 6-7). The issues Movants are concerned with involve potential coverage under their insurance policies, which are issues irrelevant to Plaintiff's Trafficking Victims Protection Reauthorization Act ("TVPRA") claims against Defendants. (*Id.* at 8).

This Court in *J4 Promotions* considered a similar motion to intervene by an insurer, and found the coverage issue unrelated to the underlying copyright infringement and unfair competition claims in the case. 2010 WL 1839036 at *3. The Court noted "various courts have routinely denied intervention on grounds that insurers contesting coverage have no more than a contingent interest in the underlying action." *Id.* (citing *Travelers Indem. Co. v. Dingwell,* 884 F.2d 629, 638 (1st Cir. 1989); *Nautilus Ins. Co. ex rel. Ecklebarger v. C.C. Rider, Inc.,* 2002 WL 32073073 (N.D. Ind. Nov. 25, 2002); *Nieto v. Kapoor,* 61 F. Supp. 2d 1177 (D.N.M. August 4, 1999); *Sachs v. Reef Aquaria Design, Inc.,* 2007 WL 2973841 (N.D. Ill. Oct.5, 2007)).

While the Court acknowledges there are decisions going both ways in determining whether insurers have a substantial interest in the subject of litigation where they may have a

---

Because the parties' discussion of timeliness is minimal, and because this Court finds Movants' motions fail for other reason, it is not necessary to undergo an analysis of the timeliness of the motions in this case.

4

duty to indemnify or defend, it ultimately finds the cases cited by Movants less persuasive. American Family relies on *American Casualty Company of Reading, PA v. Continental Props., Inc.*, in which this Court considered a motion for reconsideration of a Magistrate's order granting motion to intervene. No. 2:11-cv-01049, 2012 WL 13024708 (S.D. Ohio July 10, 2012). There, the insurance companies had filed a declaratory judgment action against their insureds, and the Magistrate Judge permitted the state court Plaintiffs to intervene. *Id.* But *American Casualty* is distinguishable because this Court was reviewing the Magistrate's order for clear error, not deciding the issue de novo. *Id.* Furthermore, as Plaintiff notes in her Response, cases involving an injured Plaintiff seeking to intervene in a separately filed declaratory judgment action are distinguishable and involve different interests from insurers seeking intervention in a suit for civil damages. (ECF No. 79 at 7).

Failure to allege a direct and substantial interest in the subject of the litigation is alone fatal to Movants' claim for intervention as of right. The Court will also address, however, Movants' arguments relating to their ability to protect their asserted interests through other channels. American Family and Nationwide argue that if they are not permitted to intervene, they may be collaterally estopped from bringing a separate declaratory judgment action to determine whether Defendants' alleged conduct is covered or excluded by their policies (ECF No. 64 at 5; ECF No. 65 at 10-11). Plaintiff argues a separate declaratory judgment action is the "conventional approach" and collateral estoppel will not be an issue. (ECF No. 79 at 10). She argues that *Gehm v. Timberline Post & Frame* controls, and makes clear that if insurers seek intervention and are denied, they will not be estopped. (*Id.*); *see also Gehm v. Timberline Post & Frame*, 861 N.E.2d 519, 523 (Ohio 2007). In *Gehm*, the Supreme Court of Ohio held that "issue preclusion would not apply in a later suit if the insurer was denied leave to intervene in the prior

suit." *Microsoft Corp. v. World Tech Investments LLC*, No. 1:18-CV-2915, 2019 WL 2314482, at *2 (N.D. Ohio May 31, 2019) (citing *Gehm*, 861 N.E.2d at 523). Plaintiff notes that the cases Nationwide cites before *Gehm*, such as *McWhorter v. Elsea*, No. 2:00-cv-473, 2006 WL 3526405 (S.D. Ohio 2006), are less persuasive because the issue of collateral estoppel had not yet been clarified, meaning there was a greater risk that insurers may not be able to protect their interests through a separate declaratory judgment action. This Court agrees with Plaintiffs that under *Gehm*, that question has now been resolved.

In their Replies, Movants raise an additional argument that they did not raise in their original Motion, that even if they are not estopped from bringing a declaratory judgment action, they could not do so because there is no procedural mechanism for bringing a lawsuit against an anonymous defendant. (ECF No. 85 at 3; ECF No. 89 at 5). They cite Ohio Rev. Code 2721.12(A), which requires naming all persons affected by the declaration, and Ohio R. Civ. P. 10(A), requires names and addresses of all parties in a pleading. However, Movants do not sufficiently allege that they would not be able to comply with procedural rules against an anonymous Defendant under Ohio R. Civ. P. 15(D), which specifically allows for complaints against unknown John or Jane Doe defendants.

