IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF OHIO EASTERN DIVISION

| | | |
|---|---|---|
| M.A., an individual, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO: 2:19-cv-00849 |
| | ) | |
| v. | ) | Judge Algenon L. Marbley |
| | ) | |
| | ) | Magistrate Judge Elizabeth Preston Deavers |
| WYNDHAM HOTELS & RESORTS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW OPPOSING ERIE
INSURANCE EXCHANGE'S MOTION TO INTERVENE**

COMES NOW the Plaintiff, M.A., by and through the undersigned counsel, and respectfully requests that this Honorable Court enter an order denying the motion to intervene filed by Erie Insurance Exchange ("Erie") (ECF No. 168). The reasons supporting the Plaintiff's opposition are set forth in the attached memorandum of law.

Respectfully submitted,

**/s/ Steven C. Babin, Jr.**
Steven C. Babin, Jr.
(0093584) Babin Law, LLC
1320 Dublin Road, #100
Columbus, Ohio 43215
T: 614.384.7035
E: steven.babin@babinlaws.com

1

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
## ERIE' S MOTION TO INTERVENE

COMES NOW the Plaintiff, M.A. (the "Plaintiff" or "M.A."), by and through the undersigned counsel, and respectfully submits this Response and Memorandum of Law in opposition to the Motion to Intervene filed by Erie ("Erie" or "Movant").  In support of her opposition to the Motion to Intervene, the Plaintiff provides the following law and argument.

### INTRODUCTION

Erie, a nonparty, seeks to intervene in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure to litigate a dispute with its insured Defendant Buckeye Hospitality, Inc. a/k/a the Comfort Inn North Conference Center ("Buckeye Hospitality").[1]  Simply put, Erie's dispute with Defendant Buckeye Hospitality has no place in this lawsuit.  Indeed, this Court has already addressed this exact same issue in this case when other insurers, by American Family Mutual Insurance Company and Nationwide Property & Casualty Insurance Company and Nationwide Mutual Fire Insurance Company, sought to intervene.  (ECF No. 171.)  In its Order denying those motions, the Court observed that "various courts have routinely denied intervention on grounds that insurers contesting coverage have no more than a contingent interest in the underlying action." *Id*. at 4 (citing *J4 Promotions, Inc. v. Splash Dogs, LLC,* No. 2:09-CV-136, 2010 WL 1839036, at *3 (S.D. Ohio May 3, 2010); *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989); *Nautilus Ins. Co. ex rel. Ecklebarger v. C.C. Rider, Inc*., 2002 WL 32073073 (N.D. Ind. Nov. 25, 2002); *Nieto v. Kapoor,* 61 F. Supp. 2d 1177 (D.N.M. August 4, 1999); *Sachs v. Reef Aquaria Design, Inc.,* 2007 WL 2973841 (N.D. Ill. Oct.5, 2007)) (internal quotations omitted).  The same law applies here.  Therefore, the Court should deny

---

[1]  Erie seeks to intervene in this lawsuit for the purpose of seeking a declaratory judgment regarding its obligations, if any, to defend and/or indemnify of Defendants Buckeye Hospitality, Inc. and Choice Hotels International, Inc. in relations to M.A.'s claim against them.  ECF No. 168 at 2.

Erie's motion.

I.     **FACTUAL BACKGROUND**

The Plaintiff brings claims against the Defendants, a group of hotels and hotel brands, under Trafficking Victim Protection Reauthorization Act (the "TVPRA"), 18 U.S.C. § 1591 *et seq*. *See* ECF No. 1, Compl. at ¶¶ 3, 107. From approximately the Spring of 2014 to August 2015, she was repeatedly coerced through fear, threat, and violence into commercial sex acts at each of the Defendants' hotel properties. *Id.* at ¶¶ 3, 49-59. The Plaintiff contends that the Defendants knew or should have known she was trafficked on their properties and that the Defendants profited from the sex trafficking she suffered. *See, e.g.*, *Id*. at ¶ 107.

II.     **STANDARD OF REVIEW**

Rule 24 governs intervention of nonparties. *See* Fed. R. Civ. P. 24. Rule 24 provides in pertinent part:

> (a)     **Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
>     (1)     is given an unconditional right to intervene by a federal statute; or
>     (2)     claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b)     **Permissive Intervention.**
>     (1)     *In General.* On timely motion, the court may permit anyone to intervene who:
>
>         (A)     is given a conditional right to intervene by a federal statute; or
>         (B)     has a claim or defense that shares with the main action a common question of law or fact.
> …
>
> (3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the

original parties' rights.

