IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| M.A., an individual, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. 2:19-cv-00849 |
| WYNDHAM HOTELS & RESORTS, Inc., *et al.*, | ) ) JUDGE ALGENON L. MARBLEY ) ) Magistrate Judge Elizabeth A. Deavers |
| Defendants. | ) ) |

**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO ERIE INSURANCE EXCHANGE'S MOTION TO INTERVENE**

COMES NOW, Defendant Choice Hotels International, Inc. ("Choice"), by and through the undersigned counsel, and respectfully submits this Response in Opposition to the Erie Insurance Exchange's ("Erie") Motion to Intervene (ECF No. 168) in this action pursuant to Fed. R. Civ. P. 24.  In support of its Opposition, Choice provides the following law and argument:

**INTRODUCTION**

On March 8, 2019, Plaintiff M.A. filed this suit which brings a single claim against Choice for alleged violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595.  Plaintiff's Complaint contains conclusory allegations that Defendant Buckeye Hospitality, Inc. ("Buckeye Hospitality"), the franchisee for the Comfort Inn in Columbus, Ohio (the "Hotel"), was an agent, joint employer, and/or single employer with Choice.  Plaintiff, M.A., also alleges she was trafficked at the Hotel (along with several other hotels) in Columbus.  (ECF No. 1 at ¶ 51.)

1

Erie seeks to intervene in this lawsuit to seek a declaratory judgement regarding its obligation to defend Choice and Buckeye Hospitality. (ECF No. 168, p. 3.) Erie and Buckeye Hospitality have an insurance contract, and Choice is listed as an additional insured as a grantor of the franchise. (ECF No. 168, p. 4.) Erie is defending Buckeye Hospitality and Choice (on a very limited basis) subject to a reservation of rights and claims that the issues raised in this case may be a basis to exclude coverage. Permitting intervention by this third party will include discovery, motion practice, and trial questions unrelated to the Plaintiff's claim or the defenses raised by Buckeye Hospitality and Choice. Two insurance companies, American Family Insurance Company and Nationwide Property & Casualty Insurance Company, Nationwide Mutual Fire Insurance Company, filed similar motions to intervene on June 5 and 6, 2019. (ECF No. 64 and 65.) Both insurance companies made arguments nearly identical to those now being made by Erie, namely that this Court should permit the insurance company to intervene to protect its interest and alternatively the Court should exercise its discretion to grant permissive intervention. This Court denied both grounds of intervention (ECF No. 171), and should do the same here.

## STANDARD OF REVIEW

Erie brought its Motion to Intervene under Fed. R. Civ. P. 24(a) and Fed. R. Civ. P. 24(b). Intervention as a matter of right under Fed. R. Civ. P. 24(a)(2) permits intervention by anyone claiming:

> an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). In the Sixth Circuit, proposed intervenors must establish four (4) elements in order to be entitled to intervene as a matter of right: (1) that the motion to intervene was timely; (2) that they have a substantial legal interest in the subject matter of the case; (3) that their ability

to protect that interest may be impaired in the absence of intervention; and (4) that the parties already before the court may not adequately represent their interest. *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999). Failure to meet **any one of these criteria** will require that the motion to intervene be denied. *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989) (emphasis added).

Federal Rule 24(b)(1) gives the Court discretion to grant permissive intervention on a timely motion by one who (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact. In exercising its discretion, the Court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3).

### ARGUMENT

Erie has failed to meet its burden to intervene as a right or by permission. Erie's motion was not timely, so intervention must be denied under both theories of intervention. As for intervention as a right, Erie is unable to show a substantial legal interest in this case, Erie is unable to show that it will not be able to protect its interests absent intervention, and Erie cannot show that its interests will be inadequately represented by the parties already before the Court. Additionally, Erie is unable to show it has a claim or defense that shares with the main action a common question of law or fact with this case. Finally, Erie's permissive intervention will only seek to delay this case and prejudice the parties.

**A.    Erie has no grounds to intervene as a right because the motion is untimely, and Erie has failed to demonstrate a substantial legal interest or that Erie's interests will be inadequately represented.**

Erie fails to meet the burden for intervention by right or permission. As to intervention as a right, Erie cannot establish that its intention was timely; they are unable to demonstrate that they have a substantial legal interest in this case; that they will be impaired, absent intervention, from protecting their interest; or that their interests will be inadequately represented by the parties

3

already before the Court. Failure to meet any one of these criteria will require that the motion to intervene be denied. *Grubbs,* 870 F.2d at 345. If permitted, the intervention would cause undue delay in this matter and would prejudice Choice. Erie's participation would only complicate this case.

1. **Erie's motion to intervene is not timely because more than nine (9) months has passed since the onset of litigation.**

Erie is unable to establish that their Motion to Intervene was timely. In considering whether an intervention is timely, a court considers (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Grubbs*, 870 F.2d at 345.

