UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| M.A., an individual, | * | No. 2:19-cv-00849 |
| Plaintiff, | | Judge Algenon L. Marbley |
| v. | * | |
| WYNDHAM HOTELS AND RESORTS, INC., et al. | | **REPLY MEMORANDUM OF ERIE INSURANCE EXCHANGE IN SUPPORT OF MOTION TO INTERVENE** |
| | * | |
| Defendant. | | |

Choice Hotels International Inc. ("Choice") and Plaintiff oppose Erie Insurance Exchange's motion to intervene. Both parties opposing intervention argue the motion to intervene should be denied for the same reasons this Court denied motions to intervene by American Family Mutual Insurance Company, Nationwide Property & Casualty Insurance Company and Nationwide Mutual Fire Insurance Company. It is agreed those other motions to intervene were similar and were denied, but they were denied after Erie's motion to intervene was filed.

Both parties opposing intervention argue the motion to intervene should be denied because Erie allegedly fails to meet each of the four tests for intervention of right, that is, (1) timeliness, (2) a substantial legal interest, (3) an interest impaired without intervention, and (4) inadequate representation by existing parties. Erie Insurance Exchange ("Erie") respectfully disagrees with the arguments of Choice and Plaintiff, for the reasons set forth in Erie's motion to intervene, but again agrees that the previously mentioned motions to intervene were similar and were denied.

Plaintiff argues that Ohio law, in *Howell v Richardson*, 45 Ohio St.3d 365, 544 N.E.2d 878 (1989) and *Gehm v. Timberline Post & Frame*, 112 Ohio St. 3d 514, 2007-Ohio-607, 861 N.E.2d 519 (2007), preclude any prejudice to Erie from application of collateral estoppel. But Plaintiff fails to acknowledge that its assertion that collateral estoppel doesn't apply is only true under

*Howell* and *Gehm* when the insurance company's moves to intervene and is denied intervention. Under *Howell* and *Gehm,* Erie's requirement for avoiding prejudice is to move for intervention.

For the reasons set forth in its motion to intervene, Erie requests this Court grant its Motion to Intervene.

>Respectfully submitted,
>
>*/s/ Gordon D. Arnold*
>Gordon D. Arnold (0012195)
>Bartholomew T. Freeze (0086980)
>FREUND, FREEZE & ARNOLD
>Fifth Third Center
>1 South Main Street, Suite 1800
>Dayton, OH 45402-2017
>937-913-0103; 937-425-0203 (fax)
>garnold@ffalaw.com; bfreeze@ffalaw.com
>**Attorneys for Intervenor, Erie Insurance Exchange**

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served December 27, 2019, by the Court's electronic filing system, upon all counsel of record.

>*/s/ Gordon D. Arnold*
>Gordon D. Arnold (0071376)
>Bartholomew T. Freeze (0086980)