# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| M.A., an individual, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:19-cv-00849 |
| | ) | |
| vs. | ) | Judge Algenon L. Marbley |
| | ) | |
| WYNDHAM HOTELS AND RESORTS, | ) | Magistrate Elizabeth Preston Deavers |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CHOICE HOTELS INTERNATIONAL INC.'S
## ANSWER & DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Choice Hotels International, Inc. ("Choice"), by and through its undersigned counsel, hereby answers Plaintiff's First Amended Complaint ("Amended Complaint").

### CHOICE'S PRELIMINARY STATEMENT

Except to the extent expressly admitted herein, Choice denies each and every allegation of the Amended Complaint, including any allegations contained in its headings, which are copied herein solely for ease of references, or footnotes. With respect to any purported document cited to or quoted from in the Complaint, by providing its answer here, Choice does not admit that the document is accurate, relevant, or admissible in this action, and Choice reserves all objections regarding admissibility. With respect to the specific paragraphs of the Complaint, Choice responds as follows:

### INTRODUCTION

1.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required. Also, the allegations in this Paragraph constitute legal conclusions and argument, and no response is required. Further, the document referenced in this Paragraph speaks

1

for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph.

2.      The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice.  Also, the allegations in this Paragraph constitute legal conclusions and argument, and no response is required.  Further, the document referenced in this Paragraph speaks for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph.

3.      The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice.  Further, the document referenced in this Paragraph speaks for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph.

4.      The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

5.      The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

6.      The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.  Further, the statute referenced speaks for itself.  To the extent a response is required, Choice admits Plaintiff has brought this action; Choice denies the remaining allegations in this Paragraph, if any.

## JURISDICTION AND VENUE

7.      The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.  Further, the statute referenced speaks for itself.  To the extent a response is required, Choice admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331; Choice denies the remaining allegations in this Paragraph, if any.

8.      The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.  Further, the statute referenced speaks for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph in that Choice denies liability for or involvement with any conduct with Plaintiff in this District.

## PARTIES

9.      The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.  Further, the statute referenced speaks for itself.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph, and the allegations are therefore denied.

10.     The allegations in this Paragraph and all of its subparts do not appear to be directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph and all of its subparts, and the allegations are therefore denied.

11.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph, and the allegations are therefore denied.

12.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph, and the allegations are therefore denied.

13.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph, and the allegations are therefore denied.

14.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph, and the allegations are therefore denied.

15.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph, and the allegations are therefore denied.

16.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph, and the allegations are therefore denied.

17.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph, and the allegations are therefore denied.

18.     The allegations in this Paragraph and all of its subparts do not appear to be directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph and all of its subparts, and the allegations are therefore denied.

19.     The allegations in this Paragraph do not appear to be directed to Choice, and no

response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph, and the allegations are therefore denied.

20. The allegations in this Paragraph do not appear to be directed to Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph, and the allegations are therefore denied.

21. The allegations in this Paragraph do not appear to be directed to Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph, and the allegations are therefore denied.

22. Many of the allegations in this Paragraph and all of its subparts constitute legal conclusions, and no response is required. The franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, those allegations are denied. To the extent a response is required, Choice admits that it is a Delaware Corporation, that Choice's registered agent is the United States Corporation Company, 50 West Broad Street, Suite 1330, Columbus, Ohio 43215, that Comfort Inn® is a Choice brand, that Choice considers guest safety and security to be of the utmost importance, that franchisees agree to pay certain fees to the franchisor; Choice denies the remaining allegations in this Paragraph, if any.

23. The allegations in this Paragraph do not appear to be directed to Choice, and no response is required. Also, the allegations in this Paragraph constitute legal conclusions, and no response is required. The franchise relationship described in this Paragraph is set out in contractual documents, to the extent this Paragraph attempts to mischaracterize those documents, those allegations are denied. To the extent a response is required, Choice admits it entered into a franchise agreement with Buckeye Hospitality as to the property at 1213 East Dublin Granville

Road, Columbus, Ohio 43229; Choice denies the remaining allegations in this Paragraph, if any.

## BACKGROUND

24.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required. The document referenced speaks for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph.

25.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required.  Further, the document referenced speaks for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph beyond the language of the referenced article, which speaks for itself.

26.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

27.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required.  Further, the document referenced speaks for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph beyond the language of the referenced document, which speaks for itself.

