IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| M.A., | : | |
| | : | |
|     Plaintiff, | : | |
| | : | Civil Action 2:19-cv-00849 |
|     v. | : | Chief Judge Algenon L. Marbley |
| | : | Magistrate Judge Deavers |
| WYNDHAM HOTELS & RESORTS, INC., *et al.*, | : | |
| | : | |
|     Defendant. | : | |

## OPINION & ORDER

This matter comes before this Court on the Stipulated Motion for Relief from Default Judgment. (ECF No. 340). Defendant MGH Hospitality, Ltd. moves under Rule 60 of the Federal Rules of Civil Procedure for an order vacating the Entry of Default entered against MGH on May 17, 2021. (ECF No. 327).[1] Plaintiff's counsel has consented to this request on the condition that MGH must file its Answer to the Plaintiff's Amended Complaint within seven (7) days of any order vacating the entry of default. (ECF No. 340).

Rule 55(c) of the Federal Rules of Civil Procedure provides that courts may "set aside an entry of default for good cause" and leaves this issue to the sound discretion of the trial judge. *See NextStep Arthropedix, LLC v. Fries*, No. 5:20-cv-2125, 2021 WL 2635388, at *2 (N.D. Ohio June 25, 2021) (discussing Fed. R. Civ. P. 55(c)). Given that "trials on the merits are favored in federal courts," a "glaring abuse" of discretion will not be required to justify reversal of a court's refusal

---

[1] The Motion is styled as a Motion for Relief from Default Judgment, though default judgment yet to be entered against MGH. Accordingly, this Court construes the motion as one to set aside the entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.

to grant relief under Rule 55(c). *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983).

Courts must consider the following three equitable factors when assessing if good cause has been shown, whether: (1) culpable conduct of the defendant led to the default; (2) the defendant has a meritorious defense; and (3) the plaintiff will be prejudiced. *Burrell v. Henderson*, 434 F.3d 826, 831–32 (6th Cir. 2006) (citing *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). Counsel for both sides submits that it would be in "their clients' best interests and in the best interests of justice" for the entry of default to be vacated. (ECF No. 340). Necessarily, this Court presumes that the parties agree that MGH has a meritorious defense and that M.A. will not be prejudiced by this relief. Additionally, the Plaintiff does not argue that any culpable conduct by MGH led to its default in this matter. All three *Burrell* factors thus weigh in favor of granting the stipulated motion for relief.

For these reasons and good cause shown, this Court **GRANTS** the Stipulated Motion for Relief and **VACATES** the May 17, 2021 Entry of Default as to Defendant MGH Hospitality, Ltd. (ECF No. 327). MGH is **ORDERED** to file its Answer to Plaintiff's Amended Complaint within **SEVEN (7) DAYS** of this Opinion & Order.

**IT IS SO ORDERED.**

                                            **ALGENON L. MARBLEY**
                                            **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  September 3, 2021**