## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

M.A. *et al.*,                          :
                                        :
            Plaintiffs,                 :
                                        :          Civil Action 2:19-cv-00849
            v.                          :          **Chief Judge Algenon L. Marbley**
                                        :          **Magistrate Judge Deavers**
**WYNDHAM HOTELS &**                    :
**RESORTS, INC.,** *et al.*,            :
                                        :
            Defendants.                 :

## <u>OPINION & ORDER</u>

This matter is before the Court on the Motion to Intervene by Proposed Intervenor Cincinnati Insurance Company ("CIC"). (ECF No. 331). For the following reasons, Proposed Intervenor's Motion is **DENIED**.

## I.      BACKGROUND

This case arises under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a). Plaintiff, M.A., alleges she was trafficked for sex at several Days Inn by Wyndham, Comfort Inn, and Crowne Plaza locations in Columbus, Ohio. (ECF No. 273 at ¶ 56). Plaintiff seeks to hold Defendants liable for harboring, sheltering, facilitating, and otherwise participating in a sex trafficking venture on their hotel properties and financially benefited from the sex trafficking she suffered. (*Id.*, ¶ 58). In December 2020, Plaintiff filed a First Amended Complaint adding Ash Management Corporation ("Ash Management") as a Defendant. (*Id.*). Ash Management filed an Answer on June 2, 2021. (ECF No. 337).

In May 2021, CIC moved to intervene for the purpose of seeking a declaratory judgment regarding its obligations, if any, to defend and/or indemnify Ash Management. (ECF No. 331). As its purported liability insurer, Ash Management seeks defense and indemnification from CIC for

Plaintiff's claims. (*Id*. at 2). At present, CIC is defending Ash Management in this lawsuit, subject to a Reservation of Rights. (*Id*.). CIC argues it has a right to intervention, pursuant to Rule 24(a), in order adequately to protect its interests in this case. (*Id*. at 3). Alternatively, CIC argues this Court should exercise its discretion to grant permissive intervention. (*Id*. at 3–4). Plaintiff responded to CIC's Motion on June 9, 2021 (*see* ECF No. 343) and CIC timely responded (*see* ECF No. 346), making the Motion ripe for review.

Notably, this is not the first motion to intervene filed in this case. Thrice now, this Court has denied motions to intervene from purported liability insurers. (*See generally* ECF Nos. 171, 194). While CIC concedes the issues presented in those motions are similar to those presented here, it nonetheless seeks intervention to preserve its claim against collateral estoppel. (ECF No. 331 at 2–3 (citing *Ghem v. Timberline Post & Frame*, 112 Ohio St. 3d, 514, 523 ("When a party has sought and been denied intervention, collateral estoppel will not prohibit future litigation of similar issues."))).

## II.  STANDARD OF REVIEW

CIC alleges it is entitled to intervention as of right under Federal Rule of Civil Procedure 24(a), or, in the alternative, permissive intervention under Rule 24(b).

Intervention as of right under Rule 24(a)(2) requires a timely motion by a movant who "claims an interest relating to the property or transaction that is the subject of the action[] and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Movants must establish all elements of the four-part test, requiring: (1) that the motion was filed timely; (2) that a substantial legal interest is involved; (3) that an interest will be impaired without intervention; and (4) inadequate representation by the current parties. *Michigan State*

*AFL–CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir.1997) (citing *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir.1993)).

Permissive intervention under Rule 24(b)(1) permits a court to exercise its discretion to allow intervention on a timely motion by a movant who "has a claim or defense that shares with the main action a common question of law or fact." If the motion is timely and there is at least one common question of law or fact, the Court consider whether intervention would cause undue delay or prejudice to the original parties, and any other relevant factors. *J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 2:09-CV-136, 2010 WL 1839036, at *1 (S.D. Ohio May 3, 2010).

### III.    LAW & ANALYSIS

#### A.  Intervention as of Right

In order to succeed on its motion, CIC must meet all four parts of the test for intervention as of right: (1) that the motion was filed timely; (2) that a substantial legal interest is involved; (3) that an interest will be impaired without intervention; and (4) inadequate representation by the current parties. *Miller*, 103 F.3d at 1245 (6th Cir. 1997). A "failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989) (quoting *Triax Co. v. TRW Inc.*, 724 F.2d 1224, 1227 (6th Cir. 1984)). CIC asserts it has satisfied this standard as it claims a substantial legal interest, which will be impaired absent intervention, and the parties in the lawsuit do not adequately represent that interest. (ECF No. 331 at 3). Moreover, CIC asserts it timely sought intervention. (*Id*.).

