**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| M.A., an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2:19-cv-00849 |
| | ) | |
| WYNDHAM HOTELS & RESORTS, | ) | Chief Judge Algenon L. Marbley |
| INC., *et al.,* | ) | Magistrate Judge Elizabeth P. Deavers |
| Defendants. | ) | |
| | ) | |
| | ) | |

**PLANTIFF'S RESPONSE AND MEMORANDUM OF LAW OPPOSING
ERIE INSURANCE EXCHANGE TO INTERVENE**

COMES NOW the Plaintiff, M.A., by and through her undersigned counsel, and respectfully requests that this Honorable Court enter an order **denying** the motion to intervene filed by Erie Insurance Exchange (ECF No. 410). The reasons supporting the Plaintiff's opposition are set forth in the attached memorandum of law.

Respectfully submitted,

*/s/ Steven C. Babin, Jr.*
Steven C. Babin, Jr.
Jennifer J. El-Kadi
65 East State Street
Suite 1300
Columbus, Ohio 43215
T: 614-761-8800
E: steven.babin@babinlaws.com
Jennifer.elkadi@babinlaws.com/

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
## <u>ERIE INSURANCE EXCHANGE'S MOTION TO INTERVENE</u>

COMES NOW the Plaintiff, M.A., (the "Plaintiff" or "M.A."), by and through her undersigned counsel, and respectfully submits this Response and Memorandum of Law in Opposition to the Motion to Intervene ("Motion") filed by Erie Insurance Exchange ("Erie"). In support of her opposition to Erie's Motion, the Plaintiff provides the following law and argument.

## I.       <u>INTRODUCTION</u>

Erie, a nonparty, seeks to intervene in this action pursuant to Fed. R. Civ. P. 24 for the purpose of seeking a declaratory judgment regarding its obligations to defend and/or indemnify Defendant Dream Land Hotels ("Dream Land") in relation to M.A.'s claims against them. Erie also seeks the right to participate in all aspects of the lawsuit. *See* ECF No. 410 at 2. Erie filed an earlier motion in relation to different insureds. *See* ECF No. 194. Indeed, Erie acknowledges Judge Marbley has denied, in this lawsuit, several insurers' motions to intervene.[1] *See* ECF No. 410 at 2.

In denying the intervention of other insurance companies like Erie, this Court observed that "various courts have routinely denied intervention on grounds that insurers contesting coverage have no more than a contingent interest in the underlying action." (citing *J4 Promotions, Inc. v. Splash Dogs, LLC,* No. 2:09-CV-136, 2010 WL 1839036, at *3 (S.D. Ohio May 3, 2010); *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989); *Nautilus Ins. Co. ex rel. Ecklebarger v. C.C. Rider, Inc*., 2002 WL 32073073 (N.D. Ind. Nov. 25, 2002); *Nieto v. Kapoor,* 61 F. Supp. 2d 1177 (D.N.M. August 4, 1999); *Sachs v. Reef Aquaria Design, Inc.,* 2007 WL 2973841 (N.D. Ill.

---

[1] ECF No. 171 (Opinion & Order Denying American Family Mutual Insurance Company, Nationwide Property & Casualty Insurance Company, and Nationwide Mutual Fire Insurance Company's Motions to Intervene); ECF No. 194 (Opinion & Order Denying Erie Insurance Exchange's Motion to Intervene); ECF No. 394 (Opinion & Order Denying Cincinnati Insurance Company's Motion to Intervene);

2

Oct. 5, 2007)) (internal quotations omitted). The same law applies here. Because Erie has only a contingent interest in the underlying action, this Court should once again **deny** Erie's Motion.

## II.  FACTUAL BACKGROUND

The Plaintiff brings claims against the Defendants, a group of hotels and hotel brands, under the Trafficking Victim Protection Reauthorization Act (the "TVPRA"), 18 U.S.C. § 1595. *See* ECF No. 273, First Amended Complaint ("FAC") at ¶ 6. Beginning when she was a minor until August 2015, the Plaintiff was repeatedly coerced through fear, threat, and violence into commercial sex acts at each of the Defendants' hotel properties. *Id.* at ¶¶ 10-23, 56. The Plaintiff contends that the Defendants knowingly benefited from participating in a venture which they knew or should have known involved illegal sex trafficking. *See, e.g., id.* at ¶ 119.

