**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| M.A., an individual, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action 2:19-cv-00849 |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | Magistrate Judge Elizabeth P. Deavers |
| WYNDHAM HOTELS AND, | : | |
| RESORTS, INC., *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter is before this Court on the Motion to Intervene by Proposed Intervenor Erie

Insurance Exchange ("Erie"). (ECF No. 410). For the following reasons, Proposed Intervenor's

Motion is **DENIED**.

**I.     BACKGROUND**

This case arises under the Trafficking Victims Protection Reauthorization Act ("TVPRA"),

18 U.S.C. § 1595(a). Beginning when she was a minor through August 2015, Plaintiff, M.A.,

alleges she was trafficked for sex at each of the Defendants' hotel properties, including a Super 8

in Reynoldsburg, Ohio. (ECF No. 273, ¶¶ 10–23, 56). Plaintiff seeks to hold Defendant Dream

Land Hotels, LLC, dba Super 8, (hereinafter "Dream Land") and others liable for "enabl[ing],

harbor[ing], maintain[ing], facilitat[ing], benefit[ing] from, or otherwise participat[ing] in, a sex

trafficking venture in which M.A. was trafficked for sex, sexually exploited, and victimized." (*Id.*,

¶ 6). Plaintiff commenced this action in March 2015 and included Dream Land as a defendant.

(ECF No. 410 at 2). Plaintiff filed an Amended Complaint in February 2021, and Defendant Dream

Land filed an Answer to the Amended Complaint in April 2021. (ECF Nos. 273, 313).

1

Erie has issued an insurance policy for Dream Land. (ECF No. 410 at 1). In May 2022, pursuant to Federal Rule of Civil Procedure 24, Erie moved to intervene for the purpose of seeking a declaratory judgment against Dream Land regarding its obligations related to insurance coverage, if any, to defend and/or indemnify Dream Land in relation to M.A.'s claims. (*Id.* at 2). Erie also seeks to participate in all aspects of the lawsuit. (*Id.*). Erie argues it has a right to intervene, pursuant to Rule 24(a), in order to protect adequately its interests in this case. (*Id.* at 3). Alternatively, Erie argues this Court should exercise its discretion to grant permissive intervention. (*Id.*). Plaintiff timely responded to Erie's Motion on June 3, 2022 (*see* ECF No. 413) and Defendant Dream Land never responded. As Erie failed to file a timely Reply, this motion is ripe for review.

## II. STANDARD OF REVIEW

Intervention as of right under Rule 24(a)(2) requires a timely motion by a movant who:

> "claims an interest relating to the property or transaction that is the subject of the action[] and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

Fed. R. Civ. P. 24(a)(2). The Sixth Circuit requires movants to establish all elements of the following test: (1) that the motion was filed timely; (2) that the intervenor has a substantial legal interest in the subject matter of the case; (3) that an interest will be impaired without intervention; and (4) the current parties inadequately protect the proposed intervenor's interest. *Coal. to Defend Affirmative Action v. Granholm*, 501 F. 3d 775, 779 (6th Cir. 2007) (citing *Grutter v. Bollinger*, 188 F. 3d 394, 397–98 (6th Cir. 1999)). While the Sixth Circuit interprets the interest sufficient to invoke intervention of right expansively, it "does not mean that any articulated interest will do." *Granholm*, 501 F.3d at 780. The analysis addressing the existence of a substantial legal interest "is necessarily fact-specific." *Id.*

Permissive intervention under Rule 24(b)(1) permits a court to exercise its discretion to allow intervention on a timely motion by a movant who "has a claim or defense that shares with the main action a common question of law or fact." If the motion is timely and there is at least one common question of law or fact, the Court considers whether intervention would cause undue delay or prejudice to the original parties, and any other relevant factors. *U.S. v. Michigan*, 424 F. 3d 438, 445 (6th Cir. 2005); *Shy v. Navistar Intern. Corp.*, 291 F. R. D. 128, 138 (S.D. Ohio 2013).

### III.     ANALYSIS

### A.  Intervention as of Right

To succeed on its motion, Erie must meet all four parts of the test for intervention as of right laid out in *Granholm*. A "failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F. 2d 343, 345 (6th Cir. 1989) (citing *Triax Co. v. TRW Inc.*, 724 F. 2d 1224, 1227 (6th Cir. 1984)). Erie states in a conclusory fashion that it meets the four prongs of the *Granholm* test but does not provide any explanation for why it believes this Court should grant this Motion. (ECF No. 410 at 3). Erie acknowledges that this Court has previously denied an earlier motion by Movant filed in relation to different insureds who are also Defendants in this action. (*Id.* at 2). Erie states, however, that under Ohio law, it is required to move to intervene to avoid being collaterally estopped from raising the issue in the future. (*Id.* (*see Howell v. Richardson*, 544 N. E. 2d 979, 881 (Ohio 1989)). For thoroughness, however, this Court will address the arguments raised by Plaintiff in response to this Motion.

