UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **M.A., an individual,**<br><br>       Plaintiff,<br><br> v.<br><br>**WYNDHAM HOTELS & RESORTS, INC., ET AL.,**<br><br>       Defendant. | Case No. 19-cv-849<br><br>**CHIEF JUDGE ALGENON A. MARBLEY**<br>**CHIEF MAGISTRATE JUDGE ELIZABETH P. DEAVERS** |

### PLAINTIFF M.A.'S OBJECTION TO DEFENDANT WYNDHAM HOTEL & RESORTS, INC.'S SECOND AMENDED NOTICE OF CONTINUED DEPOSITION OF DEFENDANT KRRISH LODGING, LLC AND ANDY PATEL & MAGISTRATE JUDGE'S NOTATION ORDER

In a notation order, the Magistrate Judge denied Plaintiff's Motion to Compel Wyndham to comply with Federal Rule 30(d)(1), leaving Plaintiff's counsel to attend a second deposition of Plaintiff's original 30(b)(6) deponent Krrish Lodging, LLC, and Andy Patel that Wyndham unilaterally and strategically ended after 5 hours. (ECF No. 469). Plaintiff respectfully objects to the Magistrate Judge's Notation Order. *Id.* Plaintiff further objects to Wyndham's Second Amended Notice of Continued Deposition of Defendant Krrish Lodging, LLC, and Andy Patel. (Exhibit A).

### STANDARD

A party's objection to a magistrate judge's report and recommendation is reviewed de novo by the district court. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). When a party timely objects to the Report and Recommendation on a dispositive matter, the district judge must review de novo any part of the Magistrate Judge's disposition against which objections have been properly raised. *Id.*

**ARGUMENT**

Plaintiff was trafficked and forced to engage in sex in hotel rooms carrying defendants brand names. This motion arises from Defendant Wyndham's notice to take a second 30(b)(6) deposition of a co-defendant (which it describes as a continuation of a deposition), even though it had an opportunity to question the deponent and declined to ask questions the day the deposition was taken. But this is exactly what Rule 30 of the Federal Rules of Procedure prohibits.

Federal Rule 30 required a party to obtain leave of court to take a deposition "if the parties have not stipulated to the deposition and" . . . "the deponent has already been deposed in the case." FRCP 30.

The situation is simple and simply not permitted under the Rules of Civil Procedure: Plaintiff notices a 30(b)(6) deposition. In sum the following occurred: the deposition proceeds for 5 hours. Then, the co-defendant's lawyer and the deponent's lawyer ***unilaterally stop the deposition and state that they will notice a continuation of deposition at a later date*** (which would obviously provide time to review the transcript and strategize about the questions that were asked of his client). Plaintiff's counsel objects. The deposition ended over plaintiff's counsel's objection.

Plaintiff's counsel certainly could not unilaterally end a deposition and notice on the record its continuation sometime later. Plaintiff's counsel certainly could not engage in such tactics after only 5 hours of deposition time had lapsed.

Plaintiffs request is simple—compliance with Rule 30. Wyndham contends that Rule 30 does not apply to this circumstance, calling the second deposition a continuance. But, this is a distinction without meaning. A continuance, under these circumstances, is a second deposition. The second deposition is occurring months later—April 25, 2023, to be exact. Wyndham hired a

new court room reporter (not the previous ones hired by Plaintiff's). And the parties have ordered and read the transcripts.

Here, Wyndham wants to circumvent the Rules and take another deposition of Mr. Patel. Essentially, Wyndham wants to obtain a strategic advantage. Wyndham wants the ability to ask questions of Mr. Patel after reading questions from the transcript and having extra preparation time. In fact, Wyndham uses the same deposition notice that was noticed by Plaintiff instead of narrowing their deposition.

Plaintiff asked the Court to compel Defendants to show why a second or reconvened deposition was allowed.[1] That issue is fully briefed. (ECF Nos. 466, 467, 468.) It establishes that a second deposition such as the one Wyndham intends to take is only allowed with permission from the Court or agreement among the parties. *See* Fed. R. Civ. P 30(d)(1) ("Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours."); Fed. R. Civ. P. 30(a)(2)(A)(ii) (stating that a party *must* obtain leave of court to examine a deponent that "has already been deposed in the case").

The Magistrate denied this motion in a notion order. Accordingly, Plaintiff is unable to determine the exact reasoning for this decision. Plaintiff therefore relies upon and incorporates the prior briefing herein.

Rule 30 prohibits the precise conduct in which Defendant here has engaged. Without intervention, Wyndham will get a strategically unfair examination of the deponent, which in this circuit is a move that is "disfavored because of the cost and burden, and because they 'provide[ ] the deposing party with an unfair strategic advantage, offering it multiple bites at the apple, each

---

[1] Perhaps Plaintiff should have used a request to quash or for a protective order. But Plaintiff ultimately decided against it because there was no date set for the deposition set when the motion was initially filed. Now that a deposition date is set, Plaintiff does seek to quash that notice and for a protective order.

time with better information than the last."' *Blount v. Stanley Eng'g Fastening*, No. 5:19-CV-00109-BJB-LLK, 2021 U.S. Dist. LEXIS 45839, at *10 (W.D. Ky. Mar. 11, 2021) (quoting *Franklin v. Smith*, No. CV 15-12995, 2016 U.S. Dist. LEXIS 163029, 2016 WL 6652744, at *2-3 (E.D. Mich. July 7, 2016), *objections overruled sub nom. Franklin v. City of Highland Park Police Officer Hollis Smith*, No. 15-CV-12995, 2016 U.S. Dist. LEXIS 107432, 2016 WL 4267827 (E.D. Mich. Aug. 15, 2016)) (citing *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 235 (E.D. Pa. 2008).

Moreover, Wyndham should not be allowed to ask questions covering the topics that were already covered in full during the first deposition. The mere possibility that a second deposition would enable Defendant to elicit more detail in its defense "is patently insufficient under the 'particularized showing of necessity' standard." *Franklin* 2016 U.S. Dist. LEXIS 107432, at *3-4.

Plaintiff notes that she seeks to engage in civility and provide extensions or other accommodations to opposing counsel, but not to the extent that such accommodations unduly burden Plaintiff and provide and a procedurally unfair advantage to Defendant. Plaintiff too is well aware of the dedicated review of this case by the District Court and does not intend to demand undue attention. But as to this issue, because of its importance, Plaintiff seek review and a determination in accordance with the federal rules.

Ultimately, Wyndham had an opportunity to ask questions of the deponent. It made the decision not to ask questions. Wyndham should not get to game the system and gain the exact strategic advantage the Rules are in place to prevent. Given the immediate timeline of the forthcoming deposition, Plaintiff seeks to preserve her rights to object to this deposition and move to strike Defendant Wyndham's deposition for the same reasons mentioned herein and her briefs.

DATED: April 24, 2023

          Respectfully submitted,

*/s/ Steven C. Babin, Jr.*
Steven C. Babin, Jr.
**BABIN LAW, LLC**
65 E. State Street, Suite 1300
Columbus, Ohio 43215
E: Steven.babin@babinlaws.com
T: 614-761-8800

*Counsel for Plaintiff M.A*

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2023 a copy of the foregoing document was served on all counsel of record via the Court's electronic filing system.

          */s/ Steven C. Babin, Jr.*
          Steven C. Babin, Jr.