IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

M.A.,

    **Plaintiff,**

    v.

WYNDHAM HOTELS &
RESORTS, INC., *et al.*,

    **Defendants.**

Civil Action 2:19-cv-849
Chief Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of the Motion to Compel on Behalf of Defendant Wyndham Hotels & Resorts, Inc. (ECF No. 456 (the "Motion to Compel").)  For the reasons stated herein, the Motion is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**.

### I.

On July 27, 2022, Defendants deposed Plaintiff in this action.  During the deposition, Plaintiff's counsel directed Plaintiff not to answer a line of questions related to Plaintiff's activity on an adult entertainment website.  (*Id.* at PAGEID ## 5321-5325.)  Shortly thereafter, counsel for Defendant Wyndham Hotels & Resorts, Inc. ("Wyndham") asked Plaintiff whether she had entered into any settlement agreements with certain of the other Defendants in this action.[1]  (*See*

---

[1] The operative Amended Complaint in this action names fourteen Defendants. (*See* ECF No. 273.)  Plaintiff has since dismissed eight (8) of these Defendants.  (*See* ECF Nos. 349 (dismissing Defendant InterContinental Hotels Group), 450 (dismissing Defendants First Hotel Management, LLC and Brice Hotel, Inc.), 453 (dismissing Defendants Six Continents Hotels, Inc., Columbus Hospitality, LLC, and Holiday Hospitality Franchising, LLC), 465 (dismissing Defendants Choice Hotels International, Inc. and Buckeye Hospitality, LLC).)

ECF No. 456-1 at PAGEID ## 5333-5335.)  Plaintiff's counsel objected to the question, but Plaintiff confirmed that there was at least one such agreement, which was confidential:

> Q. I understand that you have reached settlements with certain defendants relating to the Crowne Plaza and the Comfort Inn.
>
> MR. BABIN: Objection.
>
> BY MR. SAGER:
>
> Q. Are you aware of that fact?
>
> MR. BABIN: Objection.
>
> A. I know there was an agreement to resolve, and I know it's confidential. That's all I understand.

(*Id.*)  Plaintiff's counsel repeatedly objected to Wyndham's counsel's attempted follow-up questions, and Plaintiff's counsel ultimately stated that he was "going to instruct [Plaintiff] not to answer on this point." (*Id.*)  Not long after that line of questioning, Plaintiff had been deposed for seven hours, so Plaintiff's counsel ended the deposition and instructed Plaintiff not to answer any additional questions.[2]  After the deposition, Wyndham requested the production of any settlement agreements and related communications, but Plaintiff's counsel advised that Plaintiff "will not be producing any settlement agreements with co-defendants (or related documents) in this matter."  (*See* ECF No. 456-2 at PAGEID # 5336.)

On January 13, 2023, Wyndham filed the subject Motion to Compel.  (ECF No. 456.)  In short, Wyndham seeks: "(1) the production of documents and information related to settlements with other Defendants in this case, and (2) to reopen Plaintiff's deposition due to improper speaking objections and instructions not to answer from Plaintiff's counsel, including

---

[2] Wyndham has attached certain relevant excerpts from Plaintiff's deposition to the subject Motion to Compel, but the parties previously provided the entire deposition transcript to the Court for *in camera* review.  (*See* ECF No. 430.)  Accordingly, the Court has reviewed the entire deposition transcript, but will only cite to those excerpts attached to the Motion to Compel.

instructions not to answer questions regarding settlements with other Defendants." (*Id.*) On February 10, 2023, Plaintiff responded to the Motion to Compel, generally arguing that "settlement negotiations are privileged, [] any documents and information relating to these negotiations are protected from discovery," and "[t]he settlement agreements are not relevant." (ECF No. 461.) That said, Plaintiff agreed to reopen her deposition for one (1) additional hour, but maintains that the line of questioning regarding Plaintiff's online activity was inappropriate. (*Id.*) On February 24, 2023, Wyndham filed a Reply brief, generally arguing that while it appreciates Plaintiff's agreement to reopen the deposition, "Plaintiff's refusal to disclose the settlements is groundless, and the limits she seeks to impose on her deposition are neither necessary nor proper." (ECF No. 463.) Accordingly, the matter is fully briefed and is ripe for judicial review.

## II.

"District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citation omitted). "'It is well established that the scope of discovery is within the sound discretion of the trial court.'" *Id*. (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)). The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* While a plaintiff should "not be denied access to information necessary to establish her claim," a plaintiff may not be "permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016) (citation omitted); *see also*

3

*Gallagher v. Anthony*, No. 16-cv-00284, 2016 WL 2997599, at *1 (N.D. Ohio May 24, 2016) ("[D]istrict courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce.").

Determining the scope of discovery is within the Court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enter., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted). If the movant makes this showing, "then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Prado v. Thomas*, No. 3:16-CV-306, 2017 WL 5151377, at *1 (S.D. Ohio Oct. 19, 2017) (citing *O'Malley v. NaphCare, Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015)); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment (stating that a party claiming undue burden or expense "ordinarily has far better information—perhaps the only information—with respect to that part of the determination" and that a "party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them").

