IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| M.A., an individual, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action 2:19-cv-00849 |
| v. : | |
| : | Chief Judge Algenon L. Marbley |
| : | Magistrate Judge Elizabeth P. Deavers |
| WYNDHAM HOTELS AND, : | |
| RESORTS, INC., *et al.*, : | |
| : | |
| Defendants. : | |

## OPINION & ORDER

This matter is before this Court on Plaintiff's Objection (ECF No. 470) to the Magistrate Judge's Order (ECF No. 469) denying Plaintiffs' Motion to Compel (ECF No. 466). For the following reasons, Plaintiff's Objection (ECF No. 470) is **OVERRULED**, and the Magistrate Judge's Order is **AFFIRMED** (ECF No. 469).

### I. BACKGROUND

On January 11, 2023, Plaintiff's Counsel deposed Defendant Krrish Lodging, LLC d/b/a Days Inn, Inc. ("Krrish") and Andy Patel in his individual capacity in Atlanta. (ECF No. 466 at 2). Plaintiff's Counsel questioned Mr. Patel for four hours and forty-eight minutes, with several breaks, until 4:37 p.m. (*Id.*; 467-1 at 268: 15–17). At that time, Defendant Wyndham's Counsel, with the consent of Mr. Patel and his attorney, stated on the record that the deposition was to be continued to a mutually convenient time given that Defendant Wyndham expected to have two more hours of questioning, Mr. Patel had an hour drive from the deposition location to his home, and the late hour of the day. (ECF No. 467 at 3 – 4). Plaintiff's Counsel objected, arguing that the continuance was actually an attempt at a second deposition, which required leave of the Court.

1

(ECF Nos. 466 at 3; 468 at 2–4). Subsequently, the continuance of Mr. Patel's deposition was rescheduled multiple times due to scheduling conflicts, and Defendant Wyndham noticed all parties of each scheduling change well in advance. (ECF No. 467 at 3–5). The most recent continuance set a date of April 25, 2023 for completion of the deposition. (ECF No. 470 at 2).

On March 20, 2023, Plaintiff's Counsel filed a Motion to Compel Defendant Wyndham to Seek Leave to Request to Re-Open the Deposition of Defendant Krrish and Andy Patel. (ECF No. 466). Again, Plaintiff asserted that the continuance was actually an attempt at a second deposition, in violation of Federal Rule of Civil Procedure 30(a)(1), because Defendant Wyndham had failed to articulate why it could not have continued Mr. Patel's questioning on the original date. (*Id.* at 1–2). Defendant Wyndham filed a response brief (ECF No. 467), and Plaintiff filed a reply (ECF No. 468). On February 10, 2023, the Magistrate Judge issued a Notation Order denying Plaintiff's Motion to Compel. (ECF No. 469). Subsequently, Plaintiff filed an Objection to the Magistrate Judge's order, reiterating her previous legal arguments and position. (ECF No. 470). Therefore, this matter is ripe for review.

## II. LAW & ANALYSIS

A magistrate judge is afforded broad discretion in the resolution of nondispositive discovery disputes. *Dayco Products, Inc. v. Walker*, 142 F.R.D. 450, 454 (S.D. Ohio 1992). Under Federal Rule of Civil Procedure 72(a), district judges reviewing magistrate judges' orders on non-dispositive matters "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Indeed, "the clearly erroneous standard applies to factual findings by the magistrate judge" in light of the considerable deference that Rule 72(a) provides to the determinations of magistrate judges. Fed. R. Civ. P. 72(a); *Hunter v. Booz Allen Hamilton, Inc.*, No. 2:19-CV-411,

2021 WL 2410378, at *2 (S.D. Ohio June 14, 2021) (Marbley, J.) (internal quotation marks omitted). A magistrate judge's factual finding is "clearly erroneous" only when, after reviewing the evidence, the court "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A court will overturn a magistrate judge's legal conclusions only where those conclusions "contradict or ignore applicable precepts of law." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (internal quotation marks and citation omitted).

This Court has reviewed the record and finds that the Magistrate Judge's Notation Order is not clearly erroneous nor is it contrary to law. On July 13, 2023, the Magistrate Judge and the District Judge signed an order with rules to govern depositions in this case to promote efficiency for the Court and the parties. (ECF No. 358). In accordance with Federal Rule of Civil Procedure 30(d)(1), the parties presumptively were limited to a maximum of seven hours for a deposition absent agreement of the parties or leave of the court. (*Id.* at 4). Acknowledging the need for flexibility, however, the order specifically contemplates a situation in which parties may agree to extend the length of a deposition or seek leave of the court to do so, but not for a length of time to exceed two calendar days. (*Id.*). According to the record, there were two hours and twelve minutes left in which Defendants Wyndham could ask questions, with time for Plaintiff's Counsel to ask any follow up questions. Mr. Patel and Defendant Wyndham's Counsel did not seek to extend the deposition beyond seven hours nor two calendar days, but sought only to continue the remaining time for the deposition to another day for the convenience of the witness. As such, Defendant Wyndham was not required to seek leave of this Court. Fed. R. Civ. P. 30(b)(2).

Contrary to Plaintiff's characterization of the events, none of these actions is in violation of this Court's order, nor were the actions taken in violation of Rule 30(d)(1), which specifically

3

states *"[u]nless otherwise stipulated or ordered by the court*, a deposition is limited to one day of 7 hours." Fed. R. Civ. P. 30(a)(2)(A)(ii). This Court's order stipulated otherwise by providing for a maximum of two calendar days over which a deposition could occur. (ECF No. 358 at 4). Further, compliance with these orders is encouraged to ensure the efficient progression of discovery and to avoid unnecessary disputes and briefing.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Objection (ECF No. 470) is **OVERRULED**, and the Magistrate Judge's Order is **AFFIRMED** (ECF No. 469).

**IT IS SO ORDERED.**

                                                              _____
                                                              **ALGENON L. MARBLEY**
                                                              **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: April 27, 2023**