IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

M.A.,

      **Plaintiff,**

                                      **Civil Action 2:19-cv-849**
      v.                                **Chief Judge Algenon L. Marbley**
                                        **Magistrate Judge Elizabeth P. Deavers**

WYNDHAM HOTELS &
RESORTS, INC., *et al.*,

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant Wyndham Hotels &

Resorts, Inc.'s Memorandum in Support of Its Motion to Reopen Plaintiff's Deposition.  (ECF

No. 521 (the "Motion to Reopen Deposition").)  For the reasons stated herein, the Motion is

**GRANTED**.

Since at least December 2020, Plaintiff has resisted Defendants' efforts to discover

information related to her social media activity, including but not limited to her activity on

Facebook.  On March 29, 2022, over three years into this litigation, Plaintiff conceded that such

discovery was relevant, but admitted that Plaintiff had not yet "gone directly to Facebook to ask"

for such information.  (ECF No. 402 at PAGEID ## 4615-4623.)  The Court then directed

Plaintiff to do so, and to respond to discovery requests related to Plaintiff's social media activity.

(*Id.*)  On November 20, 2023, nearly twenty (20) months later, Plaintiff's counsel reported

having had informal conversations with Facebook's counsel, but conceded that they still had not

"officially subpoenaed Facebook" for the information.  (ECF No. 498 at PAGEID ## 5613-

5614.)  Plaintiff's counsel further argued that they *had* produced social media activity, but then

confirmed that they only had produced what was already publicly available to Defendants – not

what Defendants had requested – and that Plaintiff had not produced any "post-trafficking social

media" because Plaintiff deemed it irrelevant.  (*Id.* at PAGEID ## 5614-5621.)  The Court

rejected Plaintiff's position, and re-ordered Plaintiff to "collect and produce [social media]

information regarding Plaintiff, her trafficking or her traffickers during the traffic period and

information regarding Plaintiff's trafficking, traffickers, and the trafficking period regardless of

whether that information originated during the trafficking period."  (Minute Entry, Nov. 15,

2023.)

Plaintiff has complied with this order on a rolling basis over the past several months.  On

April 17, 2024, however, Plaintiff produced over 250 pages of documents related to her social

media activity, which Defendant Wyndham Hotels & Resorts, Inc. ("Wyndham") submits "are

shocking in terms of their obvious relevance and responsiveness":

> The production contains photographs from during or shortly after the alleged
> trafficking period, brief statements that accounts were reviewed and no "relevant"
> or "responsive" items were located, numerous reflections on Plaintiff's trafficking,
> descriptions of Plaintiff's mental health and the causes for various conditions,
> communications with witnesses who Plaintiff has not disclosed, communications
> regarding witness testimony in this case, investigations of the alleged traffickers,
> and discussions regarding the pending litigation and settlement.

(ECF No. 521 at PAGEID # 5855.)  Shortly after receiving this discovery, Wyndham "advised

Plaintiff's counsel that it would be noticing Plaintiff's deposition to address the subject matter of

these latest documents."  (*Id.*)  Plaintiff refused to appear, and the Court ordered the subject

briefing.  (ECF No. 518.)

Federal Rule of Civil Procedure 30(d)(1) provides as follows:

> Unless otherwise stipulated or ordered by the court, a deposition is limited to one
> day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1)
> and (2) if needed to fairly examine the deponent or if the deponent, another person,
> or any other circumstance impedes or delays the examination.

Fed. R. Civ. P. 30(d)(1).  The Advisory Committee Notes to the 2000 amendments to Rule 30(d) state that the party seeking a deposition longer than the Rules permit "is expected to show good cause to justify such an order."  Fed. R. Civ. P. 30(d) advisory committee's note to 2000 amendment.  The Notes indicate that the limit had been imposed in order to reduce cost and delay in the discovery process.  *Id.*  But the Committee also recognized that in some situations an extension will be needed, including when "documents have been requested but not produced." *Id.*  Cases are generally consistent with these principles, but also place a burden on the requesting party to show they acted diligently in attempting to complete the deposition within the time allotted.  *Jones-McNamara v. Holzer Health Sys.,* No. 2:13-CV-616, 2014 WL 4202496, at *1 (S.D. Ohio Aug. 22, 2014) (citing *Beneville v. Pileggi,* 2004 WL 1631358 (D. Del. July 19, 2004) (the moving party has the burden to demonstrate that additional time is necessary)).

Against that backdrop, the Court does not hesitate in finding good cause to grant Wyndham's request to re-open Plaintiff's deposition.  As a preliminary matter, the Court rejects Plaintiff's argument that Wyndham prematurely brought this issue before the Court before exhausting all extrajudicial means for resolving the dispute.  (*See* ECF No. 529.)[1]  To be clear, given that imminency of the discovery deadline and the Court's familiarity with the history of the subject dispute, the Court ordered the subject briefing.  (ECF No. 518.)  For this reason, the Court rejects any idea that Wyndham prematurely filed the subject Motion in contravention of Local Rule 37.1, as Plaintiff appears to suggest.