The final element of intervention as of right requires that the movants' interests not be already adequately represented by the existing parties. American Family and Nationwide argue that neither Plaintiff nor Defendants have an interest in determining their insurance coverage. Plaintiff is concerned with recovering from Defendants on any theory, and Defendants' interest is in avoiding liability. (ECF No. 64 at 5; ECF No. 65 at 11-12). Plaintiff does not address adequacy of representation in her Response and focuses her objections on Movants' asserted interests and ability to protect those interests. (ECF No. 79 at 6-11). Because this Court has

already found Movants' interest is contingent—rather than direct and substantial—and their asserted interests will not be impaired if intervention is denied, the Court need not decide whether their interests are adequately represented. Even though the other parties are not litigating the issue of insurance coverage, however, it is not clear that Movants' interests would not be adequately represented. As the Northern District of Ohio recently found, "[w]hile neither Plaintiff nor Defendants seek a decision in this case on the coverage dispute, both have a strong interest in litigating the intellectual-property infringement issue that is central to the potential coverage dispute." *Microsoft Corp. v. World Tech Investments LLC*, No. 1:18-CV-2915, 2019 WL 2314482, at *3 (N.D. Ohio May 31, 2019). Likewise, Plaintiff and Defendants here have a strong interest in litigating the issue of Defendants' liability under the TVPRA.

### B. Permissive intervention

Movants also seek permissive intervention under Rule 24(b). Movants argue that they should be permitted to intervene pursuant to Fed. R. Civ. P. 24(b) because their motions are timely, and their claims share a common question of law or fact with the main action and their intervention will no cause undue delay or prejudice to the existing parties. Plaintiff argues that the questions of insurance coverage are distinct from the questions of law and fact at issue in her complaint. (ECF No. 79 at 12). Even if there is a common question, she argues intervention causes delay and prejudice by adding overly complex issues of coverage to the dispute, adds multiple additional parties, and adds disputes about the insurance agreements that are irrelevant to the ultimate issue of TVPRA liability (*Id.* at 12-13).

The parties do not spend much time on a discussion of the timeliness inquiry. While timeliness is a factor in considering motions to intervene, "[e]ven a timely application for permissive intervention should be denied where the intervenor has not established that a common

7

question of law or fact exists between [its] proposed claim and the claim of one or more of the existing parties." *Comtide Holdings, LLC v. Booth Creek Mgt. Corp.*, No. 2:07-cv-1190, 2010 WL 2670853, at *3 (S.D. Ohio June 29, 2010). While the Court finds that timeliness in this case is a close call, it finds Movants have failed to argue sufficiently that the other two factors weigh in their favor and therefore declines to exercise its discretion in permitting intervention.

American Family argues the question of "whether the claims being made by Plaintiff against Defendants Krissh Lodging, LLC and Wyndham Hotels and Resorts, Inc., fall within coverage or an exclusion to coverage will necessarily require the same set of facts as the underlying action." (ECF No. 64 at 6-7). Nationwide frames the common question as whether Defendants are liable to Plaintiff under the TVPRA and the relief to which Plaintiff is entitled. (ECF No. 65 at 13). Plaintiff responds that the issues Movants are concerned with related to coverage are not common to the main action, but contingent on Plaintiff's success. (ECF No. 79 at 12). Plaintiff further argues that even if there is a common question, intervention would cause undue delay and prejudice to Plaintiff by "interject[ing] wholly separate areas of law and fact, multiple additional parties, and policies and agreements which are irrelevant to the ultimate issue in Plaintiff's TVPRA claims." (ECF No. 79 at 12-13).

It is true that Movants are interested in the question of liability at issue in this case, but only insofar as it effects their coverage obligations. As Plaintiff argues, this interest is contingent on her success, and requires a separate inquiry into the language of the insurance policies, which is wholly separate from the TVPRA claims in the main action. (ECF No. 79 at 12).

Even if there is a common question of law or fact, the risk of delay and prejudice counsel against permissive intervention in this case. As this Court discussed in *J4 Promotions*, there is a risk of delay and prejudice to the original parties if complex issues of coverage are introduced

8

into a dispute, and intervention would force Plaintiff "to become involved in a coverage dispute in which it does not yet have an interest." 2010 WL 1839036 at *4. *See also Krancevic v. McPherson*, 2004-Ohio-6915, ¶ 8, 2004 WL 2931012 (Ohio Ct. App., Dec. 16, 2004) ("an intervening complaint and cross-claim for a declaratory judgment concerning its duties to defend and indemnify its insureds and to pay any judgment entered against its insureds… would have interjected a number of new issues as to which discovery and motion practice would have caused considerable delay"). For the reasons stated, this Court declines to exercise its discretion to grant permissive intervention to the insurers.

## CONCLUSION

For the foregoing reasons, American Family and Nationwide's Motions to Intervene are hereby **DENIED.**

**IT IS SO ORDERED.**

                                                     s/Algenon L. Marbley
                                                   **ALGENON L. MARBLEY**
                                                   **UNITED STATES DISTRICT JUDGE**

**DATE: December 9, 2019**