Fed. R. Civ. P. 24.

The Sixth Circuit has set out four (4) elements which the potential intervenor must meet in order for intervention as of right to be appropriate:

> This Court has interpreted the language of the Rule to require an applicant to show that: 1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest. *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999).

*Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011). "Each of these elements is mandatory, and therefore failure to satisfy any one of the elements will defeat intervention under the Rule." *Id.* (citing *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005)).

With regard to permissive intervention pursuant to Fed. R. Civ. P. 24(b), "[t]hough the district court operates within a 'zone of discretion' when deciding whether to allow intervention under Rule 24(b), the district court nevertheless 'must, except where the basis for the decision is obvious in light of the record, provide enough of an explanation for its decision to enable [us] to conduct meaningful review.'" *League of Women Voters of Mich. v. Johnson*, 902 F.3d 572, 577 (6th Cir. 2018) (citing *Kirsch v. Dean*, 733 F. App'x 268, 279 (6th Cir. 2018) (quoting, in turn, *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997))).

### III. ARGUMENT

Erie fails to meet its burden for intervention. First, Erie's motion is untimely. Second, Erie does not have a substantial legal interest in the civil case that will be impaired absent intervention, or an interest that will be inadequately represented by parties already before the Court. Further, the Court should not allow Erie to intervene because it would cause undue delay in this matter and would prejudice the Plaintiff.

4

### A.    Erie Does Not Have Grounds To Intervene As Of Right.

Intervention as of right under Fed. R. Civ. P. 24(a)(2) requires a timely motion by a movant who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The movant must establish all elements of the four-part test, requiring: (1) that the motion was filed timely; (2) that a substantial legal interest is involved; (3) that an interest will be impaired without intervention; and (4) inadequate representation by the current parties. *Michigan State AFL–CIO v. Miller,* 103 F.3d 1240, 1245 (6th Cir.1997) (citing *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir.1993)).  Failure to satisfy any one of the elements will defeat intervention.  *Blount-Hill,* 636 F.3d at 283.  The Movant fails to meet the first, second, third, and fourth elements of the applicable test.

### 1.    The Motion to Intervene is Untimely In This Matter.

The Sixth Circuit has identified five (5) factors to determine whether a motion to intervene is timely:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Blount-Hill,* 636 F.3d at 284 (citing *Grubbs v. Norris,* 870 F.2d 343, 345 (6th Cir.1989); *Stupak–Thrall v. Glickman*, 226 F.3d 467, 473 (6th Cir.2000)).

This case has progressed too far for Erie to intervene now.  Erie's motion comes

approximately eight and a half (8.5) months after the Plaintiff filed her Complaint.  Erie does not explain its delay in waiting 8.5 months to seek intervention and instead focuses its timeliness argument on the status of the litigation asserting "[t]his lawsuit is in its early stages."  *See* Mot. to Intervene at 12 (ECF No. 168.).  Contrary to Erie's contention that "[t]he parties have conducted little to no discovery[,]" the Plaintiff has served all Defendants with interrogatories and requests for production, received a variety of responses, and various Defendants have been serving the Plaintiff with discovery.[2]

Additionally, the Court has also already ruled on motions to dismiss and other requests for intervention and the Defendants have answered the Complaint.  Accordingly, the Plaintiff respectfully submits the Court should deny Erie's motion as untimely.  *See J4 Promotions, Inc. v. Splash Dogs*, *LLC*, No. 2:09-CV-136, 2010 WL 1839036, at *3 (S.D. Ohio May 3, 2010) (finding motion to intervene not timely when filed three and a half months after complaint where there was risk of delay or prejudice to the original parties).