The only case cited by Erie which permitted intervention after multiple years did not involve any dispositive motions or decrees. *See Mountain Top Condo. Assoc. v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 370 (3rd Cir. 1995). In this case, at least one dispositive motion has been decided. Further, Erie does not clearly state the purpose for its intervention, yet it appears that Erie's sole purpose is to obtain a declaratory judgment on insurance coverage. This Court has routinely denied intervention from insurance companies on coverage grounds because they are contingently related to the underlying action. *J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 2:09-CV-136, 2010 WL 1839036, at *3 (S.D. Ohio May 3, 2010).

Erie represents that it did not discover these claims until the Plaintiff filed this suit in March 8, 2019 and did not seek to intervene until December 2, 2019. Erie fails to provide an explanation

4

for their nine-month delay in bringing this motion. Two other insurance companies attempted to intervene in June 2019, three months into the case. (ECF No. 64 and 65.) This Court has previously held that a 90-day delay without explanation is considered unreasonable. *J4 Promotions, Inc.,* 2010 WL 1839036, at *4. Here more than nine months have elapsed. Other insurance companies similarly situated moved more promptly, and this Court considered the issue of timeliness to be "a close call." (ECF No. 171 at 8.) The amount of time Erie permitted to elapse makes their Motion to Intervene untimely.

As this Court has found in insurance cases, coverage disputes divert attention from the issues in the underlying case. *J4 Promotions, Inc.*, 2010 WL 1839036, at *4. Coverage disputes lead to increased discovery motions related to the insurance claims, not the underlying action. *Id.* Erie states it may need to file a suit to enforce its rights, which is precisely the type of adversarial proceeding the court in *J4 Promotions, Inc.* sought to avoid in denying intervention. Permitting Erie to intervene in this case would severely prejudice Choice by forcing an adversarial proceeding with its insurance provider. There are no unusual circumstances in this case, but the other factors weigh against this motion being determined timely. Erie has not met its burden of demonstrating timeliness, and this Court should deny the motion for leave to intervene as of right.

  **2. Erie has no substantial legal interest in this matter because, as an insurer, its interests are contingent or unrelated to the underlying action.**

Erie has not set forth a substantial legal interest in this matter. The Sixth Circuit has interpreted that the legal interest claimed must be both substantial and direct. *Adams v. Ohio Univ.*, No. 2:17-CV-200, 2017 WL 4618993, at *1 (S.D. Ohio Oct. 16, 2017) (citing *Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129, 154 (1967)). This Court has found that the potential interests of an insurer offering to defend, but reserving the right to deny coverage, were either contingent or did not relate to the subject matter of the underlying action against the insured.

5

*J4 Promotions, Inc.,* 2010 WL 1839036, at \*2); *Adams*, 2017 WL 4618993, at \*2. The insurer's interest in a case is considered contingent on the determination of the liability of the insured. *Adams*, 2017 WL 4618993, at \*2.

Erie's interest in this case is contingent on the determination of the liability of Choice and Buckeye Hospitality and Erie points only to the insurance policy as its substantial interest. This issue alone does not support a finding of a substantial legal interest. As this Court stated in its Opinion and Order issued December 9, 2019, failure to allege direct and substantial interest in the subject of the litigation alone is fatal to a party's claim for intervention as a right. (ECF No. 170 at 5.)

    **3. Erie's ability to protect its interests will not be impaired if the Motion to Intervene is denied.**

To satisfy this element of the intervention test, a would-be intervenor must show that impairment of its substantial legal interest is possible if intervention is denied. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997). Erie does not need to intervene in this suit to protect its interests. Insurance companies have other means to determine insurance coverage including a separate declaratory action. *J4 Promotions, Inc.*, 2010 WL 1839036, at \*3; *Adams*, 2017 WL 4618993, at \*2. Erie admits that if this Court does not grant it the right to intervene then it will simply "file a separate action." (ECF 168 at 14.) A separate action is a far better way for Erie to litigate its interests for the reasons discussed below, including that it would not create prejudice to the Hotel and Choice, Erie's insureds.

Erie also briefly raises the issue of joining the anonymous plaintiff to their separate action. Ohio Rule of Civil Procedure 15(D) permits complaints against unknown defendants and Erie has not provided any support for its claim that it has been prejudiced by this Plaintiff's anonymous status. Erie has not stated sufficient facts to support that its interests have been impaired.

6

### 4. Choice and Buckeye Hospitality adequately represent Erie's interests.

The proposed intervenor's right to intervene as a party depends also on whether their interest is adequately protected by the existing parties. *Jansen v. City of Cincinnati*, 904 F.2d 336, 342 (6th Cir. 1990). The potential intervenor has the burden to show that the existing parties will not adequately represent its interests. *Grutter*, 188 F.3d at 400. However, a slight difference in interests between the intervenor and "the supposed representative does not necessarily show inadequacy, if they both seek the same outcome." *Jansen*, 904 F.2d at 343. No such showing has been made here.