28.     The allegations in this Paragraph do not appear to be directed to Choice, and no

response is required.  Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph beyond the language of the referenced document, which speaks for itself.

29.    The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required.  Further, the document referenced speaks for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph beyond the language of the referenced document, which speaks for itself.

30.    The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required.  Further, the document referenced speaks for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph beyond the language of the referenced document, which speaks for itself.

31.    The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required.  Further, the document referenced speaks for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph beyond the language of the referenced document, which speaks for itself.

32.    The allegations in this Paragraph do not appear to be directed to Choice, and no

response is required.  Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required.  Further, the documents referenced speak for themselves.  To the extent a response is required, Choice denies the allegations in this Paragraph beyond the language of the referenced documents, which speak for themselves.

33.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required.  Further, the document referenced speaks for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph beyond the language of the referenced documents, which speak for themselves.

34.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required.  Further, the documents referenced speak for themselves.  To the extent a response is required, Choice denies the allegations in this Paragraph beyond the language of the referenced documents, which speak for themselves.

35.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required.  Further, the documents referenced speak for themselves.  To the extent a response is required, Choice denies the allegations in this Paragraph beyond the language of the referenced documents, which speak for themselves.

36.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required.  Further, the document referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph beyond the language of the referenced document, which speak for itself.

37.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required.  Further, the documents referenced speak for themselves.  To the extent a response is required, Choice denies the allegations in this Paragraph beyond the language of the referenced documents, which speak for themselves.

38.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required.  Further, the document referenced speaks for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph beyond the language of the referenced document, which speak for itself.

39.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

40.     The allegations in this Paragraph do not appear to be directed to Choice, and no

response is required. Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

41.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required. Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

42.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required. Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

43.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required. Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

44.     The allegations in this Paragraph and all of its subparts do not appear to be directed to Choice, and no response is required. Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required. Further, the document referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph and all of its subparts.

45.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required. Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is

required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

46.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

47.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

48.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

49.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

50.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

51.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph and the "Background" section of

Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

52.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

53.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph and the "Background" section of Plaintiff's Amended Complaint constitute legal conclusions and argument, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

### SEX TRAFFICKING OF M.A.

54.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph, and the allegations are therefore denied.

55.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph, and the allegations are therefore denied.

56.     The allegations in this Paragraph do not appear to be directed solely to Choice, and no response is required as to those allegations not directed to Choice.  To the extent a response is required, Choice denies the allegations in this Paragraph.

57.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

58.     The allegations in this Paragraph do not appear to be Choice and no response is required as to those allegations not directed to Choice and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

59.     The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice.  To the extent a response is required, Choice denies the allegations in this Paragraph.

60.     The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice.  Also, the allegations in this Paragraph contain legal conclusions and constitute argument, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

61.     The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice.  Also, the allegations in this Paragraph contain legal conclusions and constitute argument, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

62.     The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice.  Also, the allegations in this Paragraph contain legal conclusions and constitute argument, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

63.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph, and the allegations are denied.

64.     The allegations in this Paragraph do not appear to be directed to Choice, and no

response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph, and the allegations are denied.

65.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph, and the allegations are denied.

## WYNDHAM'S WILLFUL BLINDNESS TO HUMAN TRAFFICKING AT ITS HOTEL AND PROPERTIES

66.     The allegations in this Paragraph do not appear to be directed to Choice and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.   To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

67.     The allegations in this Paragraph do not appear to be directed to Choice and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.   To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

68.     The allegations in this Paragraph do not appear to be directed to Choice and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.   To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

69.     The allegations in this Paragraph do not appear to be directed to Choice and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.   To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

70.     The allegations in this Paragraph do not appear to be directed to Choice and no

response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.   To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

71.     The allegations in this Paragraph do not appear to be directed to Choice and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.   To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

72.     The allegations in this Paragraph do not appear to be directed to Choice and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.   To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

73.     The allegations in this Paragraph do not appear to be directed to Choice and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.   To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

74.     The allegations in this Paragraph do not appear to be directed to Choice and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.   To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

75.     The allegations in this Paragraph do not appear to be directed to Choice and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.   To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

76.     The allegations in this Paragraph do not appear to be directed to Choice and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.   To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

77.     The allegations in this Paragraph do not appear to be directed to Choice and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.   To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