This Court begins its analysis with a discussion of Movants' asserted interests in this case.[1] CIC claims it has a "substantial legal interest" in this lawsuit, namely concerning what obligations,

---

[1] A successful motion to intervene must be timely, but even a timely motion for intervention as of right will fail if the other factors are not met. *Stupak-Thrall v. Glickman*, 226 F.3d 467 (6th Cir. 2000). Because the parties' discussion of timeliness is minimal, and because this Court finds CIC's motions fail for other reason, it is not necessary to undergo an analysis of the timeliness of the motions in this case.

if any, it owes to Defendant Ash Management and its additional insureds. (*Id*. at 3). CIC alleges this interest is both "substantial" and "legal" as Ash Management seeks from CIC both defense and indemnity from Plaintiff's claims asserted against it. (*Id*.).

In response, Plaintiff argues CIC's interest here is not substantial, as courts have routinely denied intervention to insurers contesting coverage, finding their interest in the underlying action merely contingent. (ECF No. 343 at 4 (citing *J4 Promotions*, 2010 WL 1839036, at *3)). Plaintiff maintains the only purpose of CIC's Motion is to preserve their intervention, because, under Ohio law, an insurance company's failure to move to intervene may bind it under collateral estoppel. (*Id*. at 5 (citing *Microsoft Corp. v. World Tech Investments LLC*, No. 1:18-CV-2915, 2019 WL 2314482, at *2 (N.D. Ohio May 31, 2019))). The failure to allege a direct and substantial legal interest, says Plaintiff, is fatal to CIC's Motion. (*Id*.).

As detailed above, this Court has decided three similar motions by insurers in this case and each time held that potential coverage under various insurance policies is irrelevant to Plaintiff's TVPRA claims against Defendants.[2] (*See* ECF Nos. 171, 194). In so holding, this Court relied on its precedent in *J4 Promotions*, where an insurer moved to intervene in a copyright infringement/unfair competition action. 2010 WL 1839036, at *3. There, relying on significant precedent, this Court found the insurer's claim wholly unrelated to the underlying intellectual property dispute, and as a result, intervention was inappropriate. *Id*. (citing *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989); *Nautilus Ins. Co. ex rel. Ecklebarger v. C.C. Rider, Inc.*, 2002 WL 32073073 (N.D. Ind. Nov. 25, 2002); *Nieto v. Kapoor*, 61 F. Supp. 2d 1177 (D.N.M.

---

[2] These Proposed Interveners were American Family Mutual Insurance Company, Nationwide Property & Casualty Insurance Company and Nationwide Mutual Fire Insurance Company (*see* ECF No. 171) as well as Erie Insurance Exchange (*see* ECF No. 194). Moreover, in an analogous TVPRA case, this Court also denied a Motion to Intervene from Acuity, A Mutual Insurance Company. *See Jane Doe S.W. v. Lorain-Elyria Motel Inc., et al.*, No. 2:19-cv-01194 at ECF No. 104 (S.D. Ohio Nov. 18, 2020).

August 4, 1999); *Sachs v. Reef Aquaria Design, Inc.*, 2007 WL 2973841 (N.D. Ill. Oct.5, 2007)). This Court also emphasized that the proposed intervener was not left without recourse as it could pursue its claims in a separate declaratory judgment action. *Id*.

Here, as before, this Court finds CIC's interest is merely contingent rather than substantial. Said differently, CIC's stake in this litigation is dependent on a determination of Defendant Ash Management's liability and an adjudication of CIC's obligations under the insurance contract; it is therefore not sufficiently direct and immediate to justify entry as a matter of right. *Adams v. Ohio Univ.*, No. 2:17-CV-200, 2017 WL 4618993 (S.D. Ohio Oct. 16, 2017). Moreover, as this Court also previously determined, CIC is not without recourse here. As an insurer in CIC's position may still pursue a separate declaratory action. *See id*.; *see also J4 Promotions*, 2010 WL 1839036, at *3. This Court's precedent makes clear that intervention is inappropriate where an insurer contests coverage and has no more than a contingent interest in the underlying action. *J4 Promotions*, 2010 WL 1839036, at *3.