## III.  STANDARD OF REVIEW

Intervention as of right under Rule 24(a)(2) requires a timely motion by a movant who "claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Movants must establish all elements of the four-part test, requiring: (1) the application was timely filed; (2) the applicant possesses a substantial legal interest in the case; (3) the applicant's ability to protect its interest will be impaired without intervention; and (4) the existing parties will not adequately represent the applicant's interest. *Michigan State AFL–CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir.1997) (citing *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir.1993)).

Permissive intervention under Rule 24(b)(1) permits a court to exercise its discretion to allow intervention on a timely motion by a movant who "has a claim or defense that shares with

the main action a common question of law or fact." If the motion is timely and there is at least one common question of law or fact, the Court consider whether intervention would cause undue delay or prejudice to the original parties, and any other relevant factors. *J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 2:09-CV-136, 2010 WL 1839036, at *1 (S.D. Ohio May 3, 2010).

**IV.**    **ARGUMENT**

Similar to Nationwide, American Family, Cincinnati Insurance, and Erie's previous motion, Erie, once again, fails to meet its burden for intervening by right or permission. Erie has once again failed to show that it has a substantial legal interest in the civil case; that it will be impaired, absent intervention, from protecting that interest (other than preserving their claim against collateral estoppel); or that its interests will be inadequately represented by parties already before the Court. Further, if permitted, Erie's intervention would cause undue delay in this matter and would prejudice Plaintiff. Erie's participation in the underlying civil claim would do nothing more than complicate and interfere with the sensitive and complex issues in Plaintiff's civil case, and intervention must be denied to avoid prejudicial confusion of critical issues, facts, liability, and burdens in the underlying case.

**A. Erie Has No Grounds to Intervene as of Right**

In seeking intervention as of right under Rule 24(a), the Sixth Circuit applies a four-part test which requires the moving party to establish: (1) that the motion to intervene is timely; (2) that a substantial legal interest is involved; (3) that its ability to protect its interests will be impaired without intervention; and (4) the existing parties do not adequately represent its interests. *Blount-Hill,* 636 F.3d at 283; *U.S. v. Tennessee,* 260 F.3d 587, 591-92 (6th Cir. 2001). Failure to satisfy any one of the elements will defeat intervention. *Id.* Erie fails to meet the first, second, third, and fourth elements.

4

### 1.  Erie Has Failed to Timely Intervene

First, Erie's motion is untimely. The Sixth Circuit has identified five (5) factors to determine whether a motion to intervene is timely:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Blount-Hill,* 636 F.3d at 284 (citing *Grubbs v. Norris,* 870 F.2d 343, 345 (6th Cir.1989); *Stupak–Thrall v. Glickman,* 226 F.3d 467, 473 (6th Cir.2000)).

This case has progressed too far for Erie to intervene now. Erie's motion comes approximately 18 months after the Plaintiff filed her Amended Complaint. Erie does not explain its delay in waiting 18 months to seek intervention other than they are aware they filed a similar motion in this past and it has been denied in this Court. Erie's contention that this lawsuit is in its initial stages is fundamentally incorrect. This lawsuit is deep in discovery and depositions. Plaintiff has received a variety of discovery responses from Defendants (including Dream Land) and various Defendants have been serving the Plaintiff with Discovery. Accordingly, the Plaintiff respectfully submits the Court should deny Erie's motion as untimely. *See J4 Promotions, Inc. v. Splash Dogs*, *LLC*, No. 2:09-CV-136, 2010 WL 1839036, at *3 (S.D. Ohio May 3, 2010) (finding motion to intervene not timely when filed three and a half months after complaint where there was risk of delay or prejudice to the original parties).

### 2.  Erie Has No Substantial Legal Interest in this Matter

As to the second element of the Sixth Circuit's test for intervention as of right, the "substantial legal interest" must be "direct." *Konica Minolta Bus. Sols. U.S.A., Inc. v. Lowery Corp.*, No. 15-11254, 2018 U.S. Dist. LEXIS 81618, *10 (E.D. Mich. Apr. 23, 2018) (citing *Adams v. Ohio Univ.*, No. 2:17-CV-200, 2017 U.S. Dist. LEXIS 170674 (S.D. Ohio Oct. 16, 2017) and *Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129, 154 (1967)). "Whether an insurer of an existing party has a direct interest in the litigation depends on if the insurer admits that the claim at issue is covered." *Id.* Put another way, the interest possessed by an insurer seeking to intervene is contingent, not direct -- and thus, is also not "substantial." *Id.* (citing *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 640 (1st Cir. 1989) (finding that the insurer's interest was contingent on the resolution of the coverage issue)). *Co. v. Dingwell*, 884 F.2d 629, 640 (1st Cir. 1989) (finding that the insurer's interest was contingent on the resolution of the coverage issue)).[2]

Erie's motion to intervene should be denied because Erie cannot show that it has a substantial interest in the matter of the case. Various courts, including this Court, have routinely denied intervention on grounds that insurers contesting coverage have no more than a contingent interest in the underlying action. *J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 2:09-CV-136, 2010 WL 1839036, at *3 (S.D. Ohio May 3, 2010); *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989); *Nautilus Ins. Co. ex rel. Ecklebarger v. C.C. Rider, Inc.,* 2002 WL 32073073 (N.D.