#### *1. Substantial legal interest*

This Court begins its analysis with a discussion of Movant's asserted interests in this case—prong two of the Sixth Circuit's required test.[1] In response to Erie's assertion that it has a

---

[1] Plaintiff argues that the litigation has progressed too far for Erie to intervene now because the Motion to Intervene was filed approximately eighteen (18) months after Plaintiff filed her Amended Complaint and the lawsuit is deep in

"substantial legal interest" in this lawsuit (ECF No. 410 at 3), Plaintiff argues Erie's interest here is contingent rather than direct. (ECF No. 413 at 5–6). Plaintiff adds that Erie's only interest in this Motion is to preserve its right to intervene under Ohio law, which requires insurance companies to move to intervene or else they may be bound by collateral estoppel. (*Id.* at 7); *see Howell*, 544 N. E. 2d at 881.

Erie's interest here is not substantial, as courts have routinely denied intervention to insurers contesting coverage, finding their interest in the underlying action merely contingent and not related to the cause of action. *M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-cv-00849, 2022 WL 622124, at *2 (S.D. Ohio Mar. 3, 2022) (finding the intervention interest of an insurer of defendant hotel franchisors merely contingent rather than substantial, where Plaintiff's claim focused on sex trafficking violations under the TVPRA); *Adams v. Ohio Univ.*, No. 2:17-cv-200, 2017 WL 4618993, at *2 (S.D. Ohio Oct. 16, 2017) (finding that an insurer's interest is contingent, rather than direct, until the insurer "knows whether or not it owes a duty to defend and/or indemnify" an insured); *J4 Promotions, Inc. v. Splash Dog, LLC*, No. 2:09-cv-136, 2010 WL 1839036, at *3 (S.D. Ohio May 3, 2010) (insurer's claim to intervene in a copyright infringement/unfair competition action was wholly unrelated to the underlying intellectual property dispute, and therefore, intervention was inappropriate); *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 640 (1st Cir. 1989) (denying an insurer's right to intervene reasoning that "[t]his lawsuit involves the apportionment of tort liability, not the respective rights and obligations of an

---

discovery. (ECF No. 413 at 5). On the balance of timeliness factors identified by the Sixth Circuit, courts have split on finding motions filed at similar stages of the case timely. *Cf. J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 2:09-CV-136, 2010 WL 1839036, at *3 (S.D. Ohio May 3, 2010) (finding motion to intervene not timely when filed three and a half months after complaint where there was risk of delay or prejudice to the original parties); *Indiana Ins. Co. v. Midwest Maint.*, No. C-3-99-351, 2000 WL 987829, at *2 (S.D. Ohio Jan. 7, 2000) (finding motion to intervene timely when filed slightly over three months after the complaint before significant discovery had taken place). Because the parties' discussion of timeliness is minimal, and because this Court finds Erie's Motion fails for other reasons, it is not necessary to undergo analysis of the timeliness of this case. *Stupak-Thrall v. Glickman*, 226 F.3d 467 (6th Cir. 2000).

4

insured and his insurers under their insurance policy"). Here, this Court finds Erie's interest is merely contingent because its stake in this litigation is dependent on a determination of Defendant Dream Land's liability and an adjudication of Erie's obligations under the insurance contract, which are separate and apart from Plaintiff's TVPRA claim. *See Siding and Insulation Co. v. Beachwood Hair Clinic, Inc.*, No. 1:11-cv-01074, 2012 WL 645996, at *1 (N.D. Ohio Feb. 28, 2012) (explaining that the insurer's interest was not direct nor substantial because it was contingent on the outcome of the litigation). It is therefore not sufficiently direct and immediate to justify intervention as a matter of right. Ultimately, this Court acquiesces to its own precedent, which makes clear that intervention is inappropriate where an insurer contests coverage and has no more than a contingent interest in the underlying action. *J4 Promotions*, 2010 WL 1839036, at *3.

### *2. Interest will be impaired without intervention*

In response to Erie's assertion that its interests will be impaired without intervention (ECF No. 410 at 3), Plaintiff asserts that Erie's insurance dispute is not properly considered part of M.A.'s TVPRA claim, and such a dispute could "interfere with and in effect control the defense." (ECF Nos. 413 at 8 (citing *Travelers Indem. Co.*, 884 F. 2d at 638)). Further Plaintiff argues that Erie has sufficiently met the requirements of *Howell* to avoid collateral estoppel by filing this Motion to Intervene. (*Id.* at 8). Therefore, Plaintiff maintains, Erie does not need to intervene in this lawsuit to protect its interests. (*Id.*).