The Federal Rules of Civil Procedure grant parties the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *see also Siriano v. Goodman Mfg. Co., L.P.*, No. 2:14-CV-1131, 2015 WL 8259548, at *5 (S.D. Ohio Dec. 9, 2015). "*Relevance* is construed very broadly for discovery purposes." *Doe v. Ohio State Univ.*, No. 2:16-CV-171, 2018 WL 1373868, at *2 (S.D. Ohio Mar. 19, 2018) (emphasis in original) (citation omitted). Despite being construed broadly, the concept of relevance is not unlimited. *Averett v. Honda of Am. Mfg., Inc.*, No. 2:07-cv-1167, 2009 WL 799638, at *2 (S.D. Ohio March 24, 2009). Indeed, "[t]o satisfy the discoverability standard, the

information sought must have more than minimal relevance to the claims or defenses." *Doe*, 2018 WL 1373868 at *2 (citations omitted). Furthermore, when information is "negligibly relevant [or] minimally important in resolving the issues" this will not satisfy the standard. *Id.* (citation omitted).

### III.

Applying the foregoing authority, the Court now considers the Motion to Compel. (ECF No. 456.) The Court will first analyze Wyndham's request for settlement-related documents and information, and then will discuss the scope of Plaintiff's re-opened deposition.

A.  **Settlement-Related Documents.**

First, the Court finds that Wyndham's arguments regarding the discoverability of information and documents related to Plaintiff's various settlements are well taken. As both parties seem to acknowledge, the Sixth Circuit Court of Appeals has recognized a "settlement privilege" which protects settlement negotiations from discovery – but which does not extend to the terms of the final agreement. *See Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 981 (6th Cir. 2003). Since the *Goodyear* decision, courts throughout this Circuit have compelled the disclosure of settlement agreements, including a breakdown of the claims actually settled and the settlement amounts. *See Wagner v. Circle W Mastiffs*, No. 2:08-CV-431, 2013 WL 2096655, at *4 (S.D. Ohio May 14, 2013) (collecting cases). Courts also routinely disregard confidentiality provisions within such agreements. *Id.* ("[I]n the context of settlement agreements the mere fact that settling parties agree to maintain the confidentiality of their agreement does not serve to shield the information from discovery.") (quoting *Oberthaler v. Ameristep Corp.*, Case No. 5:08-cv-1613, 2010 WL 1506908 (N.D. Ohio April 13, 2010)). Accordingly, the Court is not moved by Plaintiff's argument that "[t]he settlement agreements

5

between Plaintiff and the resolved defendants contain a confidentiality provision protecting its terms from disclosure." (ECF No. 461 at PAGEID # 5366.)

*Goodyear* does not automatically compel disclosure, however, and Wyndham must still meet its burden under Federal Rules of Civil Procedure 26 and 37. But Wyndham has met this burden, as it has clearly set forth the relevance of Plaintiff's other settlements in this matter. First, for example, the Court agrees that Plaintiff's settlement agreements are relevant to issues of Plaintiff's credibility and bias. While Plaintiff argues that Plaintiff "conceded" her bias against Wyndham "by filing this case," that is not the type of bias at issue. (ECF No. 461 at PAGEID # 5369.) Rather, Wyndham is concerned that Plaintiff may be *more* biased against Wyndham than against the parties with which she has settled, to the point that Wyndham may need to "explore any incentive [Plaintiff may have] to minimize the role played by the Resolving Defendants and/or exaggerate [Wyndham's] role in causing her alleged damages." (ECF No. 463 at PAGEID # 5384.) Courts often find settlement agreements to be relevant for exactly this type of issue. *See Wagner*, 2013 WL 4479070, at *3 ("[S]ettlement agreements frequently are found to be discoverable in order to allow the requesting party to explore issues of bias and credibility with respect to witnesses.") (collecting cases). The Court also agrees that Plaintiff's settlement agreements are relevant to Plaintiff's damages, especially to the extent the settlement agreements provide for any set-off or allocation. *See Navigators Specialty Ins. Co. v. Guild Assocs., Inc.*, No. 2:14-CV-01676, 2019 WL 5962686, at *1 (S.D. Ohio Nov. 12, 2019) ("[C]ourts within this district have compelled the production of a confidential settlement agreement where, among other things, it may be relevant to the issue of damages at trial.") (citing *Thomas & Marker Const. Co. v. Wal-Mart Stores, Inc.*, No. 3:06-CV-406, 2008 WL 3200642, at *3 (S.D. Ohio Aug. 6, 2008)).

6

Because Wyndham has established the relevance of Plaintiff's settlement agreements, the burden shifts to Plaintiff to establish that "to produce the information would be unduly burdensome." *Prado*, 2017 WL 5151377, at *1.  Plaintiff has failed to meet this burden, as Plaintiff only argues that the settlement agreements are irrelevant and that they should be protected by confidentiality provisions.  But these arguments are not well taken, for the reasons discussed above.  In the absence of any other substantive response to Wyndham's arguments, the Court finds that Wyndham's Motion to Compel is well taken as it pertains to Plaintiff's settlement agreements with other parties in this action.  Accordingly, the Court **GRANTS** the Motion to Compel insofar as Plaintiff is **DIRECTED** to produce any settlement agreements Plaintiff has entered into related to this action, along with all related, non-privileged documents.