---

[1] Plaintiff's own timeline of events and attached exhibits directly undermine this position. Specifically, Plaintiff attached multiple correspondence between counsel on the subject dispute between February 2024 and May 2024.  (*See* ECF Nos. 529-2, 592-3, 592-4, 592-5.)  The Court sees no basis for Plaintiff's position that "Defendant inappropriately moved this Court for intervention with a unilateral email before extrajudicial attempts had failed, or even began." (ECF No. 529 at PAGEID # 5899.)

3

That aside, the Court also does not agree with Plaintiff's characterizations that Wyndham's request "is a problem of its own making," or that Wyndham "already questioned Plaintiff about her social media."  (*See* ECF No. 529 at PAGEID ## 5891, 5897-5898.) Wyndham cannot be punished because Plaintiff chose not to comply with this Court's March 29, 2022 order until November 20, 2023[2] – after Plaintiff had been deposed for eight hours – or because it failed to question Plaintiff on critical social media information and documents which it had not received (and, at least as of the time of the subject briefing, still has not received).  Nor is it Wyndham's fault that Plaintiff, for years, declined to identify any friends or family with whom she interacted during the alleged trafficking period (including on social media), about whom Wyndham only learned on its own after scouring Plaintiff's public online presence.  Wyndham has been diligent in seeking this information for the last four years, and the Court will not punish Wyndham for Plaintiff's decidedly-unhurried cooperation in providing it.

This is especially so given the relevancy of Plaintiff's social media in this case.  While Plaintiff submits that "[t]he material on which Defendant seeks to depose M.A. is largely irrelevant," Wyndham correctly notes that this is directly controverted by Plaintiff's separate acknowledgment that her rolling discovery responses – which Wyndham seeks to reopen Plaintiff's deposition to discuss – are "limited to three specific categories of information:  (1) Plaintiff's trafficking, (2) Plaintiff's traffickers, (3) and [sic] the trafficking period."  (ECF No. 529 at PAGEID ## 5889, 5895.)  This information is not only relevant, it is critical to

---

[2] The Court also rejects Plaintiff's position that the Court's March 29, 2022 order needed clarification.  (*See* ECF No. 529 at PAGEID # 5897.)  As the Court stated in November 20, 2023, Plaintiff had no right to assume that the Court's March 29, 2022 order only pertained to discovery requests made by a separate (since-dismissed) Defendant.  (*See* ECF No. 498 at PAGEID # 5626 ("[W]ith respect to the argument that all of this was a dispute with [another Defendant], it was always my understanding that [Plaintiff's social media information] would be collected and shared with all the defendants.").)

Wyndham's defense, as this Court repeatedly noted during its November 20, 2023 conference. (*See, e.g.,* ECF No. 498 at PAGEID # 5621 ("[W]here else would be the most relevant information regarding what [Plaintiff] was going through and what other people should have known about her than in her private [social media] messages?"), PAGEID ## 5626-5627 ("I will find that I do believe that the information is relevant and that it should be collected in the post-trafficking period as it relates to any allegation of trafficking or her traffickers or dates and places and time, the three categories the defendants have asked for.").)  For this reason, the Court also rejects Plaintiff's arguments that "Defendant has all the information that it needs to litigate this case," and that reopening Plaintiff's deposition would be disproportional to the needs of the case.  (ECF No. 529 at PAGEID ## 5898-5899.)

To be clear, Wyndham does not seek a second bite at the apple[3] – it seeks a first bite, and because it has been diligent in attempting to obtain this relevant information, the Court is sympathetic to its request.  *Fresenius Med. Care Holdings, Inc. v. Roxane Lab'ys, Inc.*, No. 205-CV-0889, 2007 WL 764302, at \*2 (S.D. Ohio Mar. 9, 2007) ("Typically, if, after a witness is deposed, new information comes to light relating to the subject of that deposition . . . or new documents are produced, the witness may be re-deposed with respect to these new developments.").  Accordingly, the Court **GRANTS** Defendant Wyndham Hotels & Resorts, Inc.'s Memorandum in Support of Its Motion to Reopen Plaintiff's Deposition, ECF No. 521. Plaintiff's deposition shall be **REOPENED**, but **LIMITED** to the content and subject matter of

---

[3] Plaintiff submits that "[a] keyword search of M.A.'s first deposition on July 27, 2022, reveals that Defendant asked at least 13 questions regarding social media."  (ECF No. 529 at PAGEID # 5897.)  Ignoring the obvious fact that Plaintiff could not possibly have been questioned on documents she would not produce for another 18 months (or more), it is unclear what keyword search(es) would yield such a result.  Regardless, having re-reviewed Plaintiff's deposition transcript, the Court finds that this framing largely mischaracterizes the questions Defendants *were* able to ask, given the limited social media information Defendants had at that time.

documents Plaintiff has produced subsequent to the Court's November 16, 2023 Order, or by

third-party witnesses which Plaintiff previously failed to disclose.  The Parties are **DIRECTED**

to schedule Plaintiff's deposition for no later than **JULY 15, 2024**, but all other fact discovery

shall be completed by **JUNE 28, 2024**, consistent with the Court's April 17, 2024 Order, ECF

No. 510.

       **IT IS SO ORDERED**.


**Date: June 17, 2024**                  **/s/ *Elizabeth A. Preston Deavers***
                                            **ELIZABETH A. PRESTON DEAVERS**
                                            **UNITED STATES MAGISTRATE JUDGE**