### 2. Erie Does Not Have a Substantial Legal Interest In This Matter.

Erie has no direct substantial legal interest as required by the Sixth Circuit.  *See e.g., Konica Minolta Bus. Sols. U.S.A., Inc. v. Lowery Corp.*, No. 15-11254, 2018 U.S. Dist. LEXIS 81618, *10 (E.D. Mich. Apr. 23, 2018) (citing *Adams v. Ohio Univ.*, No. 2:17-CV-200, 2017 U.S. Dist. LEXIS 170674 (S.D. Ohio Oct. 16, 2017) and *Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129, 154 (1967)).  "Whether an insurer of an existing party has a direct interest in the litigation depends on if the insurer admits that the claim at issue is covered."  *Id.*  Put another way, the interest possessed by an insurer seeking to intervene is contingent, not

---

[2]    Erie also argues errantly that "the next deadline under this Court's case management order is not until April 10, 2019" a date which has already passed.  *See* Mot. to Intervene at 14 (ECF No. 168.).  Erie also makes the now stale assertion that the Court had not ruled on the pending motions for intevention.  *Id*.  As stated *supra* the Court has denied the other pending motions to intervene.  (ECF No. 171.)

direct – and thus, is also not "substantial." *Id.* (citing *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 640 (1st Cir. 1989) (finding that the insurer's interest was contingent on the resolution of the coverage issue)).

Erie's legal interest in this case is similarly contingent and therefore not substantial. Erie acknowledges as much in its rquest for intervention, stating, "Erie seeks this Court's guidance regarding its coverage obligations, if any[.]" *See* Mot. to Intervene at 16 (ECF No. 168.).  Erie's interest is clearly in the contingency, not the substance.[3]  Therefore, the Court should deny Erie's motion to intervene.  *See Siding & Insulation Co. v. Beachwood Hair Clinic, Inc.*, No. 1:11CV1074, 2012 U.S. Dist. LEXIS 25081 * 4-6, 2012 WL 645996 (N.D. Ohio Feb. 28, 2012) (holding the insurer's interest was not direct because it was limited to how much the insurer would have to pay, which in turn was entirely contingent on future events – *i.e.*, the plaintiff's success, and a determination of the insurer's duties under the policy).

### 3. Erie's Ability To Protect Its Interests Will Not Be Impaired By Its Absence.

Erie's ability to protect its interests will not be impaired without intervention.  An insurer does not claim the kind of interest contemplated under this element.  *See Travelers*, 884 F.2d at 638; *see also* Fed. R. Civ. P. 24(a)(2).  In short, the assertion that coverage might not exist is not properly considered part of the subject of an action which goes to liability.  *See Konica Minolta Bus. Sols*, 2018 U.S. Dist. LEXIS 81619, *10 (relying on *Travelers*, 884 F.2d at 640, and finding the insurer's interest is derivative for purposes of Rule 24(a)).  To permit intervention where coverage is in dispute would allow an insurer to "interfere with and in effect control the defense." *Travelers*, at 639.

---

[3]     In an attempt to support its substantial interest, Erie also mistakenly argues that the Plaintiff is proceeding in this matter pursuant to an "anonymous status."  *See* Mot. to Intervene at 17 (ECF No. 168.).  The Plaintiff is not proceeding anonymously in this matter, she is proceeding pseudonymously.  *See* ECF No. 60.

Erie cites *Howell v. Richardson,* 45 Ohio St.3d 365, 544 N.E.2d 878 (1989*)* and *Gehm v. Timberline Post & Frame,* 112 Ohio St. 3d 514, 2007-Ohio-607, 861 N.E. 2d 519 (2007*)* to support its position.  *See* Mot. to Intervene at 13 (ECF No. 168.).  But *Gehm* and *Howell* actually support the denial of Erie's request for intervention under the circumstances presented here.  The *Howell* and *Gehm* cases make clear that where an insurer has sought to intervene and been denied, collateral estoppel will not prevent it from separately seeking to protect its interests through an action for declaratory relief.  *See Gehm*, 861 N.E. 2d at 519 (citing *Howell* and holding that "[w]hen a party has sought and been denied intervention, collateral estoppel will not prohibit future litigation of similar issues.").  Thus, Erie does not need to intervene in this lawsuit in order to protect its interests.  Accordingly, the Court should deny Erie's motion to intervene.

   **4.     The Current Parties Are Adequately Represented**

The current Parties are adequately represented in this matter and Erie's statement to the contrary in its moving papers is conclusory at best.  *See* Mot. to Intervene at 17 (ECF No. 168.). Defendant Buckeye Hospitality is represented by counsel in this case and its counsel has represented its interests from the outset of this matter.  Furthermore, Defendant Buckeye Hospitality does business as the Comfort Inn North Conference Center which is one of Defendant Choice Hotels International, Inc.'s ("Choice") branded properties.  Defendant Choice is also represented by counsel in this action and its counsel has represented its interests from the inception of this litigation.  The Plaintiff is represented by the undersigned counsel and counsel for the Plaintiff, Choice, and Buckeye Hospitality have actively and adversarially (but professionally) litigated a number of difficult issues in this cas.  Contrary to Erie's contention that "[i]t is possible that M.A. along with Buckeye Hospitality and/or Choice Hotels may direct

the lawsuit in a manner designed to trigger insurance coverage[,]" the reality is that M.A. is not working "along with" Buckeye Hospitality or Choice on any issue of liability, much less coverage. *See* Mot. to Intervene at 17 (ECF No. 168.). As such, the Court's docket reflects hard fought adversarial positions by Parties who are well represented.