Erie argues that the Plaintiff, Choice, and Buckeye Hospitality may direct the lawsuit in a fashion to trigger insurance liability. However, in *Microsoft Corp. v. World Tech Investments* the court dealt with a similar issue involving a dispute over intervention by an insurer. The court held that "while neither Plaintiff nor Defendants seek a decision in this case on the coverage dispute, both have a strong interest in litigating the" issue "central to the coverage dispute." *Microsoft Corp. v. World Tech Investments LLC*, No. 1:18-CV-2915, 2019 WL 2314482, at *3 (N.D. Ohio May 31, 2019). Here, both of Erie's insureds have a strong interest in obtaining judgment in their favor, in which case Erie would have nothing to indemnify. Erie has not set forth facts to support the claim that its interests are not adequately represented.

**B.    Erie should not be allowed permissive intervention because the motion is untimely and Erie has not presented sufficient allegations of common law or fact.**

Federal Rule 24(b)(2) states that, "on timely motion, the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

7

Erie has not made a timely motion to intervene. Erie has not cited any case law which supports granting a motion to intervene after a nine-month delay. Even if Erie's motion is determined timely it does not share a common question of law or fact with the main action. Ohio courts have consistently held that an insurance companies claims related to its policy are different than the Plaintiff's claims for damages resulting from the Defendant's conduct. *Adams*, 2017 WL 4618993, at *3; *Design Basics, LLC v. A.J. Bokar Bldg. Co., Inc.*, No. 16-CV-669, 2016 WL 6067780, at *2 (N.D. Ohio Oct. 17, 2016) (The insurance company "cannot establish that its insurance action shares questions of law and facts with the underlying copyright action."); *Trs. of Painting Indus. Ins. Fund v. Glass Fabricators, Inc.*, No. 1:14–cv–00313, 2014 WL 5878201, at *3 (N.D. Ohio Nov. 10, 2014) (denying permissive intervention because declaratory judgment and underlying action would "require different evidence and different laws will apply"). Erie is attempting to bring insurance coverage issues to a claim related to alleged damages under the TVPRA. This claim is not sufficient to show a common question of law or fact to support permissive intervention.

Additionally, granting permissive intervention would severely prejudice the adjudication of Choice's rights. Erie only states a conclusion that the intervention would not prejudice the rights of Choice. In *Microsoft Corp.*, the court evaluated the prejudice of allowing an insurance company to intervene in a case and concluded, "granting intervention would put Defendants' insurer-provided counsel in the impossible position of litigating against State Farm over coverage issues." 2019 WL 2314482, at *3. It allows the insurer to "interfere with and in effect control the defense" which would unfairly restrict the insured. *Id.* Erie's intervention would only further complicate this case by putting Choice in the position of having to defend against the Plaintiff and

be prepared to dispute issues with Erie. Such a situation would prejudice the ability to defend the case and would only delay the proceedings.

As this Court has found in insurance cases, coverage disputes divert attention from the issues in the underlying case. *J4 Promotions, Inc.*, 2010 WL 1839036, at *4. Coverage disputes lead to increased discovery motions related to the insurance claims, not the underlying action. *Id.* Erie states it may need to file a suit to enforce its rights, which is precisely the type of adversarial proceeding the court in *J4 Promotions, Inc.* sought to avoid to denying intervention. Permitting Erie to intervene in this case would severely prejudice Choice by forcing an adversarial proceeding with its insurance provider. There are no unusual circumstances in this case, but the other factors weigh against this motion being determined timely. Erie has not met its burden of demonstrating timeliness, and this Court should deny the motion for leave to intervene as of right.

## CONCLUSION

For the foregoing reasons, Choice respectfully requests that this Honorable Court enter an Order denying the Motion filed by Erie Insurance Exchange. (ECF No. 168.)

Dated:    December 23, 2019			Respectfully submitted,


By:    */s/ Jennifer Snyder Heis*

    Jennifer Snyder Heis (#0076181) (Trial Attorney)
    ULMER & BERNE LLP
    600 Vine Street, Suite 2800
    Cincinnati, Ohio 45202-2409
    (513) 698-5000
    (513) 698-5001 FAX
    jheis@ulmer.com

    and

    Alyson Terrell (#0082271)
    ULMER & BERNE LLP
    65 East State Street, Suite 1100
    Columbus, Ohio 43215
    (614) 229-0042
    (614) 229-0043 FAX
    aterrell@ulmer.com

    and

    Sara M. Turner (pro hac vice)
    BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
    Wells Fargo Tower
    420 20th Street North, Suite 1400
    Birmingham, AL 35203
    (205) 250-8316
    smturner@bakerdonelson.com

    ***Attorneys for Defendant***
    ***Choice Hotels International, Inc.***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 23, 2019, a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on all counsel of record.

/s/ *Jennifer Snyder Heis*
Jennifer Snyder Heis (#0076181)