78.     The allegations in this Paragraph do not appear to be directed to Choice and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.   To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

79.     The allegations in this Paragraph do not appear to be directed to Choice and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.   To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

80.     The allegations in this Paragraph do not appear to be directed to Choice and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.   To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

81.     The allegations in this Paragraph do not appear to be directed to Choice and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.   To the extent a response is required, Choice lacks sufficient knowledge to

admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

82.     The allegations in this Paragraph do not appear to be directed to Choice and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.   To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

### IHG'S WILLFUL BLINDNESS TO HUMAN TRAFFICKING
### AT ITS HOTELS AND PROPERTIES

83.     The allegations in this Paragraph do not appear to be directed to Choice and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.   To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

84.     The allegations in this Paragraph do not appear to be directed to Choice and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.   To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

85.     The allegations in this Paragraph do not appear to be directed to Choice and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.   To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

86.     The allegations in this Paragraph are not directed towards Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph.  Accordingly, the allegations are denied.

87.     The allegations in this Paragraph do not appear to be directed to Choice and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no

response is required.   To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

88.    The allegations in this Paragraph do not appear to be directed to Choice and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.   To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

89.    The allegations in this Paragraph do not appear to be directed to Choice and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.   To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

90.    The allegations in this Paragraph do not appear to be directed to Choice and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.   To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

91.    The allegations in this Paragraph do not appear to be directed to Choice and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.   To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

92.    The allegations in this Paragraph do not appear to be directed to Choice and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.   To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

93.    The allegations in this Paragraph do not appear to be directed to Choice and no

response is required. Also, the allegations in this Paragraph constitute legal conclusions, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

94. The allegations in this Paragraph do not appear to be directed to Choice and no response is required. Also, the allegations in this Paragraph constitute legal conclusions, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

95. The allegations in this Paragraph do not appear to be directed to Choice and no response is required. Also, the allegations in this Paragraph constitute legal conclusions, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

96. The allegations in this Paragraph do not appear to be directed to Choice and no response is required. Also, the allegations in this Paragraph constitute legal conclusions, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

97. The allegations in this Paragraph do not appear to be directed to Choice and no response is required. Also, the allegations in this Paragraph constitute legal conclusions, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations are denied.

### CHOICE HOTELS' WILLFUL BLINDNESS TO HUMAN TRAFFICKING AT ITS HOTELS AND PROPERTIES

98. The allegations in this Paragraph contains argument and constitutes legal conclusions, and no response is required. The documents referenced speak for themselves. To the extent a response is required, Choice denies the allegations in this Paragraph, beyond the

referenced documents, which speak for themselves.

99.    The allegations in this Paragraph contains argument and constitutes legal conclusions, and no response is required.  The documents referenced speak for themselves.  To the extent a response is required, Choice denies the allegations in this Paragraph, beyond the referenced documents, which speak for themselves.

100.    The allegations in this Paragraph are do not appear to be directed to Choice, and no response is required.  The documents referenced speak for themselves.  To the extent a response is required, Choice denies the allegations in this Paragraph, beyond the referenced documents, which speak for themselves.

101.    The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph contain argument and constitute legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations of this Paragraph.

102.    The allegations in this Paragraph contain argument and constitute legal conclusions, and no response is required.  The advertisements referenced speak for themselves.  Also, the franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, those allegations are denied.   To the extent a response is required, Choice denies the allegations in this Paragraph.

103.    The allegations in this Paragraph contain argument and constitute legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph beyond the language of the article, which speaks for itself. Also, the franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, those allegations are denied.

104.    The allegations in this Paragraph contain legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph. Also, the franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, those allegations are denied.

105.    The allegations in this Paragraph contain legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph. Also, the franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, those allegations are denied.

106.    The allegations in this Paragraph and all of its subparts contain legal conclusions, and no response is required.  Also, the franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, those allegations are denied.   To the extent a response is required, Choice admits that it has entered into a franchise agreement, the terms of which speak for itself; Choice denies the remaining allegations in this Paragraph and all of its subparts, if any

107.    The allegations in this Paragraph and all of its subparts contain legal conclusions, and no response is required.  Also, the franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, those allegations are denied.   To the extent a response is required, Choice admits that it has entered into a franchise agreement, the terms of which speaks for itself; Choice denies the remaining allegations in this Paragraph and all of its subparts, if any.