Failure to allege a direct and substantial interest in the subject of the litigation is alone fatal to CIC's claim for intervention as of right. The Court will also address, however, CIC's argument relating to the sufficiency of the existing parties in adequately representing its interest. CIC argues the existing parties do not adequately represent its interests, given that neither Plaintiff nor Defendants have a stake in determining their insurance coverage. (ECF No. 331 at 6). Plaintiff does not substantively argue this point, only asserting CIC is unable to show its interests will be inadequately represented by parties already before the Court. (ECF No. 343 at 3).

As CIC's interest is contingent and its asserted interests will not be impaired if intervention is denied, this Court need not decide whether CIC's interests are adequately represented. Even though the other parties are not litigating the issue of insurance coverage, however, it is not clear

that CIC's interests would not be adequately represented by the existing parties. As this Court held when evaluating the other motions to intervene in this case, Plaintiffs and Defendants here have a strong interest in litigating the issue of Defendants' liability under the TVPRA, and CIC has not sufficiently explained how it could do so in a manner "designed to trigger insurance coverage." Accordingly, CIC's is not entitled to intervention as of right under Rule 24(a)(2).

### B. Permissive Intervention

Alternatively, CIC seeks permissive intervention under Rule 24(b). It argues it should be permitted to intervene as its motion was timely—particularly given Ash Management was only added to this case a few months before filing—and, furthermore, it has alleged at least one common question of law or fact. (ECF No. 331 at 4). Moreover, says CIC, it has a protectable legal interest that is subject to evaluation and determination by this Court. (*Id*.). Plaintiff, meanwhile, argues CIC's dispute does not share common questions of law or fact with this lawsuit which relates to suffering caused by sex trafficking. (ECF No. 343 at 7). Furthermore, Plaintiff asserts intervention at this stage will unduly delay this case and prejudice the original parties. (*Id*. at 7). To this point, Plaintiff claims this "unnecessary interjection[]" would require substantial time, energy, and delay to dispute and discover. (*Id*. at 8).

Regardless of the timeliness of CIC's motion, the lack of commonality with the main action and the risk of delay and prejudice counsel against intervention. As detailed twice previously in this case, "[e]ven a timely application for permissive intervention should be denied where the intervenor has not established that a common question of law or fact exists between [its] proposed claim and the claim of one or more of the existing parties." *Comtide Holdings, LLC v. Booth Creek Mgt. Corp.*, No. 2:07- 7 cv-1190, 2010 WL 2670853, at *3 (S.D. Ohio June 29, 2010). While CIC is interested in the question of liability in this case, it is only insofar as it effects their coverage

obligations. As Plaintiff argues, this interest is contingent on her success, and requires a separate inquiry into the language of the insurance policies, which is wholly separate from the TVPRA claims in the main action. Accordingly, CIC's interest is not based on a sufficiently similar question of law or fact.

Even were there is a common question of law or fact, the risk of delay and prejudice weigh against permissive intervention in this case. As this Court discussed in *J4 Promotions*, and in its previous opinions on intervention in this case, there is a risk of delay and prejudice to the original parties if complex issues of coverage are introduced into a dispute, and intervention would force Plaintiff "to become involved in a coverage dispute in which it does not yet have an interest." 2010 WL 1839036 at *4; *see also Krancevic v. McPherson*, 2004-Ohio-6915, ¶ 8, 2004 WL 2931012 (Ohio Ct. App., Dec. 16, 2004) ("an intervening complaint and cross-claim for a declaratory judgment concerning its duties to defend and indemnify its insureds and to pay any judgment entered against its insureds . . . would have interjected a number of new issues as to which discovery and motion practice would have caused considerable delay").

Accordingly, given the foregoing analysis, coupled with its previous opinions on this issue in this case (*see* ECF Nos. 171, 194), this Court declines to exercise its discretion to grant CIC permissive intervention.

## IV.    CONCLUSION

For the foregoing reasons, Proposed Intervenor CIC's Motion to Intervene (ECF No. 331) is **DENIED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 3, 2022**