---

[2] District Courts in the Sixth Circuit have followed the Fifth Circuit's interpretation of the requirement of a "direct" interest to intervene as of right:

> The interest required to intervene as of right is a "direct" interest, but an interest is not direct when it is contingent on the outcome of a subsequent lawsuit. An insurer who defends its insured under a full reservation of rights provides a defense in the liability action but reserves the right to contest coverage later. When an insurer defends under a full reservation of rights, their interest in the liability lawsuit is contingent upon the outcome of the coverage lawsuit. That interest, without more, *is insufficient for intervention*.

*InfraSource Constr. Serv., LLC v. E&M Piping, LLC,* No. 1:12CV0261, 2012 U.S. Dist. LEXIS 199244 * 13, 2012 WL 13026852 (N.D. Ohio Sept. 27, 2012) (quoting *Ross v. Marshall*, 456 F. 3d 442, 443 (5th Cir. 2006), cert. denied, 549 U.S. 1166 (2007)) (emphasis added).

Ind. Nov. 25, 2002); *Nieto v. Kapoor*, 61 F. Supp. 2d 1177 D.N.M. August 4, 1999); *Sachs v. Reef Aquaria Design, Inc.,* 2007 WL 2973841 (N.D. Ill. Oct.5, 2007)) (internal quotations omitted).

Erie's legal interest in this case is similarly contingent and therefore not substantial. Erie acknowledges as much in its request for intervention, stating, they are "aware that this Court has denied the motions to intervene filed by American Family, Nationwide Property & Casualty, Nationwide Mutual Fire Company, Cincinnati Insurance Company, and Erie Insurance Exchange. Erie acknowledges that those motions to intervene, and the issues they presented, are similar to Erie's motion herein." *See* ECF No. 410 at 2.

Erie's only real interest is to preserve their intervention, as under Ohio law, failure of the insurance company to move to intervene may bind it under collateral estoppel. However, a separate declaratory judgment action is the conventional approach and collateral estoppel is not an issue. The Supreme Court of Ohio has clarified that "issue preclusion would not apply in a later suit if the insurer was denied leave to intervene in the prior suit. *Microsoft Corp. v. World Tech Investments LLC,* No. 1:18-CV-2915, 2019 WL 2314482, at *2 (N.D. Ohio May 31, 2019) (citing *Gehm v. Timberline Post & Frame,* 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519 (2007)). Erie's interest is clearly solely contingent. Erie's failure to allege a direct and substantial interest in the subject of this litigation is alone fatal to its claim for intervention as of right. *See* ECF No. 171 at 5. Therefore, this Court should deny Erie's motion to intervene.

### 3. *Erie's Ability to Protect Their Interests Will Not be Impaired by Their Absence.*

The third element for evaluating a motion to intervene looks to whether the intervenor's "ability to protect its interests will be impaired without intervention." *Travelers,* 884 F.2d at 638; *see also* Fed. R. Civ. P. 24(a)(2). However, an insurer does not claim the kind of interest contemplated under this element. *Travelers,* 884 F.2d at 638. In short, the assertion that coverage might not exist

is not properly considered part of the subject of an action which goes to liability. *See Konica Minolta Bus. Sols*, 2018 U.S. Dist. LEXIS 81619, *10 (relying on *Travelers*, 884 F.2d at 640, and finding the insurer's interest is derivative for purposes of Rule 24(a)). To permit intervention where coverage is in dispute would allow an insurer to "interfere with and in effect control the defense." *Travelers*, at 639.