Plaintiff is correct that Erie is not without recourse here. An insurer in Erie's position may still pursue a separate declaratory judgment action. In 2007, the Ohio Supreme Court clarified its prior ruling in *Howell* which required an insurer to seek intervention to avoid subsequent collateral estoppel on the issue. The Court ruled that where an insurer has sought and has been denied intervention, collateral estoppel will not prohibit future litigation with respect to the insurer's

coverage. *Gehm v. Timberline Post & Frame*, 861 N.E.2d 519, 523 (Ohio 2007). Therefore, as Erie is not collaterally estopped from pursuing future litigation against Dream Land because it filed this Motion, Erie's interests will not be impaired without intervention. Further, to allow Erie to intervene will only prejudice the existing parties.

### 3. Sufficiency of representation

Erie has offered no explanation of why it believes the existing parties do not adequately represent its interests, and Plaintiff does not address this prong at all. As Erie's interest is contingent and its asserted interests will not be impaired if intervention is denied, this Court need not decide whether its interests are adequately represented. Even though the other parties are not litigating the issue of insurance coverage, however, it is not clear that Erie's interests would not be adequately represented by the existing parties. Plaintiff and Defendant Dream Land have a strong interest in litigating the issue of Defendant's liability under the TVPRA. Accordingly, Erie is not entitled to intervention as of right under Rule 24(a)(2).

### B. Permissive Intervention

Alternatively, Erie seeks permissive intervention under Rule 24(b) which permits a court to exercise its discretion to allow intervention on a timely motion by a movant who "has a claim or defense that shares with the main action a common question of law or fact." (ECF No. 410 at 3–4). It argues Erie's motion is timely, alleges one common question of law or fact, and that even if denied, the Motion will protect Erie from being barred from subsequently litigating the issue. (*Id.* at 4). Plaintiff, meanwhile, argues Erie's dispute does not share common questions of law or fact with this lawsuit because they are related to coverage and contract interpretation, not sex trafficking. (*Id.* at 9). Finally, Plaintiff asserts that Erie's Motion is an unnecessary interjection that would require "substantial time, energy, and delay to dispute and discover." (*Id.* at 10).

6

A motion for permissive intervention "should be denied where the intervenor has not established that a common question of law or fact exists between [its] proposed claim and the claim of one or more of the existing parties." *Comtide Holdings, LLC v. Booth Creek Mgt. Corp.*, No. 2:07-cv-1190, 2010 WL 2670853, at *3 (S.D. Ohio Jun. 29, 2010); *see also Design Basics, LLC v. A.J. Bokar Bldg. Co., Inc.*, No. 16-cv-669, 2016 WL 6067780, at *2 (N.D. Ohio Oct. 17, 2016) (The insurer "cannot establish that its insurance action shares questions of law and fact with the underlying copyright action"); *Trs. of Painting Indus. Ins. Fund v. Glass Fabricators, Inc.*, No. 1:14-cv-00313, 2014 WL 5878201, at *3 (N.D. Ohio Nov. 10, 2014) (denying permissive intervention because declaratory judgment and underlying action would "require different evidence and different laws will apply"). While Erie is interested in the question of liability in this case, it is only insofar as it effects its coverage obligations. This interest is contingent on Plaintiff's success and requires a separate inquiry into the language of the insurance policies, which is wholly separate from the TVPRA claims in the main action. Accordingly, Erie's interest is not based on a sufficiently similar question of law or fact.

Further, the risk of delay and prejudice weigh against permissive intervention in this case. As this Court discussed in *J4 Promotions*, there is a risk of delay and prejudice to the original parties if complex issues of insurance coverage are introduced into a dispute, and intervention would force Plaintiff "to become involved in a coverage dispute in which it does not yet have an interest." 2010 WL 1839036 at *4; *see also Krancevic v. McPherson*, 2004-Ohio-6915, ¶ 8, 2004 WL 2931012, at *2 (Ohio Ct. App., Dec. 16, 2004) ("an intervening complaint and cross-claim for a declaratory judgment concerning its duties to defend and indemnify its insureds and to pay any judgment entered against its insureds . . . would have interjected a number of new issues as to which discovery and motion practice would have caused considerable delay").

7

Accordingly, given the foregoing analysis, this Court declines to exercise its discretion to grant Erie permissive intervention.

## IV.    CONCLUSION

For the foregoing reasons, Proposed Intervenor Erie's Motion to Intervene (ECF No. 410) is **DENIED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: December 30, 2022**