**B.**     **Plaintiff's Re-Opened Deposition**.

Turning to the second issue, the Court recognizes that Plaintiff appears to have consented to re-opening Plaintiff's deposition for an additional hour.  Nevertheless, the Court disagrees with Plaintiff that such agreement renders the Motion to Compel moot on this issue.  (*See* ECF No. 461 at PAGEID # 5375 ("Because Plaintiff has agreed to reopen the deposition . . . Wyndham's motion is moot.").)  The Motion to Compel is not moot, however, because the parties still plainly disagree about the scope of the reopened deposition.  Specifically, the parties dispute whether Plaintiff must answer Wyndham's questions about:  (i) her settlements with other parties, and/or (ii) her online activity.  The Court will analyze these issues separately.

**1.**     **Plaintiff's Settlement Agreements.**

First, for the same reasons set forth regarding the production of Plaintiff's settlement agreements, the Court also finds that Plaintiff must answer Wyndham's questions about such settlements during the re-opened deposition. *See Thomas & Marker Const. Co. v. Wal-Mart*

*Stores, Inc.*, No. 3:06-CV-406, 2008 WL 3200642, at *3 (S.D. Ohio Aug. 6, 2008) (granting a motion to compel a settlement agreement and ordering the depositions of signatories to the agreement).  As discussed, these documents are relevant and any confidentiality provisions contained within them do not shield the agreements from Wyndham's scrutiny.  To the extent Plaintiff can provide any additional information during her deposition, beyond what Wyndham can glean from the face of the agreements, Wyndham is entitled to try to obtain such information.  Accordingly, the Court **GRANTS** the Motion to Compel.  In addition to producing the subject settlement agreements, Plaintiff is **DIRECTED** to answer Wyndham's questions regarding such agreements, again to the extent Wyndham cannot glean the information from the documents themselves, during the re-opened deposition.

    2.    **Plaintiff's Online Activity.**

The second issue is not as straight forward, however, and the Court believes that at this juncture the parties should continue to meet and confer about the appropriate scope of questioning regarding Plaintiff's online activity, as Plaintiff suggests.  (*See* ECF No. 461 at PAGEID # 5373 ("Plaintiff is also willing to continue to confer with counsel for Wyndham regarding the scope of the deposition.").)  To help frame the parties' discussions, the Court notes that there is a distinction between Plaintiff's online activity and her sexual history, and the former may well be relevant to the claims and defenses at issue in this case.  That said, the Court also finds it difficult to imagine how Plaintiff's online activity after the alleged trafficking period would be relevant, at least regarding the website at issue in the subject dispute.

Accordingly, the Motion to Compel is **DENIED IN PART WITHOUT PREJUDICE** as to the scope of Wyndham's questioning regarding Plaintiff's online activity.  The parties are **DIRECTED** to **MEET AND CONFER** regarding this issue, and if they cannot come to an

agreement then they are **DIRECTED** to contact the Court to arrange an informal discovery conference.³

### IV.

For the foregoing reasons, the Motion to Compel on Behalf of Defendant Wyndham Hotels & Resorts, Inc. (ECF No. 456) is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**. First, Plaintiff is **DIRECTED** to produce any settlement agreements Plaintiff has entered into related to this action, along with all related, non-privileged documents, and to answer Wyndham's questions regarding the same during Plaintiff's re-opened deposition. Next, the parties are **DIRECTED** to **MEET AND CONFER** regarding the scope of deposition questioning regarding Plaintiff's online activity during Plaintiff's re-opened deposition. If the parties are unable to come to an agreement on this limited issue then they are **DIRECTED** to contact the Court to arrange an informal discovery conference.

**IT IS SO ORDERED**.


**Date: April 25, 2023**              /s/ *Elizabeth A. Preston Deavers*
                                      **ELIZABETH A. PRESTON DEAVERS**
                                      **UNITED STATES MAGISTRATE JUDGE**

---

³ The Court expects that following the parties' meet and confer, there will be significantly less disruption (if any) to Plaintiff's testimony during the re-opened deposition. As a reminder, during Plaintiff's deposition, Plaintiff's counsel is expected only to "state [] concise, nonargumentative, and nonsuggestive objection[s] on the record and instruct [Plaintiff] not to answer in the limited circumstances laid out in Rule 30(c)(2)." *Freedom's Path at Dayton v. Dayton Metro. Hous. Auth.*, Case No. 3:16-cv-466, 2018 WL 2948021, at *8 (S.D. Ohio June 13, 2018); *see also Montiel v. Taylor*, 2011 WL 1532529, at *3 (E.D. Tenn. Apr. 21, 2011) ("Rule 30(c)(2) allows non-examining counsel at a deposition to do one of two things: (1) listen and (2) make objections.").