### B. Erie Cannot Establish Grounds For Permissive Intervention

As stated *supra*, Erie's Motion to Intervene is untimely and therefore should be denied on that basis alone. Assuming timeliness, *arguendo*, Erie's motion still fails because no common questions of law or fact exist sufficient to warrant permissive intervention.

"Even a timely application for permissive intervention should be denied where the intervenor has not established that a common question of law or fact exists between [its] proposed claim and the claim of one or more of the existing parties." *Comtide Holdings, LLC v. Booth Creek Mgt. Corp.*, No. 2:07-cv-1190, 2010 WL 2670853, at *3 (S.D. Ohio June 29, 2010). Simply put, Erie's dispute related to insurance coverage does not share common questions of law or fact with this lawsuit which relates to the human suffering caused by sex trafficking. Erie's dispute with Defendants Buckeye Hospitality and Choice is a contract dispute and this prospective business dispute is wholly unrelated to this human rights matter and the Court should therefore deny Erie's motion.

### CONCLUSION

Erie has failed to meet its burden to establish a a basis for intervention either by right or permissively. Accordingly, this Honorable Court should deny the Movant's request to intervene and enter an Order denying the Motion To Intervene filed by Erie Insurance Exchange (ECF No. 168).

Done this the 23rd day of December 2019.

          Respectfully submitted,

          **/s/ Steven C. Babin, Jr.**
          Steven C. Babin, Jr.
          (0093584) Babin Law, LLC
          1320 Dublin Road, #100
          Columbus, Ohio 43215
          T: (614) 384-7035
          E: steven.babin@babinlaws.com

**OF COUNSEL:**
Kimberly L. Adams (Fla. State Bar. No.: 0014479) *admitted via pro hac vice*
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, Florida 32502-5996
T: 850.435.7056
F: 850.436.6056
E: kadams@levinlaw.com

Gregory M. Zarzaur (Ala. State Bar No.: ASB-0759-E45Z) *admitted via pro hac vice*
Anil A. Mujumdar (Ala. State Bar. No.: ASB-2004-L65M) *admitted via pro hac vice*
ZARZAUR
2332 Second Avenue North
Birmingham, Alabama 35203
T: 205.983.7985
F: 888.505.0523
E: gregory@zarzaur.com / anil@zarzaur.com

*Attorneys for the Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 23rd, 2019, I electronically filed the foregoing Response in Opposition to Erie's Motion to Intervene with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Gregory Paul Barwell
Jessica A. Barwell
Jud R. Mauger
WESP/BARWELL, LLC
100 East Broad Street
Suite 2350
Columbus, Ohio 43215
T: 614.456.0488
F: 614.456.0488
E: gbarwell@wesplaw.com / jbarwell@columbushospitality.com / jmauger@wesplaw.com
*Attorneys for Defendant Columbus Hospitality, LLC*

Quintin F. Lindsmith
Ali I. Haque
BRICKER & ECKLER LLP
100 South Third Street
Columbus, Ohio  43215-4291
T: 614.227.2300
F: 614.227.2390
E: qlindsmith@bricker.com / ahaque@bricker.com
*Attorneys for Defendant Columbus Hospitality, LLC*

Chenee M. Castruita
Douglas Paul Holthus
MAZANEC, RASKIN & RYDER CO., LPA
175 South Third Street
Suite 1000
Columbus, Ohio  43215
T: 614.228.5931
F: 614.228.5934
E: ccastruita@mrrlaw.com / dholthus@mrrlaw.com
*Attorneys for Defendant S&S Airport Motel, LLC*

Daniel T. Downey
Paul M. Bernhart
FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP
7775 Walton Parkway, Suite 200
New Albany, Ohio  43054
T: 614.221.1216
F: 614.221.8769
E: ddowney@fisheldowney.com / pbernhart@fisheldowney.com
*Attorneys for Defendant Buckeye Hospitality, Inc.*