108.    The allegations in this Paragraph and all of its subparts contain legal conclusions,

and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph and all of its subparts.  Also, the franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, those allegations are denied.

109.    The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice.  Also, the allegations in this Paragraph contain legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph. Also, the franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, those allegations are denied.

110.    The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice.  Also, the allegations in this Paragraph contain legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph. Also, the franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, those allegations are denied.

111.    The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice.  Also, the allegations in this Paragraph contain legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph. Also, the franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, those allegations are denied.

112.    The allegations in this Paragraph do not appear to be solely directed to Choice, and

no response is required as to those allegations not directed to Choice.  Also, the allegations in this Paragraph contain legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph. Also, the franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, those allegations are denied.

113.    The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice.  Also, the allegations in this Paragraph contain legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph. Also, the franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, those allegations are denied.

114.    The allegations in this Paragraph and all of its subparts do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice.  Also, the allegations in this Paragraph contain legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph and all of its subparts. Also, the franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, those allegations are denied.

115.    The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice.  Also, the allegations in this Paragraph contain legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph. Also, the franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to

mischaracterize those documents, those allegations are denied.

116.    The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice.  Also, the allegations in this Paragraph contain legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph. Also, the franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, those allegations are denied.

**CAUSE OF ACTION**
**VIOLATION OF THE TVPRA, 18 U.S.C. § 1595**

117.    Choice incorporates its responses to Plaintiff's allegations in the preceding Paragraphs as if fully set forth herein.

118.    The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph contain legal conclusions, and no response is required.  Further, the statute referenced speaks for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph.

119.    The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph contain legal conclusions, and no response is required.  Further, the statute referenced speaks for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph.

120.    The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph contain legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

121.    The allegations in this Paragraph do not appear to be directed to Choice, and no

response is required. Also, the allegations in this Paragraph contain legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

### PLAINTIFF'S PRAYER FOR RELIEF

The remainder of the Amended Complaint constitutes Plaintiff's request for relief, to which no response is required. Insofar as it is determined that a response is required, Choice denies that Plaintiff is entitled to the relief sought from Choice.

### DEFENSES

1. Plaintiff's Amended Complaint fails to state a cause of action against Choice for which relief may be granted.

2. The Court lacks personal jurisdiction over Choice.

3. Venue is inconvenient or improper.

4. The joining of Plaintiff's individual and separate claims against various hotels and hotel brands is prejudicial and improper. Plaintiff's claims against various defendants should be severed and/or dismissed.

5. The joinder of Plaintiff's claims against various co-defendants and the trial of Choice with numerous co-defendants violates Choice's constitutional rights, including, but not limited to, its rights under the Fifth, Seventh and Fourteenth Amendments to the United States Constitution and applicable provisions of the Ohio constitution.

6. Plaintiff's claims are time barred pursuant to the applicable statute of limitations, statute of repose, and or equitable doctrines of laches and estoppel.

7. Plaintiff's damages are the result of actions or inactions of persons or parties other than Choice over which Choice had no control and for which Choice is not liable.

8. Plaintiff's damages were caused in whole or in part by the negligent acts or

omissions of other parties thus barring recovery from Choice.

9.      Plaintiff's damages were caused in whole or in part by the criminal acts of third-parties not a party to this litigation and whom, as alleged by Plaintiff, have been convicted of engaging in a criminal enterprise for their acts relating to Plaintiff.

10.      Any injuries sustained by Plaintiff were the result of an unforeseeable series of events over which Choice had no control, and for which Choice cannot be held liable.

11.      Any injuries and/or damages alleged by Plaintiff were the result of superseding and intervening causes or were caused by the negligence and/or fault of others over whom Choice had no control.

12.      Any injuries and/or damages alleged by Plaintiff in her Amended Complaint were the result of Plaintiff's own negligence.

13.      Plaintiff's claims are barred or reduced because Plaintiff failed to exercise reasonable care and diligence to mitigate her injuries and damages.

14.      Plaintiff's claims are barred, in whole or in part, by the doctrines of payment, release, and accord and satisfaction.