Erie cites *Howell v. Richardson,* 45 Ohio St.3d 365, 544 N.E.2d 878 (1989) to support its position. *See* ECF No. 331 at 3. But *Howell* actually supports the denial of Erie's request for intervention under the circumstances presented here. The *Howell* case makes clear that where an insurer has sought to intervene and been denied, collateral estoppel will not prevent it from separately seeking to protect its interests through an action for declaratory relief. *See Gehm v. Timberline Post & Frame,* 861 N.E. 2d 519 (2007) (citing *Howell* and holding that "[w]hen a party has sought and been denied intervention, collateral estoppel will not prohibit future litigation of similar issues.") Thus, Erie does not need to intervene in this lawsuit in order to protect its interests. Erie's contention that Erie's "ability to protect its interest against Plaintiff will be impaired absent intervention" has no basis. Accordingly, the Court should deny Erie's motion to intervene.

### B. Erie Cannot Establish Grounds for Permissive Intervention

Pursuant to Fed. R. Civ., P. 24(b), "on timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." However, when considering a motion to intervene, a court must consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. *See* Fed. R. Civ. P. 24(b)(3). Once those two requirements are met, the district court must then balance undue delay and prejudice to the original parties. *Frank Betz Associates, Inc. v. J.O. Clark*

*Construction, L.L.C.*, 3:08CV00159, 2010 U.S. Dist. LEXIS 55193 * 3, 2010 WL 2375871 (M.D. Tenn. Jun. 4, 2010) (quoting *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). Even assuming that "common questions of law or fact exist," intervention should be denied when the insurer provides a defense under a reservation of rights as a conflict is created and the parties are unduly prejudiced by the interjection of new issues. *Id.* at 3; *Krancevic v. McPherson,* No. 84511, 2004 WL 2931012 at *2 (Ohio. Ct. App. Dec. 16, 2004).

### 1. *There Is No Common Question of Law or Fact*

"Even a timely application for permissive intervention should be denied where the intervenor has not established that a common question of law or fact exists between [its] proposed claim and the claim of one or more of the existing parties." *Comtide Holdings, LLC v. Booth Creek Mgt. Corp.*, No. 2:07-cv-1190, 2010 WL 2670853, at *3 (S.D. Ohio June 29, 2010). Simply put, Erie's dispute related to insurance coverage does not share common questions of law or fact with this lawsuit which relates to the suffering caused by sex trafficking. Erie's dispute with Defendant Dream Land is a contract dispute. Erie is concerned with coverage not common to the main action, but contingent upon Plaintiff's success. Erie is interested in the question of liability, but only to the extent it affects their coverage obligations. Moreover, such an inquiry requires a separate inquiry into the language of the insurance policies, which is wholly separate from the TVPRA claims in the main action. This prospective business dispute is wholly unrelated to this human rights matter and the Court should therefore deny Erie's motion.

### 2. *There Will Be Undue Delay and Prejudice Against Original Parties*

Adding a declaratory judgment action interjects "a number of new issues as to which discovery and motion practice would cause considerable delay in the proceedings between the existing parties." *Krancevic,* 2004 WL 2931012 at *2. Courts have allowed intervention for the limited purpose of requesting that if the action is tried, written questions and interrogatories be

submitted to the jury, *but only* after the insurer had previously filed a separate declaratory judgment." *Id.* (emphasis added).

There is no question that permitting Erie to intervene will cause delay and substantial prejudice to Plaintiff. Adding a declaratory judgment action to an already sensitive and complex case will necessarily interject wholly separate areas of law and fact, multiple additional parties, and policies and agreements which are irrelevant to the ultimate issue in Plaintiff's TVPRA claims. These unnecessary interjections would require substantial time, energy, and delay to dispute and discover. Essentially, the Plaintiff would be conflicted between proving her TVPRA claim under one set of laws and coverage under other laws. Therefore, Erie's allegations of common fact and law, if permitted, will be highly prejudicial to Plaintiff and cause undue delays, and permissive intervention should be denied.

## CONCLUSION

Erie has failed to meet its burden to establish a basis for intervention either by right or permissively. Accordingly, this Honorable Court should enter an Order denying the Motion to Intervene filed by Erie Insurance Exchange (ECF No. 410).

Dated this the 3rd day of June, 2022.

Respectfully submitted,

*/s/ Steven C. Babin, Jr.*
Steven C. Babin, Jr.
Jennifer J. El-Kadi
65 East State Street
Suite 1300
Columbus, Ohio 43215
T: 614-761-8800
E: steven.babin@babinlaws.com
Jennifer.elkadi@babinlaws.com/

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 3rd of June, 2022, a copy of the foregoing document was served on all counsel of record via the Court's electronic filing system.

*/s/ Jennifer J. El-Kadi*
Jennifer J. El-Kadi

11