Joshua James Fravel
GRIFFITH LAW OFFICES
522 North State Street
Westerville, Ohio  43082
T: 614.890.4543
F: 614.426.1114
E: josh.f@griffithlaw.org
*Attorney for Defendant Buckeye Hospitality, Inc.*

Michael R. Reed
Elisé K. Yarnell
HAHN LOESER PARKS LLP
65 East State Street, Suite 1400
Columbus, Ohio 43215
T: 614.233.5165
F: 614.233.5184
E: mreed@hahnlaw.com / eyarnell@hahnlaw.com
*Attorney for Defendant Wyndham Hotels & Resorts, Inc.*

Jennifer Snyder Heis
Alyson A. Terrell
ULMER & BERNE LLP
600 Vine Street
Suite 2800
Cincinnati, Ohio 45202
T: 513.698.5058
F: 513.698.5059
E: jheis@ulmer.com / aterrell@ulmer.com
*Attorneys for Defendant Choice Hotels International, Inc.*

Sara M. Turner
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
Wells Fargo Tower
420 20th Street North, Suite 1400
Birmingham, Alabama  35203
T: 205.250.8316
F: 205.488.3716
E: smturner@bakerdonelson.com
*Attorney for Defendant Choice Hotels International, Inc.*

Kevin C. Connell
BRUNS, CONNELL, VOLLMAR & ARMSTRONG
40 North Main Street
Suite 2010
Dayton, Ohio  45423
T: 937.999.6212
F: 937.999.6212
E: kconnell@bcvalaw.com
*Attorney for Defendant Choice Hotels International, Inc.*

Samuel Neal Lillard
Mathew A. Parker
FISHER & PHILLIPS, LLC
250 West Street, Suite 400
Columbus, Ohio 43215
T: 614.453.7612
F: 614.221.1409
E: slillard@fisherphillips.com / mparker@fisherphillips.com
*Attorneys for Defendant Krrish Lodging, LLC*

Joseph L. Piccin
JOSEPH L. PICCIN CO., LLC
3010 Hayden Road
Columbus, Ohio 43235
T: 614.659.9616
F: 614.798.1935
E: JLP@joepiccin.com
*Attorney for Defendant First Hotel Management, LLC*

Steven D. Strang
Steven A. Keslar
GALLAGHER SHARP LLP
35 North Fourth Street, Suite 200
Columbus, Ohio 43215
T: 614.340.2304
F: 614.340.2301
E: sstrang@gallaghersharp.com /  skeslar@gallaghersharp.com
*Attorneys for Defendant First Hotel Management, LLC*

Patrick Kasson
REMINGER CO., L.P.A.
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
T: 614.228.1311
F: 614.232.2410
E: pkasson@reminger.com
*Attorney for Defendant  Inter-Continental Hotels Corp.*

Jennifer K. Nordstrom
GARVEY SHEARER NORDSTROM, PSC
2400 Chamber Center Drive
Suite 210
Ft. Mitchell, Kentucky 41017
T: 513.445.3373
F: 866.675.3676
E: jnordstrom@garveyshearer.com
*Attorney for Defendant Inter-Continental Hotels, Corp.*

David S. Sager *(admitted pro hac vice)*
DLA PIPER
51 John F. Kennedy Parkway
Suite 120
Short Hills, New Jersey  07078
T: 973.520.2570
F: 973.520.2550
E: david.sager@dlapiper.com
*Attorney for Defendant Wyndham Hotels and Resorts, Inc.*

Christopher B. Donovan *(admitted pro hac vice)*
DLA PIPER
1000 Louisiana Street, Suite 2800
Houston, Texas  77002
T: 713.425.8449
F: 713.300.6040
E: christopher.b.donovan@dlapiper.com
*Attorney for Defendant Wyndham Hotels & Resorts, Inc.*

Bartholomew T. Freeze
Gordon D. Arnold
FREUND, FREEZE & ARNOLD
Capitol Square Office Building
65 East State Street, Suite 800
Columbus, OH  43215
T: 614.827.7300
F: 614.827.7303
E: garnold@ffalaw.com / bfreeze@ffalaw.com
*Counsel for Defendant Erie Insurance Exchange*

                                                    /s/ Steven C. Babin, Jr.
                                                  OF COUNSEL