15.      Choice is entitled to all credits, defenses, rights and setoffs under Ohio law.

16.      Plaintiff's alleged injuries and damages were caused by the intentional and/or criminal acts of third parties for which Choice is not responsible, the identity of which are known to Plaintiff, but may not have been fully disclosed to Defendants. Choice will seek to designate these criminal actors as responsible third parties.

17.      Plaintiff's claims are barred, in whole or in part, by the doctrine of implied assumption of the risk and/or express assumption of the risk.

18.      Plaintiff's Amended Complaint has failed to name necessary and indispensable

parties.

19.    Some or all of Plaintiff's claims are barred due to the spoliation of evidence.

20.    To the extent that Choice is found liable, it reserves the right to seek indemnification from any party and/or any non-party so liable as a matter of law or by contractual right. Nothing contained herein shall be construed as a waiver of that right.

21.    To the extent that Choice is found liable to Plaintiff for damages, Choice intends to seek a reduction of damages under the proportionate responsibility statute.

22.    To the extent Choice is found liable to Plaintiff for damages, any such liability and/or damages must be reduced and/or barred in proportion to any wrongful conduct of persons or entities other than Choice, including other parties in this case and/or third parties not named in this case, and/or third parties that may otherwise have immunity, under principles of proportionate responsibility, comparative fault, and/or comparable legal doctrines.

23.    Choice did not own, occupy, operate, manage, or retain any day-to-day control of the premises in question and therefore cannot be held responsible for the incident that is the basis of this matter or Plaintiff's damages.

24.    The allegations in Plaintiff's Amended Complaint relating to criminal activity at unrelated Comfort Inns are immaterial, impertinent, and should be stricken.

25.    To the extent that the claims stated in the Amended Complaint have been settled, compromised, or otherwise discharged, a setoff is due.

26.    With respect to Plaintiff's claims for punitive damages, Choice specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decisions of *BMW of No. America v. Gore*, 116 U.S. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S.

424 (2001), *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 438 (2003), and their progeny.

27.     The cause of action asserted in the Amended Complaint and any damages claimed are barred in whole or in part because the statute sued upon is unconstitutionally vague and ambiguous.

28.     The cause of action asserted in the Amended Complaint and any damages claimed are barred in whole or in part because, to the extent that any employees committed any actionable acts or omissions, such acts or omissions were committed outside the scope of authority conferred.

29.     Plaintiff's Amended Complaint fails to comply with Federal Rule of Civil Procedure 9(g) because it fails to state with specificity claims for special damages.

30.     Plaintiff's claimed injuries were not proximately caused by any of Choice's alleged acts and/or omissions, which are expressly denied.

31.     Plaintiff has conceded that Defendants are not jointly and severally liable.  *See* Doc. 136, at 17-18.

32.     Plaintiff is not a real party in interest.

33.     Plaintiff lacks standing to assert her claims.

34.     The damages claimed by Plaintiff, if any, in whole or in part preexisted the incidents in question.

35.     Choice reserves its right to amend this Answer and to assert additional defenses to the extent necessary as facts are investigated and developed.

## PRAYER FOR RELIEF

WHEREFORE, Choice respectfully requests that the Court dismiss Plaintiff's claims against Choice in full and award Defendant all other relief to which it is entitled in law or equity including reasonable attorney fees and costs.

Respectfully submitted,

*/s/ Alyson Terrell*
Jennifer Snyder Heis (0076181)
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
(513) 698-5058
(513) 698-5059 FAX
jheis@ulmer.com

Alyson Terrell (0082271)
ULMER & BERNE LLP
65 East State Street, Suite 1100
Columbus, OH 43215
(614) 229-0042
(614) 229-0043 FAX
aterrell@ulmer.com

Kevin Charles Connell (0063817)
BRUNS CONNELL VOLLMAR &
ARMSTRONG
137 N Main Street, Suite 400
Dayton, OH 45423
(937) 999-6212
(937) 999-6290 FAX
kconnell@bcvalaw.com

Sara M. Turner (admitted pro hac vice)
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ
Wells Fargo Tower
420 20th Street North, Suite 1400
Birmingham, AL 35203
(205) 250-8316
smturner@bakerdonelson.com

*Counsel for Defendant*
*Choice Hotels International, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing was electronically filed through the Court's Electronic Case Filing System (CM/ECF) on the 23rd day of March 2021, and Notice will thus be sent to all registered parties, per Civil Rule 5(b)(2)(E).

*/s/ Alyson Terrell*
Alyson Terrell (0082271)
